## ORIGINAL

ANNA Y. PARK, CA SBN 164242
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 E. Temple Street, 4th Floor
Los Angeles, California 90012
Telephone: (213) 894-1080
Facsimile: (213) 894-1301
E-mail: lado.legal@eeoc.gov

Attorneys for Plaintiff EEOC

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 19 2011

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

### UNITED STATES DISTRICT COURT
### DISTRICT OF HAWAII

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) CIVIL ACTION NO. **CV11  00257 DAERLP** |
| Plaintiff, | ) **C O M P L A I N T** |
| v. | ) **JURY TRIAL DEMAND** |
| GLOBAL HORIZONS, INC. D/B/A GLOBAL HORIZONS MANPOWER, INC.; CAPTAIN COOK COFFEE COMPANY LTD.; DEL MONTE FRESH PRODUCE (HAWAII); KAUAI COFFEE COMPANY, INC.; KELENA FARMS, INC.; MAC FARMS OF HAWAII, LLC N/K/A MF NUT CO., LLC; MAUI PINEAPPLE COMPANY, LTD. A/K/A MAUI PINEAPPLE FARMS; AND DOES 1-15, INCLUSIVE; | ) **SUMMONS IN A CIVIL CASE** |
| Defendants. | ) |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I
of the Civil Rights Act of 1991 to correct unlawful employment practices on the

basis of national origin, race, and retaliation, and to provide appropriate relief to Marut Kongpia, Nookrai Matwiset, Jakarin Phookhien, Mongkol Bootpasa, Janporn Suradanai, Suthat Promnonsri, Itthi Oa-Sot, and the class of similarly situated Thai and Asian individuals (collectively, the "Claimants") who were adversely affected by such practices. As alleged with greater particularity in paragraphs 34 through 51 below, the EEOC asserts that Defendants engaged in discrimination and a pattern or practice of discrimination when they subjected the Claimants to harassment, disparate treatment, and constructive discharge on the basis of the Claimants' national origin (Thai) and race (Asian), and engaged in retaliation and a pattern or practice of retaliation when Defendants subjected the Claimants to retaliation.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      A substantial part of the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6.

4.      At all relevant times, Defendant Global Horizons, Inc. dba Global Horizons Manpower, Inc. ("Global") has continuously been a California

corporation doing business in the State of Hawaii and has continuously had at least 15 employees.

5.    At all relevant times, Defendant Global has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.    At all relevant times, Defendant Captain Cook Coffee Company, Ltd. ("Captain Cook") has continuously been a Hawaii corporation doing business in the State of Hawaii and has continuously had at least 15 employees.

7.    At all relevant times, Defendant Captain Cook has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8.    At all relevant times, Defendant Captain Cook has continuously been under contract with Defendant Global for services rendered in Hawaii, and has continuously been a joint employer with Defendant Global where both generally controlled the terms and conditions of the employment of Nookrai Natwiset and similarly situated individuals.

9.    At all relevant times, Defendant Del Monte Fresh Produce (Hawaii) aka Del Monte Fresh Produce (Hawaii) Inc. ("Del Monte") has continuously been a Delaware corporation doing business in the State of Hawaii and has continuously had at least 15 employees.

10.    At all relevant times, Defendant Del Monte has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

11.    At all relevant times, Defendant Del Monte has continuously been under contract with Defendant Global for services rendered in Hawaii, and has continuously been a joint employer with Defendant Global where both generally controlled the terms and conditions of the employment of Jakarin Phookhien and similarly situated individuals.

12.   At all relevant times, Defendant Kauai Coffee Company, Inc. ("Kauai Coffee") has continuously been a Hawaii corporation doing business in the State of Hawaii and has continuously had at least 15 employees.

13.   At all relevant times, Defendant Kauai Coffee has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

14.   At all relevant times, Defendant Kauai Coffee has continuously been under contract with Defendant Global for services rendered in Hawaii, and has continuously been a joint employer with Defendant Global where both generally controlled the terms and conditions of the employment of Mongkol Bootpasa and similarly situated individuals.

15.   At all relevant times, Defendant Kelena Farms, Inc. ("Kelena Farms") has continuously been a Hawaii corporation doing business in the State of Hawaii and has continuously had at least 15 employees.

16.   At all relevant times, Defendant Kelena Farms has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

17.   At all relevant times, Defendant Kelena Farms has continuously been under contract with Defendant Global for services rendered in Hawaii, and has continuously been a joint employer with Defendant Global where both generally controlled the terms and conditions of the employment of Janporn Suradanai and similarly situated individuals.

18.   At all relevant times, Defendant Mac Farms of Hawaii, LLC nka MF Nut Co., LLC ("Mac Farms") has continuously been a Hawaii limited liability company doing business in the State of Hawaii and has continuously had at least 15 employees.

19.    At all relevant times, Defendant Mac Farms has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

20.    At all relevant times, Defendant Mac Farms has continuously been under contract with Defendant Global for services rendered in Hawaii, and has continuously been a joint employer with Defendant Global where both generally controlled the terms and conditions of the employment of Suthat Promnonsri and similarly situated individuals.

21.    At all relevant times, Defendant Maui Pineapple Company, Ltd. aka Maui Pineapple Farms ("Maui Pineapple") has continuously been a Hawaii corporation doing business in the State of Hawaii and has continuously had at least 15 employees.

22.    At all relevant times, Defendant Maui Pineapple has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

23.    At all relevant times, Defendant Maui Pineapple has continuously been under contract with Defendant Global for services rendered in Hawaii, and has continuously been a joint employer with Defendant Global where both generally controlled the terms and conditions of the employment of Itthi Oa-Sot and similarly situated individuals.

24.    Defendants Captain Cook, Del Monte, Kauai Coffee, Kelena Farms, Mac Farms, and Maui Pineapple (collectively, the "Joint Employers") are persons against whom a right to relief is asserted jointly, severally, or out of the same transaction or series of transactions. Additionally, questions of law or fact common to all Defendants will arise in this action. Joint Employers are named as parties pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure in that Defendant Global and the Joint Employers, at all relevant times, acted as joint employers with regard to the relevant Claimants.

25.     Plaintiff is ignorant of the true names and capacities of each
Defendant sued as DOES 1 through 15, inclusively, and therefore Plaintiff sues
said defendants by fictitious names.  Plaintiff reserves the right to amend the
complaint to name each DOE defendant individually or collectively as they
become known.  Plaintiff alleges that each DOE defendant was in come manner
responsible for the acts and omissions alleged herein and Plaintiff will amend the
complaint to allege such responsibility when the same shall have been ascertained
by Plaintiff.

26.     All of the acts and failures to act alleged herein were duly performed
by and attributable to each DOE, each acting as a successor, agent, alter ego,
employee, indirect employer, joint employer, integrated enterprise, and/or under
the direction and control of the another DOE and/or named Defendant, except as
specifically alleged otherwise.  Said acts and failures to act were within the scope
of such agency and/or employment, and each DOE participated in, approved and/or
ratified the unlawful acts and omissions by another DOE or Defendants
complained of herein.  Whenever and wherever reference is made in this
Complaint to any act by a DOE or DOES, such allegations and reference shall also
be deemed to mean the acts and failures to act of each DOE and named Defendants
acting individually, jointly, and/or severally.

STATEMENT OF CLAIMS

27.     More than thirty days prior to the institution of this lawsuit, Marut
Kongpia filed a charge with the Commission alleging violations of Title VII by
Defendant Global.  All conditions precedent to the institution of this lawsuit have
been fulfilled.

28.     More than thirty days prior to the institution of this lawsuit, Nookrai
Matwiset filed a charge with the Commission alleging violations of Title VII by
Defendant Captain Cook.  All conditions precedent to the institution of this lawsuit
have been fulfilled.

29.     More than thirty days prior to the institution of this lawsuit, Jakarin Phookhien filed a charge with the Commission alleging violations of Title VII by Defendant Del Monte. All conditions precedent to the institution of this lawsuit have been fulfilled.

30.     More than thirty days prior to the institution of this lawsuit, Mongkol Bootpasa filed a charge with the Commission alleging violations of Title VII by Defendant Kauai Coffee. All conditions precedent to the institution of this lawsuit have been fulfilled.

31.     More than thirty days prior to the institution of this lawsuit, Janporn Suradanai filed a charge with the Commission alleging violations of Title VII by Defendant Kelena Farms. All conditions precedent to the institution of this lawsuit have been fulfilled.

32.     More than thirty days prior to the institution of this lawsuit, Suthat Promnonsri filed a charge with the Commission alleging violations of Title VII by Defendant Mac Farms. All conditions precedent to the institution of this lawsuit have been fulfilled.

33.     More than thirty days prior to the institution of this lawsuit, Itthi Oa-Sot filed a charge with the Commission alleging violations of Title VII by Defendant Maui Pineapple. All conditions precedent to the institution of this lawsuit have been fulfilled.

34.     Since at least 2003, Defendant Global engaged in unlawful employment practices and a pattern or practice of such unlawful acts at its Los Angeles, CA, and Beverly Hills, CA, locations and at placement sites in Hawaii in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

a.     Global—often with the help of the agricultural companies and farms with which it contracted—subjected the Claimants to different terms and conditions of employment and engaged in a pattern or practice of such acts based on the Claimants' Thai national origin and Asian race. Global targeted

economically-vulnerable Asian men from Thailand, and engaged in a pattern or practice of such acts. Global promised the Claimants' working conditions that complied with U.S. law in exchange for exorbitant recruiting fees, and engaged in a pattern or practice of such acts. Global harassed and intimidated the Claimants on a regular basis, and engaged in a pattern or practice of such acts. Global regularly threatened the Claimants with deportation, arrest, suspension, and/or physical violence, and engaged in a pattern or practice of such acts. Global unlawfully confiscated the Claimants' identification documents, and engaged in a pattern or practice of such acts. Global subjected the Claimants to uninhabitable housing, insufficient food and kitchen facilities, inadequate pay, significant gaps in work, visa and certification violations, suspension, deportation, and/or physical violence at the hands a Global supervisor, and engaged in a pattern or practice of such acts. Global subjected the Claimants to intolerable working conditions that resulted in constructive discharge, and engaged in a pattern or practice of such acts.

b.      Global—often with the help of the agricultural companies and farms with which it contracted—subjected the Claimants to a hostile environment and engaged in a pattern or practice of such acts based on the Claimants' Thai national origin and Asian race. Global targeted economically-vulnerable Asian men from Thailand, and engaged in a pattern or practice of such acts. Global promised to provide the Claimants' with working conditions that complied with U.S. law in exchange for exorbitant recruiting fees, and engaged in a pattern or practice of such acts. Global harassed and intimidated the Claimants on a regular basis, and engaged in a pattern or practice of such acts. Global regularly threatened the Claimants with deportation, arrest, suspension, and/or physical violence, and engaged in a pattern or practice of such acts. Global unlawfully confiscated the Claimants' identification documents, and engaged in a pattern or practice of such acts. Global subjected the Claimants to uninhabitable housing, insufficient food and kitchen facilities, inadequate pay, significant gaps in work, visa and

certification violations, suspension, deportation, and/or physical violence at the hands a Global supervisor, and engaged in a pattern or practice of such acts. Global subjected the Claimants to intolerable working conditions that resulted in constructive discharge, and engaged in a pattern or practice of such acts.

35.    Since at least 2003, Defendant Global engaged in unlawful employment practices and a pattern or practice of such unlawful acts at its Los Angeles, CA, and Beverly Hills, CA, locations and at placement sites in Hawaii in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

a.    When the Claimants complained of the unlawful employment practices alleged in paragraph 34 above, Global threatened the Claimants with deportation, arrest, suspension, and/or physical violence, and engaged in a pattern or practice of such acts. When the Claimants complained of the unlawful employment practices alleged in paragraph 34 above, Global subjected the Claimants to harassment, significant gaps in work, visa and certification violations, suspension, deportation, and/or physical violence at the hands a Global supervisor, and engaged in a pattern or practice of such acts. When the Claimants complained of the unlawful employment practices alleged in paragraph 34 above, Global subjected the Claimants to intolerable working conditions that resulted in constructive discharge, and engaged in a pattern or practice of such acts.

36.    Since at least 2005, Defendant Captain Cook either engaged in, knew of, or should have known of the unlawful employment practices and pattern or practice of such unlawful acts alleged in paragraph 34 above that occurred at or around its Hawaii location and/or Global's California location in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

37.    Since at least 2005, Defendant Captain Cook either engaged in, knew of, or should have known of the unlawful employment practices and pattern or practice of such unlawful acts alleged in paragraph 35 above that occurred at or

around its Hawaii location and/or Global's California location in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

38.   Since at least 2003, Defendant Del Monte either engaged in, knew of, or should have known of the unlawful employment practices and pattern or practice of such unlawful acts alleged in paragraph 34 above that occurred at or around its Hawaii location and/or Global's California location in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

39.   Since at least 2003, Defendant Del Monte either engaged in, knew of, or should have known of the unlawful employment practices and pattern or practice of such unlawful acts alleged in paragraph 35 above that occurred at or around its Hawaii location and/or Global's California location in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

40.   Since at least 2004, Defendant Kauai Coffee either engaged in, knew of, or should have known of the unlawful employment practices and pattern or practice of such unlawful acts alleged in paragraph 34 above that occurred at or around its Hawaii location and/or Global's California location in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

41.   Since at least 2004, Defendant Kauai Coffee either engaged in, knew of, or should have known of the unlawful employment practices and pattern or practice of such unlawful acts alleged in paragraph 35 above that occurred at or around its Hawaii location and/or Global's California location in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

42.   Since at least 2005, Defendant Kelena Farms either engaged in, knew of, or should have known of the unlawful employment practices and pattern or practice of such unlawful acts alleged in paragraph 34 above that occurred at or around its Hawaii location and/or Global's California location in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

43.    Since at least 2005, Defendant Kelena Farms either engaged in, knew of, or should have known of the unlawful employment practices and pattern or practice of such unlawful acts alleged in paragraph 35 above that occurred at or around its Hawaii location and/or Global's California location in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

44.    Since at least 2004, Defendant Mac Farms either engaged in, knew of, or should have known of the unlawful employment practices and pattern or practice of such unlawful acts alleged in paragraph 34 above that occurred at or around its Hawaii location and/or Global's California location in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

45.    Since at least 2004, Defendant Mac Farms either engaged in, knew of, or should have known of the unlawful employment practices and pattern or practice of such unlawful acts alleged in paragraph 35 above that occurred at or around its Hawaii location and/or Global's California location in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

46.    Since at least 2004, Defendant Maui Pineapple either engaged in, knew of, or should have known of the unlawful employment practices and pattern or practice of such unlawful acts alleged in paragraph 34 above that occurred at or around its Hawaii location and/or Global's California location in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

47.    Since at least 2004, Defendant Maui Pineapple either engaged in, knew of, or should have known of the unlawful employment practices and pattern or practice of such unlawful acts alleged in paragraph 35 above that occurred at or around its Hawaii location and/or Global's California location in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

48.    The effect of the practices complained of in paragraphs 34, 36, 38, 40, 42, 44, and 46 above has been to deprive Marut Kongpia, Nookrai Matwiset, Jakarin Phookhien, Mongkol Bootpasa, Janporn Suradanai, Suthat Promnonsri,

Itthi Oa-Sot, and the class of similarly situated Thai and Asian individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin (Thai) and race (Asian).

49.     The effect of the practices complained of in paragraphs 35, 37, 39, 41, 43, 45, and 47 above has been to deprive Marut Kongpia, Nookrai Matwiset, Jakarin Phookhien, Mongkol Bootpasa, Janporn Suradanai, Suthat Promnonsri, Itthi Oa-Sot, and the class of similarly situated Thai and Asian individuals of equal employment opportunities and otherwise adversely affect their status as employees because of the their protected activity.

50.     The unlawful employment practices complained of in paragraphs 34 through 49 above were intentional.

51.     The unlawful employment practices complained of in paragraphs 34 through 50 above were done with malice or with reckless indifference to the federally protected rights of Marut Kongpia, Nookrai Matwiset, Jakarin Phookhien, Mongkol Bootpasa, Janporn Suradanai, Suthat Promnonsri, Itthi Oa-Sot, and the class of similarly situated Thai and Asian individuals.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Global, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination—including harassment, disparate treatment, and constructive discharge—on the basis of the Claimants' national origin (Thai) and race (Asian), or a pattern or practice of such discrimination.

B.     Grant a permanent injunction enjoining Defendant Global, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation or a pattern or practice of retaliation.

C.    Grant a permanent injunction enjoining Defendant Captain Cook, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination—including harassment, disparate treatment, and constructive discharge—on the basis of the Claimants' national origin (Thai) and race (Asian), or a pattern or practice of such discrimination.

D.    Grant a permanent injunction enjoining Defendant Captain Cook, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation or a pattern or practice of retaliation.

E.    Grant a permanent injunction enjoining Defendant Del Monte, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination—including harassment, disparate treatment, and constructive discharge—on the basis of the Claimants' national origin (Thai) and race (Asian), or a pattern or practice of such discrimination.

F.    Grant a permanent injunction enjoining Defendant Del Monte, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation or a pattern or practice of retaliation.

G.    Grant a permanent injunction enjoining Defendant Kauai Coffee, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination—including harassment, disparate treatment, and constructive discharge—on the basis of the Claimants' national origin (Thai) and race (Asian), or a pattern or practice of such discrimination.

H.    Grant a permanent injunction enjoining Defendant Kauai Coffee, its officers, agents, servants, employees, attorneys, and all persons in active concert or

participation with them, from engaging in retaliation or a pattern or practice of retaliation.

I.     Grant a permanent injunction enjoining Defendant Kelena Farms, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination—including harassment, disparate treatment, and constructive discharge—on the basis of the Claimants' national origin (Thai) and race (Asian), or a pattern or practice of such discrimination.

J.     Grant a permanent injunction enjoining Defendant Kelena Farms, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation or a pattern or practice of retaliation.

K.     Grant a permanent injunction enjoining Defendant Mac Farms, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination—including harassment, disparate treatment, and constructive discharge—on the basis of the Claimants' national origin (Thai) and race (Asian), or a pattern or practice of such discrimination.

L.     Grant a permanent injunction enjoining Defendant Mac Farms, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation or a pattern or practice of retaliation.

M.     Grant a permanent injunction enjoining Defendant Maui Pineapple, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination—including harassment, disparate treatment, and constructive discharge—on the basis of the Claimants' national origin (Thai) and race (Asian), or a pattern or practice of such discrimination.

N.     Grant a permanent injunction enjoining Defendant Maui Pineapple, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation or a pattern or practice of retaliation.

O.     Order Defendant Global to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals of Thai national origin and Asian race, and which eradicate the effects of its past and present unlawful employment practices.

P.     Order Defendant Captain Cook to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals of Thai national origin and Asian race, and which eradicate the effects of its past and present unlawful employment practices.

Q.     Order Defendant Del Monte to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals of Thai national origin and Asian race, and which eradicate the effects of its past and present unlawful employment practices.

R.     Order Defendant Kauai Coffee to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals of Thai national origin and Asian race, and which eradicate the effects of its past and present unlawful employment practices.

S.     Order Defendant Kelena Farms to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals of Thai national origin and Asian race, and which eradicate the effects of its past and present unlawful employment practices.

T.     Order Defendant Mac Farms to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals of Thai national origin and Asian race, and which eradicate the effects of its past and present unlawful employment practices.

U.     Order Defendant Maui Pineapple to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals of Thai national origin and Asian race, and which eradicate the effects of its past and present unlawful employment practices.

V.     Order Defendant Global to make whole Marut Kongpia and similarly situated individuals, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Marut Kongpia and similarly situated individuals.

W.     Order Defendant Captain Cook to make whole Nookrai Matwiset and similarly situated individuals, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Nookrai Matwiset and similarly situated individuals.

X.     Order Defendant Del Monte to make whole Jakarin Phookhien and similarly situated individuals, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Jakarin Phookhien and similarly situated individuals.

Y.     Order Defendant Kauai Coffee to make whole Mongkol Bootpasa and similarly situated individuals, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Mongkol Bootpasa and similarly situated individuals.

Z.     Order Defendant Kelena Farms to make whole Janporn Suradanai and similarly situated individuals, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary

to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Janporn Suradanai and similarly situated individuals.

AA.   Order Defendant Mac Farms to make whole Suthat Promnonsri and similarly situated individuals, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Suthat Promnonsri and similarly situated individuals.

BB.   Order Defendant Maui Pineapple to make whole Itthi Oa-Sot and similarly situated individuals, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Itthi Oa-Sot and similarly situated individuals.

CC.   Order Defendant Global to make whole Marut Kongpia and similarly situated individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 34 through 51 above, including recruitment fees, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

DD.   Order Defendant Captain Cook to make whole Nookrai Matwiset and similarly situated individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 34 through 51 above, including recruitment fees, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

EE.   Order Defendant Del Monte to make whole Jakarin Phookhien and similarly situated individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 34 through 51 above, including recruitment fees, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

FF.   Order Defendant Kauai Coffee to make whole Mongkol Bootpasa and similarly situated individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 34 through 51 above, including recruitment fees, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

GG.   Order Defendant Kelena Farms to make whole Janporn Suradanai and similarly situated individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 34 through 51 above, including recruitment fees, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

HH.   Order Defendant Mac Farms to make whole Suthat Promnonsri and similarly situated individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 34 through 51 above, including recruitment fees, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

II.   Order Defendant Maui Pineapple to make whole Itthi Oa-Sot and similarly situated individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 34 through 51 above, including recruitment fees, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

JJ.   Order Defendant Global to make whole Marut Kongpia and similarly situated individuals, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 34 through 51 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

KK.   Order Defendant Captain Cook to make whole Nookrai Matwiset and similarly situated individuals, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in

paragraphs 34 through 51 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

LL.   Order Defendant Del Monte to make whole Jakarin Phookhien and similarly situated individuals, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 34 through 51 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

MM.  Order Defendant Kauai Coffee to make whole Mongkol Bootpasa and similarly situated individuals, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 34 through 51 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

NN.   Order Defendant Kelena Farms to make whole Janporn Suradanai and similarly situated individuals, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 34 through 51 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

OO.   Order Defendant Mac Farms to make whole Suthat Promnonsri and similarly situated individuals, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 34 through 51 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

PP.  Order Defendant Maui Pineapple to make whole Itthi Oa-Sot and similarly situated individuals, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 34 through 51 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

QQ.  Order Defendant Global to pay Marut Kongpia and similarly situated individuals punitive damages for its malicious or reckless conduct described in paragraphs 34 through 51 above, in amounts to be determined at trial.

RR.  Order Defendant Captain Cook to pay Nookrai Matwiset and similarly situated individuals punitive damages for its malicious or reckless conduct described in paragraphs 34 through 51 above, in amounts to be determined at trial.

SS.  Order Defendant Del Monte to pay Jakarin Phookhien and similarly situated individuals punitive damages for its malicious or reckless conduct described in paragraphs 34 through 51 above, in amounts to be determined at trial.

TT.  Order Defendant Kauai Coffee to pay Mongkol Bootpasa and similarly situated individuals punitive damages for its malicious or reckless conduct described in paragraphs 34 through 51 above, in amounts to be determined at trial.

UU.  Order Defendant Kelena Farms to pay Janporn Suradanai and similarly situated individuals punitive damages for its malicious or reckless conduct described in paragraphs 34 through 51 above, in amounts to be determined at trial.

VV.  Order Defendant Mac Farms to pay Suthat Promnonsri and similarly situated individuals punitive damages for its malicious or reckless conduct described in paragraphs 34 through 51 above, in amounts to be determined at trial.

WW.  Order Defendant Maui Pineapple to pay Itthi Oa-Sot and similarly situated individuals punitive damages for its malicious or reckless conduct described in paragraphs 34 through 51 above, in amounts to be determined at trial.

XX.  Grant such further relief as the Court deems necessary and proper in the public interest.

YY.  Award the Commission its costs of this action.

///

///

///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: *April 18, 2011*

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

By: _____
ANNA Y. PARK
Regional Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Los Angeles District Office

(213) 894-108