IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CV. NO. 11-00257 DAE-RLP |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| GLOBAL HORIZONS, INC. D/B/A GLOBAL HORIZONS MANPOWER, INC.; CAPTAIN COOK COFFEE COMPANY LTD.; DEL MONTE FRESH PRODUCE (HAWAII), INC.; KAUAI COFFEE COMPANY, INC.,; KELENA FARMS, INC.; MAC FARMS OF HAWAII, LLC N/K/A MF NUT CO., LLC; MAUI PINEAPPLE COMPANY, LTD. A/K/A MAUI PINEAPPLE FARMS; ALEXANDER & BALDWIN, INC.; MASSIMO ZANETTI BEVERAGE USA, INC.; AND DOES 1–15, INCLUSIVE | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER: (1) GRANTING GOVERNMENT'S MOTION TO INTERVENE; AND (2) GRANTING IN PART AND DENYING IN PART GOVERNMENT'S <u>MOTION TO STAY</u>

On March 12, 2012, the Court heard the United States' Motion to

Intervene and Motion to Stay and the Moving Defendants' Motions to Dismiss,

Motions to Sever, and Motions to Strike. Sue J. Noh, Esq., Michael J. Farrell, Esq., and Lorena Garcia-Bautista, Esq., appeared on behalf of Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or EEOC"); Amanda Marie Jones, Esq., appeared on behalf of Defendant Captain Cook Coffee Company Ltd. ("Captain Cook"); David W.H. Chee, Esq., appeared on behalf of Defendant Del Monte Fresh Produce (Hawaii) ("Del Monte"); Gerald L. Maatman, Jr., Esq., and Mark J. Bennet, Esq., appeared on behalf of Defendants Kauai Coffee Company, Inc. ("Kauai Coffee"), Alexander & Baldwin, Inc. ("A&B"), and Massimo Zanetti Beverage USA, Inc. ("MZB"); Jim Darnell, Esq., and Sarah O. Wang, Esq., appeared on behalf of Defendant Kelena Farms, Inc. ("Kelena Farms"); Barbara A. Petrus, Esq., Anne T. Horiuchi, Esq., and Carolyn K. Wong, Esq., appeared on behalf of Defendant Mac Farms of Hawaii, LLC ("Mac Farms"); Christopher S. Yeh, Esq., appeared on behalf of Maui Pineapple Company, Ltd., ("Maui Pineapple"); and U.S. Attorney Florence T. Nakakuni appeared on behalf of the United States. Additionally, Robert J. Moossy, Jr., Esq., and Daniel H. Weiss, Esq., made a special appearance by telephone on behalf of the U.S. Civil Rights Division and Randolph S. Shiner, Esq., made a special appearance by telephone on behalf of Mordechai Yosef Orian. After reviewing the Motions and the supporting and opposing memoranda, the Court **GRANTS** the Government's Motion to

Intervene and **GRANTS IN PART AND DENIES IN PART** the Government's Motion to Stay. (Doc. # 178.)

BACKGROUND

I.   Criminal Case

On September 1, 2010, a Grand Jury indicted various employees of Global Horizons, Inc. ("Global") on charges of conspiracy to commit forced labor, forced labor, document servitude, and other offenses related to Global's alleged scheme to compel Thai workers' labor and service through prohibited means. United States v. Orian et al., No. 10-576 (D. Haw. filed Sept. 1, 2010). On January 12, 2011, a First Superseding Indictment was returned, indicting Global's CEO, Mordechai Orian, former Global employees Pranee Tubchumpol, Joseph Knoller, Sam Wongsesanit, Bruce Schwartz, and Shane Germann, and two Thai recruiters, Ratawan Chunharutai and Podjanee Sinchai ("Criminal Defendants"). (Id. at Doc. # 112.) The Indictment charges that between 2001 and August 2007, Orian, Tubchumpol, Knoller and their co-conspirators agreed to hold hundreds of Thai workers in forced labor through a scheme, plan, or pattern intended to cause the workers to believe that if they did not perform such labor or services, they or another person would suffer serious legal harm. (Id.) The indictment also charges that Orian, Tubchumpol and others in additional counts including forced labor,

conspiracy to commit document servitude, document servitude and related immigration offenses. (Id.) Defendants Schwartz, Wongsesanit and Germann have pled guilty and Defendants Sinchai and Chunharutai have not been arrested or arraigned because they are not in the United States. ("Nakakuni Decl.," Doc. # 178-2 ¶ 6.) The criminal trial as to Defendants Orian, Tubchumpol, and Knoller is scheduled to commence on August 28, 2012. (Id.)

II.     Civil Case

On April 19, 2011, EEOC filed the instant action for recovery pursuant to Title VII of the Civil Rights Act of 1964 and Title 1 of the Civil Rights Act of 1991 to correct allegedly unlawful employment practices on the basis of national origin, race, and retaliation. Plaintiff claims that Defendants Global Horizons, Inc. ("Global")[1], Captain Cook, Del Monte, Kauai Coffee, Kelena Farms, Mac Farms, Maui Pineapple, Alexander & Baldwin, and MZB are responsible for a pattern or practice of discrimination against Marut Kongpia, Nookrai Matwiset, Jakarin Phookhien, Mongkol Bootpasa, Janporn Suradanai, Suthat Promnonsri, Itthi Oa-Sot, and a class of similarly situated Thai and Asian

---

[1] Global has not yet made an appearance in these proceedings. Global was served on July 21, 2011. (Doc. # 26.) Global's responsive pleading was due on August 11, 2011. Fed. R. Civ. Proc. 12(a)(1)(A). To date, Global has not filed a responsive pleading.

individuals (collectively, "Claimants") that involved harassment, disparate treatment, retaliation, and constructive discharge on the basis of the Claimants' national origin and race.  (See "SAC," Doc. # 128.)

On April 19, 2011, Plaintiff filed its initial Complaint.  (Doc. # 1.)  On July 15, 2011, Plaintiff filed its First Amended Complaint.  (Doc. # 12.)  Between July 19, 2011 and September 19, 2011, each of the Moving Defendants filed a Motion to Dismiss the First Amended Complaint.  (Docs. ## 20, 22, 29, 39, 46, 48.)  On October 21, 2011, the EEOC filed a Motion to Stay this action pending the conclusion of the criminal proceedings involving employees of Defendant Global.  (Doc. # 109.)  The Motion to Stay was opposed by the Moving Defendants.  (Doc. ## 111–112, 113–116.)  On November 2, 2011, the Court issued an Order granting a stay with respect to Defendant Global and denying a stay with respect to the Moving Defendants.  (Doc. # 124.)  The Court also dismissed the First Amended Complaint Without Prejudice as to the Moving Defendants.  (Doc. # 124.)

On December 16, 2011, Plaintiff filed a Second Amended Complaint.  (Doc. # 128.)  On February 15, 2012, the United States filed a Motion to Intervene and Stay Civil Discovery, seeking to stay discovery in this action until the end of the pending criminal case.  (Doc. # 178.)  On February 23, 2012, the United States

4

filed an Ex Parte Motion for an Order Shortening Time to allow it to notice it's Motion to Intervene and Stay for March 12, 2012. (Doc. # 198.) The Court subsequently issued an Order Granting the Ex Parte Motion and setting a briefing schedule on the Government's Motion to Intervene and Stay Civil Discovery. (Doc. # 200.) On February 28, 2012, Plaintiff filed a Statement of No Opposition to the Government's Motion. (Doc. # 216.) On March 1, 2012, Defendants Captain Cook, Kelena Farms, Mac Farms, Del Monte, A&B, Kauai Coffee, and MZB filed Oppositions to the Government's Motion and Maui Pineapple joined in those Oppositions. (Docs. ## 217–222.) The Government filed a Reply in support of its Motion on March 6, 2012. (Doc. # 224.)

## DISCUSSION

I.  Motion to Intervene

Pursuant to Federal Rule of Civil Procedure 24, a party may intervene in a civil action as a matter of right or on a permissive basis. See Fed. R. Civ. P. 24. Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1), (b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will

5

unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Court concludes that the requirements for permissive intervention are met here. The Government's motion was timely as the civil action is still in its early stages. Although this action was filed more than ten months ago, the parties are still litigating the sufficiency of the pleadings and no answers have been filed; no discovery has yet occurred; and no trial date has been set. Under these circumstances, the Court finds that there is no prejudice to the Moving Defendants. See Day v. Apoliona, 505 F. 3d 963, 965 (9th Cir. 2007) ("Determination of the timeliness of a motion to intervene depends upon (1) the stage of the proceeding, (2) the prejudice to other parties, and (3) the reason for and length of the delay.") Any undue delay or prejudice perceived here does not flow from the intervention, but rather from the proposed stay. See S.E.C. v. Nicholas, 569 F. Supp. 2d 1065, 1068 (C.D. Cal. 2008). Merely permitting the Government to intervene will not significantly delay this case or "prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Also, there are questions of fact common to both the civil and criminal cases regarding the treatment of the Thai workers recruited by Global. Moreover, courts routinely permit the United States to intervene in a civil case in order to seek a stay of civil proceedings pending completion of a

related criminal matter. See, e.g., Nicholas, 569 F. Supp. 2d at 1068 (collecting cases demonstrating that "numerous courts have allowed the United States Government to intervene in a civil case for the purpose of moving to stay discovery and other proceedings until the resolution of a related criminal case"); S.E.C. v. Chestman, 861 F.2d 49, 50 (2d Cir. 1998) (per curiam). The Court therefore **GRANTS** the Government's motion to intervene in this case.

II. Motion to Stay

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995) (citing Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989). "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence." Id. (internal quotation marks and citation omitted). Nonetheless, a Court has the inherent discretion to stay civil proceedings "when the interests of justice seem to require such action." Id. (internal quotation marks and citation omitted).

"The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" Id. (quoting

Molinaro, 889 F.2d at 902). In making this determination, the court "should consider the extent to which the defendant's fifth amendment rights are implicated." Id. (internal quotation marks and citation omitted). Additionally, the court should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. Id. at 325.

This Court previously granted EEOC's motion to stay with respect to Defendant Global but denied the motion to stay with respect to the Moving Defendants. In reaching this conclusion, the Court observed that the Moving Defendants have little, if any, connection to the criminal proceedings whereas the relationship between Global and the Criminal Defendants is substantially less attenuated. (Doc. # 124 at 17–18.) The United States now moves to stay civil discovery as to all parties until the end of the criminal action. In support of its Motion, the Government contends that the criminal case overlaps significantly with the allegations in the EEOC's second amended complaint and that allowing civil

8

discovery to proceed in this case would hamper the ongoing criminal case by potentially allowing the criminal defendants to circumvent the rules of criminal procedure pertaining to discovery. The Moving Defendants, however, oppose the Motion to Stay on the grounds that further delay of the civil proceedings will unduly prejudice the Moving Defendants and that the Government has not established that it will suffer hardship if a stay is denied.

    As set forth above, the Ninth Circuit has laid out a multi-factor balancing test for determining when such a stay is appropriate. Keating, 45 F.3d at 324–35. The factors most relevant here are the Moving Defendants' interest in the speedy resolution of the instant action and the interest of the Government as intervenor in the prosecution of the parallel criminal case. See United States v. Fin. Indus. Regulatory Auth., 607 F. Supp. 2d 391, 393 (E.D.N.Y. 2009) ("Determining whether to enjoin a civil proceeding in the face of a related criminal case is essentially a question of balancing the private parties' interest in a prompt resolution of the civil matter with the government's interest in preserving the integrity of the criminal proceeding.").

    Here, the Government argues that the criminal prosecution of Orian, Tubchumpol, and Knoller will be undermined if the Moving Defendants are permitted to conduct discovery in the civil action because it would "effectively

9

permit the criminal defendants access to depositions of key witnesses [namely, the Claimants] in advance of the criminal trial." (Doc. # 178-1 at 12–13.) The Government further argues that allowing the EEOC to conduct discovery would prejudice the fair administration of justice because the "EEOC, as a government agency, would be obliged to provide such statements [by the Claimants] to the prosecution who, in turn, would be required to produce them in discovery." (Id. at 13.) According to the Government, permitting civil discovery to proceed would thus impede the Department of Justice's ability to ensure that it complies with its discovery obligations under Federal Rule of Civil Procedure 16, Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). (Doc. # 224 at 2.)

However, these conclusory assertions that the criminal case might be jeopardized because civil discovery rules are more broad than criminal discovery rules is not sufficient to establish the "substantial prejudice," Keating, F.3d at 324, that is necessary to warrant granting a stay. See United States v. All Funds on Deposit, 767 F. Supp. 36, 42 (E.D.N.Y. 1991) ("mere conclusory allegations of potential abuse or simply the opportunity by the claimant to improperly exploit civil discovery . . . will not avail on a motion for a stay"); United States v. All Funds Deposited in Account No. 20008524845, 162 F. Supp. 2d 1325, 1331 (D.

Wyo. 2001); Digital Equipment Corp. v. Currie Enterprises, 142 F.R.D. 8, 14 (D. Mass. 1991).

"[A]lthough courts have been receptive to Government stay requests in civil cases brought by parties other than the Government, results in recent years have been markedly different when the Government itself brings a civil lawsuit simultaneous with a criminal proceeding." S.E.C. v. Fraser, 2009 WL 1531854 at *3 (D. Ariz. June 1, 2009) (internal quotation marks omitted). Many courts have held that such a stay is improper absent a specific showing of prejudice that cannot be remedied by anything other than a complete stay of the civil proceedings. See, e.g., United States v. Fin. Indus. Regulatory Auth., 607 F. Supp. 2d at 394 ("In sum, the only 'prejudice' the Court can discern is that allowing the [civil proceeding] to go forward will result in the criminal defendants having more information than they would otherwise be entitled to at this stage under the Federal Rules of Criminal Procedure. This loss of the government's usual tactical advantage is insufficient to justify enjoining the [civil proceeding]."); All Funds Deposit, 767 F. Supp. at 42; S.E.C. v. Cioffi, No. 08-CV-2457, 2008 WL 4693320, at *1–2 (E.D.N.Y. Oct. 23, 2008).

Thus, while the Government may experience some hardship if the civil and criminal actions proceed simultaneously, this generalized and speculative concern does not, in and of itself, outweigh the very real hardship that will be visited upon the Moving Defendants if discovery is completely stayed in the civil case for the next several months.  See S.E.C. v. Sandifur, No. C05–1631, 2006 WL 3692611, at *2 (W.D. Wash. Dec. 11, 2006).  The instant action charges the Moving Defendants with very serious allegations of abuse and employment discrimination in violation of Title VII and there is substantial publicity surrounding both the civil and criminal action.  Therefore, the Moving Defendants have a strong interest in being able to defend themselves against the EEOC's allegations as soon as possible.  A complete stay of discovery would substantially prejudice the Moving Defendants' interest in the speedy resolution of the claims against them.  Furthermore, the investigations underlying both proceedings have been going on for years, and the litigation may continue for years to come.

Accordingly, while some of the Government's concerns may have merit, a complete stay of civil discovery pending resolution of the criminal case is not warranted.  The preferred course under these circumstances is "for the Court to evaluate the Government's specific objections to discovery requests as they arise and, 'in lieu of a general stay, impose protective orders, seal interrogatories,

impose a stay for a finite period of time, or limit a stay to a particular subject matter,' if such remedies are warranted." Id. at *3 (quoting Lizarraga, 2007 WL 215616, at *1). The Court therefore concludes that discovery in this action should proceed as follows:

(a) The Government shall have an opportunity to raise objections and/or seek other appropriate relief in connection with specific discovery requests as they arise in this action. The Government shall bring any such objections to the attention of the Magistrate Judge within the time allotted for such matters by the Magistrate. The Government shall bear the burden of supporting its objection and showing that the requested discovery should be prohibited, stayed, or otherwise tailored to address the Government's concerns.

(b) Any party may file an objection to the Magistrate's ruling on the discovery matter within ten (10) days of being served with a copy of the Magistrate's order, findings, or recommendation.

(c) Any party may file and serve a response to the objection within ten (10) days after service thereof.

(d) The undersigned District Judge will then make a de novo determination regarding those portions of the Magistrate's ruling to which objection is made.

## CONCLUSION

The Court **GRANTS** the United States' Motion to Intervene and **GRANTS IN PART AND DENIES IN PART** the Government's Motion to Stay.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 13, 2012.

_____
David Alan Ezra
United States District Judge

EEOC v. Global Horizons, Inc., et al, Cv. No. 11-00257 DAE-RLP; ORDER: (1) GRANTING GOVERNMENT'S MOTION TO INTERVENE; AND (2) GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO STAY