# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br><br>Plaintiff, )<br><br>vs. )<br><br>GLOBAL HORIZONS, INC. D/B/A GLOBAL HORIZONS MANPOWER, INC.; CAPTAIN COOK COFFEE COMPANY LTD.; DEL MONTE FRESH PRODUCE (HAWAII), INC.; KAUAI COFFEE COMPANY, INC.,; KELENA FARMS, INC.; MAC FARMS OF HAWAII, LLC N/K/A MF NUT CO., LLC; MAUI PINEAPPLE COMPANY, LTD. A/K/A MAUI PINEAPPLE FARMS; ALEXANDER & BALDWIN, INC.; MASSIMO ZANETTI BEVERAGE USA, INC.; AND DOES 1–15, INCLUSIVE )<br><br>Defendants.<br>_____ ) | CV. NO. 11-00257 DAE-RLP |

ORDER: (1) DENYING DEFENDANTS' MOTIONS TO STRIKE; (2)
GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS
TO DISMISS; (3) GRANTING PLAINTIFF LEAVE TO AMEND
THE COMPLAINT; AND (4) DENYING DEFENDANTS' MOTIONS
<u>TO SEVER WITHOUT PREJUDICE</u>

On March 12, 2012, the Court heard the United States' Motion to Intervene and Motion to Stay and the Moving Defendants' Motions to Dismiss, Motions to Sever, and Motions to Strike. Sue J. Noh, Esq., Michael J. Farrell, Esq., and Lorena Garcia-Bautista, Esq., appeared on behalf of Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or EEOC"); Amanda Marie Jones, Esq., appeared on behalf of Defendant Captain Cook Coffee Company Ltd. ("Captain Cook"); David W.H. Chee, Esq., appeared on behalf of Defendant Del Monte Fresh Produce (Hawaii) ("Del Monte"); Gerald L. Maatman, Jr., Esq., and Mark J. Bennet, Esq., appeared on behalf of Defendants Kauai Coffee Company, Inc. ("Kauai Coffee"), Alexander & Baldwin, Inc. ("A&B"), and Massimo Zanetti Beverage USA, Inc. ("MZB"); Jim Darnell, Esq., and Sarah O. Wang, Esq., appeared on behalf of Defendant Kelena Farms, Inc. ("Kelena Farms"); Barbara A. Petrus, Esq., Anne T. Horiuchi, Esq., and Carolyn K. Wong, Esq., appeared on behalf of Defendant Mac Farms of Hawaii, LLC ("Mac Farms"); Christopher S. Yeh, Esq., appeared on behalf of Maui Pineapple Company, Ltd., ("Maui Pineapple"); and U.S. Attorney Florence T. Nakakuni appeared on behalf of the

2

United States. Additionally, Robert Moossy, Jr., Esq., and Daniel H. Weiss, Esq., made a special appearance by telephone on behalf of the U.S. Civil Rights Division and Randolph S. Shiner, Esq., made a special appearance by telephone on behalf of Mordechai Yosef Orian. After reviewing the Motions and the supporting and opposing memoranda, the Court **DENIES** Captain Cook, Del Monte, Kauai Coffee, Kelena Farms, Mac Farms, Maui Pineapple, A&B, and MZB's (collectively "Moving Defendants") Motions to Strike, **GRANTS IN PART AND DENIES IN PART** the Moving Defendants' Motions to Dismiss, **GRANTS** Plaintiff leave to amend the complaint, and **DENIES WITHOUT PREJUDICE** the Moving Defendants' Motions to Sever.

<u>BACKGROUND</u>

I.    <u>Factual Allegations</u>

On April 19, 2011, EEOC filed the instant action for recovery pursuant to Title VII of the Civil Rights Act of 1964 and Title 1 of the Civil Rights Act of 1991 to correct allegedly unlawful employment practices on the basis of national origin, race, and retaliation. Plaintiff claims that Defendants engaged in discrimination and a pattern or practice of discrimination when they subjected Marut Kongpia, Nookrai Matwiset, Jakarin Phookhien, Mongkol Bootpasa, Janporn Suradanai, Suthat Promnonsri, Itthi Oa-Sot, and a class of similarly

situated Thai and Asian individuals (collectively, "Claimants") to harassment, disparate treatment, retaliation, and constructive discharge on the basis of the Claimants' national origin and race.  (See "SAC," Doc. # 128.)

The Second Amended Complaint ("SAC") alleges that Defendant Global Horizons, Inc. ("Global")[1] recruited foreign nationals under the U.S. Department of Labor H2-A guest worker program to work at farms in the United States, including farms owned by the Moving Defendants.  Plaintiff alleges that Global used recruiters in Thailand to recruit Thai workers, and required them to pay substantial recruitment fees to be employed by Global.  (Id. ¶ 98.)  Plaintiff further alleges that Global knew that the Claimants were impoverished and would have to borrow money, pledging family land as collateral, in order to pay the recruitment fees.  (Id.)  Global allegedly "harassed and intimidated the Claimants on a regular basis" and "regularly threatened the Claimants with deportation, arrest, suspension, and/or physical violence."  (Id. at 101–102.)  According to Plaintiff, Global "unlawfully confiscated the Claimants' identification documents" and "subjected the Claimants to uninhabitable housing, insufficient food and

---

[1] Global has not yet made an appearance in these proceedings.  Global was served on July 21, 2011.  (Doc. # 26.)  Global's responsive pleading was due on August 11, 2011.  Fed. R. Civ. Proc. 12(a)(1)(A).  To date, Global has not filed a responsive pleading.

kitchen facilities, inadequate pay, significant gaps in work, visa and certification violations, suspension, deportation and/or physical violence." (Id. at 104.) These "intolerable working conditions . . . resulted in constructive discharge." (Id. at 107.) Plaintiff claims that these conditions created a hostile work environment and that the Claimants were subject to these conditions because of their national origin and race. (Id. ¶¶ 479, 500.) Plaintiff also alleges that when Claimants complained of the unlawful employment practices, Global subjected them to "adverse employment actions including without limitation, discipline, transfers, threats, harassment, denial of transportation and food, and a hostile work environment." (Id. ¶ 532.) As a result of this alleged misconduct, Plaintiff claims that Global violated Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a), 200e-3. (Id. ¶¶ 479, 500, 517, 532.)

With respect to Defendants Captain Cook, Del Monte, Kauai Coffee, Kelena Farms, Mac Farms, Maui Pineapple, and A&B, Plaintiff alleges that each of them are joint employers with Global and jointly controlled the terms and conditions of employment of the Claimants. (Id. ¶¶ 7–58.) Plaintiff further alleges that each of them knew or should have known about Global's alleged misconduct and/or engaged in their own discriminatory misconduct toward the Claimants. (Id.

¶¶ 7–58, 132–475.)  Additionally, with respect Defendant MZB, Plaintiff alleges

that it is liable as a successor to A&B and/or Kauai Coffee.  (Id. ¶ 67.)

II.    Procedural History

On April 19, 2011, Plaintiff filed its initial Complaint.  (Doc. # 1.)  On

July 15, 2011, Plaintiff filed its First Amended Complaint.  (Doc. # 12.)  Between

July 19, 2011 and September 19, 2011, each of the Moving Defendants filed a

Motion to Dismiss the First Amended Complaint.  (Docs. ## 20, 22, 29, 39, 46,

48.)  On October 21, 2011, the EEOC filed a Motion to Stay this action pending

the conclusion of the criminal proceedings involving employees of Defendant

Global.  (Doc. # 109.)  The Motion to Stay was opposed by the Moving

Defendants.  (Doc. ## 111–112, 113–116.)  On November 2, 2011, the Court

issued an Order granting a stay with respect to Defendant Global and denying a

stay with respect to the Moving Defendants.  (Doc. # 124.)  The Court also

dismissed the First Amended Complaint Without Prejudice as to the Moving

Defendants.  (Doc. # 124.)

On December 16, 2011, Plaintiff filed a Second Amended Complaint.

(Doc. # 128.)  On January 12, 2012, Captain Cook filed a Motion to Dismiss the

Second Amended Complaint and a Motion to Sever all claims against Captain

Cook.  (Doc. ## 138, 140.)  On January 13, 2012, Defendants Kauai Coffee, Maui

Pineapple, Mac Farms, Del Monte, Kelena Farms, A&B, and MZB each filed its own Motion to Dismiss. (Docs. ## 141, 145, 146, 152, 153, 154, 155.) The same day, Defendants A&B, Kauai Coffee, and MZB filed a Motion to Strike and Motion to Sever. (Docs. ## 143, 144.) Their Motion to Strike was joined by Maui Pineapple, Captain Cook, and Mac Farms and joined in part by Kelena Farms and Del Monte. (Docs. ## 161, 163–166.) On January 19, 2012, Mac Farms also joined the Motions to Sever filed by Captain Cook, A&B, Kauai Coffee, and MZB. (Doc. # 161.) On February 10, 2012, Del Monte filed its own Motion to Sever. (Doc. # 171.)

On February 16, 2012, Plaintiff filed an Opposition to A&B, Kauai Coffee, and MZB's Motion to Strike. (Doc. # 179.) On February 17, 2012, Plaintiff filed an Opposition to the Motions to Sever brought by Captain Cook, A&B, Kauai Coffee, MZB, Del Monte, and Mac Farms. (Doc. # 180.) That same day, Plaintiff also filed an Opposition to each of the Moving Defendants' Motion to Dismiss. (Docs. ## 181, 184–187, 190, 193, 195.) On February 27, 2012, the Moving Defendants filed Replies in support of their respective Motions. (Docs. ## 201–215.)

As of the date of this Order, Defendant Global has not made an appearance in this action.

7

<u>STANDARDS OF REVIEW</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. <u>See</u> <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. <u>See</u> <u>Livid Holdings Ltd. v. Salomon Smith Barney, Inc.</u>, 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. <u>See</u> <u>id.</u> at 556–57; <u>see also</u> <u>McGlinchy v. Shell Chem. Co.</u>, 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and

courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect" (internal quotations and citations omitted)).

## DISCUSSION

### I. Motions to Dismiss for Lack of Subject Matter Jurisdiction

Defendants Kauai Coffee, A&B, and Maui Pineapple move to dismiss the Complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the basis that the Second Amended Complaint (SAC) fails to allege that the EEOC conciliated the Claimants' claims in good faith. (See Doc. # 141 at 10, Doc. # 145 at 9; Doc. # 152 at 8). These parties allege that the SAC fails to allege facts "concerning the nature or adequacy of the conciliation process." (Doc. # 141 at 12).

Title VII requires that, after the EEOC investigates an employer's alleged unlawful practice and finds reasonable cause to believe a charge is true, the EEOC "shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e-5(b); E.E.O.C. v. Federal Exp. Corp., 558 F.3d 842, 849 (9th Cir. 2009). If these informal efforts do not work, the EEOC may then bring a civil action against the employer. 42 U.S.C. § 2000e-5(f)(1); Federal Exp. Corp., 558 F.3d at 849.

The Ninth Circuit has held that "[c]onciliation is a 'jurisdictional condition[] precedent to suit by the EEOC." E.E.O.C. v. Bruno's Restaurant, 13

F.3d 285, 288 (9th Cir. 1993); see also E.E.O.C. v. Pierce Packing Co., 669 F.2d

605, 608 (9th Cir. 1982).  This holding is premised on Congress' preference for

achieving Title VII's objectives through voluntary means rather than through

litigation.  Pierce Packing, 669 F.2d at 608.  However, recent developments in the

law have undermined the Ninth Circuit's rationale for characterizing conciliation as

jurisdictional.  The Supreme Court "has implicitly rejected the notion that

Congress' preference for conciliation, while important, is a sufficient basis in of

itself for concluding that Congress intended the requirement to be jurisdictional."

E.E.O.C. v. Alia Corp., —F. Supp. 2d—, 2012 WL 393510, at *6 (E.D. Cal.

February 6, 2012); see Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1248 n. 9

(2010) ("We do not agree that a condition should be ranked as jurisdictional merely

because it promotes important congressional objectives."); see also  Arbaugh v. Y

& H Corp., 546 U.S. 500, 504, 515–516 (2006) (holding that Title VII's numerosity

requirement is non-jurisdictional even though it serves the important policy goal of

"spar[ing] very small businesses from Title VII liability" because the statutory

provision containing the requirement "does not speak in jurisdictional terms or in

any way refer to the jurisdiction of district courts").  The Supreme Court has made

clear that a statutory requirement is jurisdictional only where there is "clear

indication that Congress wanted the rule to be jurisdictional."  Henderson v.

11

Shinseki, 131 S. Ct. 1197, 1203 (2011) (internal quotation marks and citation omitted).  Here, the statutory provisions pertaining to Title VII's conciliation requirement, 42 U.S.C. §§ 2000e-5(b) and 2000e-5(f)(1), do not clearly indicate that conciliation is a jurisdictional prerequisite.

In any event, even assuming that conciliation is a "condition precedent" to suit by the EEOC, the Court concludes that the allegations in the SAC are sufficient to satisfy this requirement.  The SAC states that "efforts to conciliate the charges failed," and that "all conditions precedent to the institution of this lawsuit have been fulfilled."  (SAC at ¶¶ 70, 83, 465.)  The EEOC need not specifically plead that conciliation efforts have failed when filing suit in a district court.  See Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."); see also E.E.O.C. v. Klinger Elec. Corp., 636 F.2d 104, 107 (5th Cir. 1981) ("[T]here is no requirement, statutory or otherwise, that the EEOC specifically plead that conciliation efforts have failed. A general averment that 'all conditions precedent to the institution of this lawsuit have been fulfilled' is quite adequate for pleading purposes.").  "If there is doubt that the EEOC's general averment is true, in whole or part, the opposing party may raise the issue with a specific and particular denial."  Klinger, 636 F.2d at 107.  The Defendants here do not deny that

conciliation took place, but merely make a facial challenge to the sufficiency of the allegations regarding conciliation. See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004) (where a defendant argue that the allegations in the complaint are insufficient on their face, the Court assumes the allegations to be true and draws all reasonable inferences in plaintiff's favor). Since the Court finds the EEOC's general allegations to be adequate, the Court **DENIES** the Motions to Dismiss for lack of subject matter jurisdiction.

II.    Motions to Strike

The Moving Defendants move to strike portions of the SAC pursuant to Federal Rule of Civil Procedure 12(f). Under Rule 12(f), a court has discretion to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 974 (9th Cir. 2010) (citing Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).

Whether to grant a motion to strike is within the sound discretion of the district court. Fantasy, 984 F.2d at 1528. In exercising its discretion, the court

views the pleadings in the light most favorable to the non-moving party, and resolves any doubt as to the relevance of the challenged allegations in favor of plaintiff.  See In re 2TheMart.com Securities Litigation, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000); Wailua Assocs. v. Aetna Casualty and Surety Co., 183 F.R.D. 550, 553–54 (D. Haw. 1998) ("Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation; if there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied . . . ."); see also Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc., 719 F. Supp. 1072, 1073 (M. D. Fla. 1989) ("Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered 'time wasters,' and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties").

            As a preliminary matter, the Court notes that the Moving Defendants move to strike large portions of the SAC and several prayers for relief on the grounds that the allegations are conclusory, unsupported by sufficient factual allegations, and/or fail to form the basis of a Title VII claim.  By way of single example, some of the Moving Defendants argue that the prayer for injunctive relief should be stricken because the EEOC cannot show that the Claimants would suffer

14

irreparable harm.  (Doc. # 143-1 at 15.)  This is not a proper use of a Rule 12(f)

motion to strike.  See Whittlestone, 618 F.3d at 974 (9th Cir. 2010); see also

Yamamoto v. Omiya, 564 F.2d 1319, 1327 (9th Cir. 1977) ("Rule 12(f) is 'neither

an authorized nor a proper way to procure the dismissal of all or a part of a

complaint.'"); cf. Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738

(9th Cir.1987) ("The purpose of [Rule] 12(b)(6) is to enable defendants to challenge

the legal sufficiency of complaints without subjecting themselves to discovery.").

Therefore, this Court declines to strike portions of the complaint based on the legal

sufficiency or merit of those allegations.

As to the balance of the arguments advanced in the Motions to Strike,

the Court concludes that the Moving Defendants have failed to demonstrate that any

of the identified portions of the complaint are redundant, immaterial, impertinent, or

scandalous.  Fed. R. Civ. P. 12(f).  The passages sought to be struck either appear

only once in the complaint or where they are repeated, the repetition is not needless.

See Calif. Dept. of Toxic Substances Control v. Alco Pacific, Inc., 217 F. Supp. 2d

1028, 1033 (E.D. Cal. 2012) ("Redundant allegations are those that are needlessly

repetitive or wholly foreign to the issues involved in the action.")  Further, the

allegations are not immaterial or impertinent because each of them relate directly to

the EEOC's causes of action.  See Whittlestone, 618 F.3d at 974 ("Immaterial

matter is that which has no essential or important relationship to the claim for relief or the defenses being plead."); see id. ("Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.") In this connection, the Court notes that claims involving joint employer relationships and hostile work environment require consideration of all the surrounding circumstances. It follows that Plaintiff's allegations regarding the circumstances surrounding each of the Moving Defendants and their farms are neither immaterial, nor impertinent. The allegations also are not scandalous because they either do not cast a derogatory light on anyone or to the extent that they do, it is not improper. Germaine Music v. Universal Songs of Polygram, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) (scandalous matter is that which "improperly casts a derogatory light on someone, most typically on a party to the action").

Accordingly, the Court **DENIES** the Moving Defendant's Motions to Strike.

III.     Motions to Dismiss for Failure to State a Claim

The SAC alleges the following causes of action against Global and the Moving Defendants:

•       Count One: Pattern or Practice of Discriminatory Treatment Because of National Origin, Race, Retaliation, and/or Constructive Discharge (SAC ¶¶ 476–498);

- Count Two: Hostile Work Environment/Harassment (id. ¶¶ 499–515);

- Count Three: Discriminatory Terms and Conditions of Employment (id. ¶¶ 516–529);

- Count Four: Retaliation for Engaging in Protected Activity (id. ¶¶ 530–550).

The causes of action against the Moving Defendants are based on the allegation that they knew or should have known about Global's misconduct and failed to address it and/or that they engaged in their own discriminatory misconduct in violation of Title VII. Each of the Moving Defendants has filed its own Motion to Dismiss the SAC on the ground that the EEOC has failed to state a claim for relief against the Moving Defendants under Title VII.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") prohibits employers from discriminating against an employee based on race, color, religion, sex, or national origin. Id. § 2000e-2. Title VII also makes it unlawful for an employer to retaliate against an employee because he has taken an action to enforce his rights under Title VII. Id. § 2000e-3. The EEOC may assert claims pursuant to §§ 706 and 707 of Title VII, 42 U.S.C. §§ 2000e-5 and 2000e-6. Section 706 allows the EEOC to sue on behalf of one or more "persons aggrieved" by an unlawful employment practice. 42 U.S.C. § 2000e-5(f). Section 707 allows

the EEOC to investigate and act on a charge of a pattern or practice of discrimination.  See id. § 2000e-6.

A.    Joint Employer Relationship

"One of Congress' objectives in enacting Title VII was 'to achieve equality of employment opportunities . . . .'" Adcock v. Chrysler Corp., 166 F.3d 1290, 1292 (9th Cir. 1999) (quoting Griggs v. Duke Power Co., 401 U.S. 424, 429 (1971)).  Therefore, in order for Title VII protections to apply, "there must be some connection with an employment relationship."  Anderson v. Pac. Mar. Ass'n, 336 F.3d 924, 930 (9th Cir. 2003) (citing Lutcher v. Musicians Union Local 47, 633 F.2d 880, 883 (9th Cir. 1980)).  However, that connection need not necessarily be direct.  Id.; E.E.O. C. v. Pac. Mar. Ass'n., 351 F.3d 1270, 1274 (9th Cir. 2003).

An employer may be held liable under Title VII pursuant to a "joint employer" theory of liability.[2]  E.E.O.C., 351 F.3d 1275–77.  "Two or more employers may be considered 'joint employers' if both employers control the terms

_____

[2] To be sure, the joint employer theory of liability is distinct from liability as an indirect employer.  The latter "requires that the employer have 'some peculiar control over the employee's relationship with the direct employer' and that the indirect employer engage in 'discriminatory interference'" with the employees' relationship with their direct employer.  E.E.O. C., 351 F.3d at 1274 (quoting Anderson, 336 F.3d at 932.)  Plaintiff does not appear to allege that the Moving Defendants are liable as indirect employers.  Therefore, the Court need not address this theory of liability here.

and conditions of employment of the employee." Id. at 1275. In joint employer situations, "no finding of a lack of arm's length transaction or unity of control or ownership is required." Id. at 1276. "[I]t is rather a matter of determining which of two, or whether both, [alleged employers] control, in the capacity of employer, the labor relations of a given group of workers." Id.

To determine whether a joint employment relationship exists, the Ninth Circuit applies an "economic reality test" that takes into account "all factors relevant to the particular situation." Id. at 1275 (citing Bonnette v. California Health and Welfare Agency, 704 F.2d 1465 (9th Cir. 1983)). For example, the Ninth Circuit has considered whether the alleged joint employer (1) supervised the employee, (2) had the power to hire and fire him, (3) had the power to discipline him, and (4) supervised, monitored and/or controlled the employee and his work site. Id. at 1277.

The Court concludes that the EEOC has alleged sufficient facts to plausibly suggest the existence of a joint employment relationship as between Global and each of the following Moving Defendants: Captain Cook, Del Monte, Kauai Coffee, Kelena Farms, Mac Farms, Maui Pineapple, and A&B.[3] Specifically,

_____

[3]Paragraph 74 of the SAC alleges that the Moving Defendants "are persons against whom a right to relief is asserted jointly, severally, or out of the same transaction or series of transactions." (SAC ¶ 74.) Kauai Coffee asserts that it

19

the EEOC has alleged facts to support a finding that these Defendants exercised joint "control [over] the terms and conditions of [the Claimants'] employment." E.E.O.C., 351 F.3d at 1275.  However, contrary to the EEOC's contention, the existence of a joint employment relationship does not establish liability.  See Velez v. Roche, 335 F. Supp. 2d 1022, 1043–44 (N.D. Cal. 2004) ("[E]ven where defendants are joint employers, joint liability does not necessarily lie where liability turns, e.g., upon each employer's knowledge and action."); cf. Anderson, 336 F.3d at 928 (the test used to determine whether two employers form an integrated enterprise "does not determine joint liability . . . , but instead determines whether a defendant can meet the statutory criteria of an 'employer' for Title VII applicability"); Lima v. Addeco, 634 F. Supp. 2d 394, 400 (S.D.N.Y. 2009) ("Even where two companies are deemed a joint employer, however, it is not necessarily the case that both are liable for discriminatory conduct in violation of Title

---

should not be jointly and severally liable along with the other Moving Defendants because Kauai Coffee did not employ Claimants that worked on the other farms. In its Opposition brief, the EEOC makes clear that it is merely alleging that each Moving Defendant is liable for the discrimination that took place at its farm.  In other words, the EEOC is not trying to hold the Moving Defendants jointly and severally liable with all the other Moving Defendants.  However, paragraph 74 does not make this clear and the EEOC may not amend or clarify its SAC in its Opposition brief.  See Tietsworth v. Sears, 720 F. Supp. 2d 1123, 1145 (N.D. Cal. 2010) ("It is axiomatic that a complaint may not be amended by briefs in opposition to a motion to dismiss.") The EEOC is therefore advised that it should clarify this point in its amended complaint.

VII. . . . [T]he plaintiff must still show 'that the joint employer knew or should have known of the discriminatory conduct and failed to take corrective measures within its control.'" (citation omitted)).  Joint employer status merely establishes the employment relationship necessary for Title VII protections to apply to the Moving Defendants.  See Anderson v. Pac. Mar. Assn, 336 F.3d at 930.  Therefore, whether these Defendants are liable for the alleged Title VII violations will depend on what they knew, or should have known, and how they acted.

      B.    Successor Liability for MZB

        Plaintiff alleges that Kauai Coffee is a subsidiary of A&B and that Global, Kauai Coffee, and A&B jointly controlled the terms and conditions of the Claimants' employment on the Kauai Coffee Farm.  (SAC ¶¶ 57, 446–48.)  Plaintiff further alleges that MZB is the successor to A&B and/or Kauai Coffee.  (Id. ¶ 67.)  Plaintiff seeks to hold Kauai Coffee and A&B liable as joint employers.  (Id. ¶¶ 26, 58.)  With respect to MZB, however, Plaintiff does not advance a joint employer theory of liability, but rather alleges that MZB is liable as a successor to A&B and/or Kauai Coffee.  (Id. ¶ 67.)  Plaintiff claims that in December 2010 and March 2011, MZB issued press releases announcing that MZB and Kauai Coffee had entered into an Asset Purchase Agreement ("APA") whereby MZB would operate Kauai Coffee, rehire Kauai Coffee workers, recognize the union, and offer

comparable wages and benefits to Kauai Coffee's former employees.  (<u>Id.</u>  ¶¶ 471–74.)  Notwithstanding these representations, MZB allegedly created Kauai Coffee Company, LLC ("Kauai LLC") to acquire Defendant Kauai Coffee's assets in light of the charges of discrimination filed against Kauai Coffee.  Based on these facts, Plaintiff alleges that MZB should be held liable as a successor to A&B and/or Kauai Coffee.  (<u>Id.</u> ¶ 67.)

MZB contends that it cannot be held liable pursuant to a successor liability theory on the following grounds: (1) MZB is not a successor to either A&B or Kauai Coffee because MZB's subsidiary, Kauai LLC, is the entity that purchased assets from Kauai Coffee; (2) MZB was not named as a party to the EEOC charges and thus the Claimants have failed to exhaust their administrative remedies with respect to the claims against MZB; and (3) the SAC fails to allege facts sufficient to establish a claim for successor liability under Title VII.

With regard to the first issue, MZB contends that its subsidiary, Kauai LLC, is the entity that purchased Kauai Coffee's assets and the SAC fails to allege sufficient facts to pierce the corporate veil between MZB and Kauai LLC.  "In the absence of special circumstances, a parent corporation is not liable for the Title VII violations of its wholly owned subsidiary."  <u>Ass'n of Mexican-Am. Educators v. California</u>, 231 F.3d 572, 582 (9th Cir. 2000) (quoting <u>Watson v. Gulf and W.</u>

Indus., 650 F.2d 990, 993 (9th Cir. 1981)).  Special circumstances include instances where "the parent-subsidiary relationship is a 'sham'" or where "circumstances exist that would render the parent liable for debts of its subsidiary."  Watson, 650 F.2d at 993.

A parent company may be liable for the debts of its subsidiary when circumstances warrant piercing the corporate veil.  See AFL-CIO v. Nor-Cal Plumbing, Inc., 48 F.3d 1465, 1475 (9th Cir. 1994) ("[T]he [veil-piercing] doctrine . . . allows creditors of corporations to pierce the corporate shell to hold shareholders liable for corporate debts if they abuse the corporate form to defraud creditors."). In determining whether to pierce the corporate veil, the Ninth Circuit considers: "(1) the amount of respect given to the separate identity of the corporation by its shareholders, (2) the degree of injustice visited on the litigants by recognition of the corporate entity, and (3) the fraudulent intent of the incorporators."  Id.  A plaintiff "must prevail on the first threshold factor and on one of the other two."  Id.

The Court concludes that the EEOC has alleged sufficient facts to raise a reasonable inference that the circumstances warrant piercing the corporate veil. With respect to the first factor, the EEOC alleges that MZB held itself out to be the purchaser of Kauai Coffee and the new employer of Kauai Coffee's former employees in public press releases.  (SAC ¶ 473.)  MZB allegedly represented to the

public that it "now owns the Kauai Coffee Brand name and will oversee the operations and marketing of the company's coffee." (Id. ¶ 473.) The EEOC also claims that MZB did not even mention in its press release that Kauai LLC was a party to the APA. (Id. ¶ 472.) These allegations are sufficient to reasonably infer that MZB did not respect the separate corporate identities. See Iqbal, 129 S. Ct. at 1949.

The second prong requires the Court to examine the degree of injustice visited on the litigants by recognition of the corporate entity. In looking at this factor, the Ninth Circuit has explained that the inability to collect does not, by itself, constitute an inequitable result. Seymour v. Hull & Moreland Eng'g, 605 F.2d at 1113 (9th Cir. 1979). However, courts will consider the injustice of allowing a wrongdoer to escape liability for its actions. Nilsson, Robbins, Dalgarn Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1544 (9th Cir. 1988) (analyzing the question of what constitutes an inequitable result for purposes of an alter ego inquiry); N.L.R.B. v. Bolivar-Tees, Inc., 551 F.3d 722, 731 (8th Cir. 2008) (finding the second prong weighed in favor of piercing the veil where "adherence to the corporate fiction would sanction a fraud and lead to the evasion of a legal obligation."). As explained below, the EEOC has pled sufficient facts to raise a reasonable inference that MZB had a fraudulent intent in creating and using Kauai

LLC to purchase Kauai Coffee. These allegations demonstrate that injustice would be visited on the litigants by recognition of Kauai LLC as a separate corporate entity.

The third prong may be satisfied by demonstrating either fraudulent intent in forming a corporation or in the use of a corporate shell to perpetrate a fraud. Board of Trustees of Mill Cabinet Pension Trust Fund for N. California v. Valley Cabinet & Mfg. Co., 877 F.2d 769, 774 (9th Cir. 1989). Here, the EEOC alleges that MZB held itself out as the purchaser of Kauai Coffee, exercises substantial control over Kauai Coffee, and created Kauai LLC only upon learning of the EEOC discrimination charges. (SAC ¶¶ 466–67, 471–474.) These allegations are sufficient to raise a reasonably inference that MZB possessed a fraudulent intent to avoid potential Title VII liability in connection with acquiring Kauai Coffee's assets.

Accordingly, construing the allegations in Plaintiff's favor, the Court concludes that the EEOC has alleged plausible grounds for piercing the corporate veil and treating MZB and Kauai LLC as a single entity for purposes of the instant allegations.

MZB's second argument is that MZB cannot be named as a defendant in this action because the Claimants failed to name it in the underlying EEOC

charges. This argument is unavailing. The purpose of having a theory of successor liability is to impose liability on a party who did not take part in the violations but has knowingly inherited the legal woes of its predecessor. See Golden State Bottling Co., Inc. V. NLRB, 414 U.S. 168, 172 n.2 (1973). Thus, even if a defendant has not been named in antecedent charges filed with the EEOC, it can nonetheless be liable for Title VII violations if the circumstances warrant imposing successor liability. Slack v. Havens, 522 F.2d 1091, 1094 (9th Cir. 1975).

In Bates v. Pac. Maritime Ass'n, the Ninth Circuit identified "three principal factors bearing on the appropriateness of successor liability for employment discrimination: (1) the continuity in operations and work force of the successor and predecessor employers, (2) the notice to the successor employer of its predecessor's legal obligation, and (3) the ability of the predecessor to provide adequate relief directly." Bates, 744 F.2d 705, 709–10 (9th Cir. 1984). "These factors indicate that both fairness and necessity are inherent considerations in successorship analysis." Id. at 710.

In analyzing the first factor, the Ninth Circuit explained in the Bates case that the "[m]ost important" fact favoring continuity was that the successor "use[d] many of the same personnel." Id. at 710. Here, MZB has allegedly retained Kauai Coffee's sixty-two full time workers. (SAC ¶ 473–74.) MZB has also

26

allegedly "announced that it intend[s] to rehire all employees, recognize the union, and offer comparable wages and benefits to Kauai Coffee's former employees." (Id. at 474.)  These allegations are more than mere "[t]hreadbare recitals of the elements of a cause of action" and allow the court to draw the reasonable inference that there was a continuity in operations and workforce.  Iqbal, 129 S. Ct. at 1949.

As to the second factor, MZB argues that although it had knowledge of the EEOC's administrative charges against Kauai Coffee prior to the purchase, that is not sufficient to establish notice of its predecessor's "legal obligation" because there was no pre-existing consent decree, injunction, or other obligation binding Kauai Coffee.  While the cases cited by MZB indicate that notice of a pre-existing consent decree or injunction are sufficient to establish notice of a legal obligation; they do not suggest that a pre-existing binding obligation is necessary to satisfy the second Bates prong.

The Ninth Circuit in Bates, in setting forth the relevant successorship factors, cited to its prior opinion in Slack v. Havens, 522 F.2d 1091 (9th Cir. 1975) and the Sixth Circuit's opinion in E.E.O.C. v. MacMillan Bloedel Contains, Inc., 503 F.2d 1086 (6th Cir. 1974).  Bates, 744 F.2d at 710.  The comparable language in Slack looks to "whether the successor company had notice of the charge."  Slack, 522 F.2d at 1094 (emphasis added).  In Slack, the Ninth Circuit found successor

liability appropriate where the alleged successor corporation had dissolved before the lawsuit was filed but after charges had been filed with the EEOC.  Id.  Similarly, in MacMillan, the Sixth Circuit looked at, inter alia, "whether the successor company had notice of the charge" against its predecessor.  503 F.2d at 1093–94.[4] Accordingly, the allegation that MZB had notice of the seventeen charges of discrimination filed against Kauai Coffee is sufficient to meet the second Bates factor.

The third Bates prong focuses on "the ability of the predecessor to provide adequate relief directly."  Bates, 744 F.2d at 710.  Here, the EEOC alleges that Kauai Coffee sold its assets to MZB and/or Kauai LLC and that MZB retained Kauai Coffee's sixty-two full-time workers and intends to rehire all employees and offer comparable wages and benefits to those employees.  (SAC ¶¶ 71, 474.)  The EEOC further alleges that MZB possesses the right to control the collective bargaining agreement and the right to terminate plantation operations at its discretion.  (Id. ¶ 475.)  Construing these facts in Plaintiff's favor, the Court

_____

[4]Other circuits have also deemed knowledge of charges to be sufficient to satisfy this element for successor liability.  See Brzozowksi v. Correctional Physician Serv., Inc., 360 F.3d 173, 178 (3d Cir. 2004) (applying the same three-prong test as Bates and explaining notice was deemed given when the successor knew of potential EEOC claims against the predecessor at the time of purchase); E.E.O.C. v. Vucitech, 842 F.2d 936, 945 (7th Cir. 1988) (applying successor liability where successor had at least constructive knowledge of EEOC discrimination charges).

concludes that these allegations are sufficient to raise a reasonable inference that Kauai Coffee may not be able to provide adequate monetary or injunctive relief to the Claimants.

On balance, based on the fairness and necessity factors laid out in the Bates case, the Court concludes that the EEOC has alleged plausible grounds for successor liability against MZB. Specifically, the facts alleged in the SAC plausibly suggest that the first two factors weigh strongly in favor of imposing liability and the third factor weighs slightly in favor of imposing liability. Since the EEOC has adequately alleged grounds for imposing successor liability, the sufficiency of the claims against MZB will turn on the sufficiency of the claims against Kauai Coffee.

C.    Actual or Constructive Knowledge of Global's Alleged Misconduct

The Ninth Circuit has held that employers may be liable for discriminatory conduct by non-employees "'where the employer either ratifies or acquiesces in the harassment by not taking immediate and/or corrective actions when it knew or should have known of the conduct." Freitag v. Ayers, 468 F.3d 528, 538 (9th Cir. 2006) (quoting Folkerson v. Circus Circus Enters, Inc., 107 F.3d 754, 756 (9th Cir. 1997). "In recognizing that employers may be liable for third-party conduct, [the Ninth Circuit], along with several other circuits, see, e.g.,

Berry v. Delta Airlines, Inc., 260 F.3d 803, 811–12 (7th Cir. 2001); Turnbull v. Topeka State Hosp., 255 F.3d 1238, 1244 (10th Cir. 2001); Crist v. Focus Homes, Inc., 122 F.3d 1107, 1111 (8th Cir. 1997), have relied in part upon a regulation of the [EEOC] that provides that employers may be held liable for the acts of non-employees where the employer 'knows or should have known of the conduct and fails to take immediate and appropriate corrective action.'" Id. (quoting 29 C.F.R. § 1604.11(e)). Though the Ninth Circuit has not ruled on the issue, other courts have applied this theory of liability in the joint employer context. See Velez v. Roche, 335 F. Supp. 2d at 1043; Watson v. Adecco Empl. Servs., Inc., 252 F. Supp. 2d 1347, 1356–57 (M.D. Fla. 2003); Lima v. Addeco, 634 F. Supp. 2d 394, 400 (S.D.N.Y. 2009), aff'd, Lima v. Adecco, No. 09–2573–cv, 2010 WL 1660179 (2d Cir. Apr. 27, 2010) ("We also agree with the District Court that even if Adecco and Platform could be considered a 'joint employer,' Adecco could not be held liable to plaintiff based on that legal theory because there is no evidence that Adecco either knew or should have known about any of the alleged discrimination."); Caldwell v. ServiceMaster Corp., 966 F. Supp. 33, 46 (D.D.C. 1997) (finding that to prevail on a theory of joint employer liability, a plaintiff must show that the temporary agency knew or should have known of the discriminatory conduct of the onsite employer and failed to take corrective measures within its

control); Williams v. Grimes Aerospace Co., 988 F. Supp. 925, 937 (D.S.C. 1997) (same).

The Court concludes that the EEOC has alleged facts sufficient to plausibly suggest that Defendants Captain Cook, Mac Farms, Kelena Farms, Del Monte, Maui Pineapple, and Kauai Coffee knew or should have known that Global was engaging in a pattern or practice of discriminatory treatment toward the Claimants on account of their Asian race and/or Thai national origin and failed to take corrective measures. Moss, 572 F.3d at 969 ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") In reaching this conclusion, the Court does not rely on the conclusory allegations as to what Plaintiff asserts the Moving Defendants "should have known." Rather, the Court relies on the EEOC's factual allegations regarding specific incidents, standard operating procedures, and surrounding circumstances at the farms of each of these Defendants. The Court concludes that these factual allegations raise a reasonable inference that the aforementioned Defendants knew or, at the very least, should have known that Global discriminated against the Claimants with respect to the terms and conditions of their employment, subjected them to severe and pervasive verbal and physical

harassment, and constructively discharged the claimants by subjecting them to intolerable working conditions.

With respect to Defendant A&B, the Court concludes that the EEOC has failed to allege sufficient facts to plausibly suggest that it knew or should have known of Global's mistreatment of the Kauai Coffee Claimants. Specifically, the Court finds that while the SAC alleges facts that plausibly suggest that A&B exerted a degree of control over the terms and conditions of the Claimant's employment, these facts do not plausibly suggest that A&B knew or should have known of Global's alleged discriminatory treatment of the Claimants. Further, the fact that A&B conducted an internal investigation regarding allegations of discrimination is not sufficient to raise a reasonable inference that A&B knew or should have known of Global's alleged misconduct, particularly since the SAC does not specify the date or scope of the purported investigation. In short, Plaintiff has not pled sufficient facts to state a claim against A&B based on a failure to respond to Global's alleged misconduct.

D.    Hostile Work Environment & Constructive Discharge

Title VII "guarantees employees 'the right to work in an environment free from discriminatory intimidation, ridicule, and insult.'" Davis v. Team Elec. Co., 520 F.3d 1080, 1095 (9th Cir. 2008) (quoting Meritor Sav. Bank, FSB v.

Vinson, 477 U.S. 57, 65 (1986)). In order to prevail on a hostile work environment claim, a plaintiff is "required to establish 'a pattern of ongoing and persistent harassment severe enough to alter the conditions of employment.'" Id. (quoting Draper v. Coeur Rochester, Inc., 147 F.3d 1104, 1108 (9th Cir. 1998); Dawson v. Entek Intern., 630 F.3d 928, 937–38 (9th Cir. 2011). To satisfy this requirement, a plaintiff must establish that "the conduct at issue was both objectively and subjectively offensive: he must show that a reasonable person would find the work environment to be 'hostile or abusive,' and that he in fact did perceive it to be so." Dawson, 630 F.3d at 938 (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 787 (1998); see also E.E.O.C. v. Prospect Airport Servs., Inc., 621 F.3d 991, 998–99 (9th Cir. 2010). In assessing whether certain conduct is objectively hostile, the Court must examine the totality of circumstances and determine whether a reasonable person would perceive the workplace as hostile. Craig v. M & O Agencies, Inc., 496 F.3d 1047, 1055 (9th Cir. 2007) (citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993).

An employer may also be held liable under Title VII for constructive discharge. Penn. State Police v. Suders, 542 U.S. 129, 143 (2004). A constructive discharge claim requires some aggravating factors beyond those required for a hostile work environment claim. Brooks v. City of San Mateo, 229 F.3d 917,

930–31 (2000). To state a claim for constructive discharge under Title VII, a plaintiff must show that "the working conditions [had] become so intolerable that a reasonable person in the employee's position would have felt compelled to resign." Penn. State Police, 542 U.S. at 130; see also Hardage v. CBS Broadcasting, Inc., 427 F.3d 1177, 1184 (9th Cir. 2005).

The Court concludes that the EEOC has alleged sufficient facts to state a claim based on hostile work environment and constructive discharge against Defendants Captain Cook, Del Monte, Mac Farms, Maui Pineapple, Kelena Farms, and Kauai Coffee. Specifically, the Court finds that the factual allegations and the reasonable inferences drawn therefrom plausibly suggest that each of these defendants engaged in, knew of, or should have known of unlawful employment practices toward the Claimants on their respective farms that subjected the Claimants to a subjectively and objectively hostile work environment on account of the Claimants' race and/or national origin. Further, the alleged unlawful employment practices are sufficiently intolerable such that a reasonable person would have felt compelled to resign.

With respect to Defendant A&B, however, the Court concludes that the EEOC has failed to allege sufficient facts to show that it knew or should have known of any of the alleged unlawful employment practices against the Kauai

Coffee Claimants.  Further, there are no allegations that A&B itself engaged in any discriminatory conduct toward the Claimants.  Accordingly, Plaintiff has failed to state a claim for hostile work environment or constructive discharge against A&B.

    E.    <u>Retaliation</u>

        To state a claim for retaliation under Title VII, a plaintiff must demonstrate that: "(1) the employee engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment decision."  <u>Davis v. Team Elec. Co.</u>, 520 F.3d 1080, 1093–94 (9th Cir. 2008); <u>Raad v. Fairbanks North Star Borough School Dist.</u>, 323 F.3d 1185, 1197 (9th Cir. 2003).  Conduct constituting a "protected activity" includes filing a charge or complaint, testifying about an employer's alleged unlawful practices, and "engaging in other activity intended to oppose an employer's discriminatory practices."  <u>Raad</u>, 323 F.3d at 1197 (citing 42 U.S.C. § 2000e3(a)) (internal quotations omitted).  Meanwhile, "adverse employment action" has been interpreted to mean "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity."  <u>Ray v. Henderson</u>, 217 F.3d 1234, 1242–43 (9th Cir. 2000) (adopting the EEOC test for determining whether an act

constitutes an "adverse employment action," as set forth in EEOC Compliance Manual Section 8, "Retaliation," ¶ 8008 (1998)).

Preliminarily, the Court rejects the contention that complaining about not getting paid or poor living conditions does not constitute "protected activity" for purposes of Title VII. The Ninth Circuit has held that "an employee who complains of a practice that has a disproportionate impact on a protected group complains of unlawful discrimination and is protected by the opposition clause." Gifford v. Atchison, Topeka & Santa Fe Railway, 685 F.2d 1149, 1157 (9th Cir. 1982). The employee need not "be aware that the practice is unlawful under Title VII at the time of the opposition in order for opposition to be protected." Id.

Here, the Court concludes that the only Moving Defendant against whom the EEOC has alleged sufficient facts to plausibly suggest a retaliation claim is Defendant Captain Cook. With respect to the remaining Moving Defendants, Plaintiff has failed to allege facts raising a reasonable inference that any of those Defendants engaged in, knew of, or should have known of any retaliatory actions in violation of Title VII. In reaching this conclusion, the Court notes that the mere fact that a particular Defendant knew or should have known of a particular complaint and failed to correct the problem does not demonstrate that the defendant engaged in, knew of, or should have known of any retaliatory conduct.

F.      Discriminatory Terms & Conditions

In order to establish a claim for unlawful employment discrimination under Title VII, a plaintiff must show: (1) that they belong to a class of persons protected by Title VII; (2) that the plaintiffs were qualified for their positions and performing their jobs satisfactorily; (3) that they experienced adverse employment actions; and (4) that similarly situated individuals outside of their protected class were treated more favorably, or other circumstances surrounding the adverse employment action giving rise to an inference of discrimination. Hawn v. Executive Jet Management, Inc., 615 F.3d 1151, 1156 (9th Cir. 2010) (citing Peterson v. Hewlett-Packard Co., 358 F.3d 599, 603 (9th Cir. 2004)); see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

As a preliminary matter, many of the Moving Defendants challenge the sufficiency of the EEOC's allegations on the ground that the EEOC has failed to show that the alleged mistreatment was because of the Claimants' race and/or national origin. To support this argument, the Moving Defendants point to the absence of the use of racial epithets or similarly situated individuals who were treated more favorably. The Ninth Circuit has made clear that discriminatory intent does not require a comparison to similarly situated individuals but rather may be shown by "other circumstances surrounding the adverse employment action [that

37

gives] rise to an inference of discrimination." <u>Hawn</u>, 615 F.3d at 1156 (9th Cir. 2010).  Further, the factual allegations must be construed in the light most favorable to plaintiff.  <u>See</u> <u>Livid Holdings Ltd.</u>, 416 F.3d at 946.

With these principles in mind, the Court concludes that the EEOC has alleged sufficient facts to plausibly suggest a claim for discriminatory terms and conditions of employment against Defendants Mac Farms, Captain Cook, Kelena Farms, Del Monte, Maui Pineapple, and Kauai Coffee.  Specifically, the EEOC alleges facts showing or raising a reasonable inference that these Defendants engaged in discriminatory conduct and/or knew or should have known of Global's discriminatory conduct and failed to address the matter.  The circumstances surrounding that conduct plausibly suggest that the Claimants were subjected to discriminatory terms and conditions of employment because of their race and/or national origin.

With respect to A&B, however, the EEOC has failed to allege sufficient facts to suggest that it knew or should have known of Global or Kauai Coffee's discriminatory conduct.  Further, there is no allegation that A&B itself engaged in discriminatory conduct.  Therefore, the EEOC has failed to state a claim against A&B based on discriminatory terms and conditions of employment.

G.     Pattern or Practice of Discrimination

In order to establish a pattern or practice of discriminatory treatment under § 707, a plaintiff must show "'more than the mere occurrence of isolated or accidental or sporadic discriminatory acts.'" Obrey v. Johnson, 400 F.3d 691, 694 (9th Cir. 2005) (quoting Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 336 (1977)).  Plaintiff must show that the discrimination was the defendant's "'standard operating procedure-the regular rather than the unusual practice.'" Id. (quoting Teamsters, 431 U.S. at 336).

The Court concludes that the EEOC has alleged sufficient facts that plausibly suggest that Defendants Captain Cook, Mac Farms, Kelena Farms, Del Monte, Maui Pineapple, and Kauai Coffee engaged in, knew of, or should have known of a pattern or practice of discriminatory treatment toward the Claimants on account of their race and/or national origin.  As set forth above, this alleged discriminatory treatment includes hostile work environment, disparate treatment, and constructive discharged.

With respect to Defendant A&B, the Court concludes that the SAC does not contain factual allegations sufficient to plausibly suggest that it engaged in, knew of, or should have known of a pattern or practice of discriminatory treatment

toward the Kauai Coffee Claimants. The EEOC has therefore failed to state a claim

for a pattern or practice of discrimination against A&B.

      H.     <u>Section 706 Claims Against Captain Cook</u>

      Section 706 of Title VII authorizes the EEOC to bring claims

involving the rights of aggrieved individuals challenging an unlawful employment

practice on an individual or class-wide basis   42 U.S.C. § 2000e-5(f)(1); <u>E.E.O.C.</u>

<u>v. Scolari Warehouse Mkts., Inc.</u>, 488 F. Supp. 2d 1117, 1143 (D. Nev. 2007).

"Section 706(g) authorizes the EEOC to seek class action-type relief without

complying with complying with Federal Rule of Civil Procedure 23." <u>E.E.O.C. v.</u>

<u>NCL America, Inc.</u>, 536 F. Supp. 2d 1216, 1225 (D. Haw. 2008) (quoting <u>E.E.O.C.</u>

<u>v. Goodyear Aerospace Corp.</u>, 813 F.2d 1539, 1543 (9th Cir. 1987).

      Before bringing a Title VII action, a plaintiff is required to exhaust his

or her administrative remedies by filing a timely charge with the EEOC. <u>Lyons v.</u>

<u>England</u>, 307 F.3d 1092, 1104 (9th Cir. 2002). However, a § 706 lawsuit is not

confined to the specific allegations in the charge. "Any violations that the EEOC

ascertains in the course of a reasonable investigation of the charging party's

complaint are actionable.'" <u>Gen. Tel. Co. of  the  Northwest, Inc. v. E.E.O.C.</u>, 446

U.S. 318, 331 (1980).

Here, the EEOC alleges claims against Captain Cook on behalf of a group of Claimants who worked at Captain Cook's farm. The section 706 claims are based on facts that the EEOC allegedly ascertained in the course of its investigation of Claimant Nookrai Matwiset's EEOC charge. Pursuant to the single filing rule, "'if one plaintiff has filed a timely EEOC complaint as to that plaintiff's individual claim, then co-plaintiffs with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement.'" E.E.O.C. v. Fry's Electronics, Inc., 770 F. Supp. 2d 1168, 1172 (W.D. Wash. 2011) (quoting Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1197 (10th Cir. 2004). Accordingly, the EEOC has also alleged claims on behalf of individuals other than Matwiset, identified in the SAC as PP, PL, DN, PH, AL, SR, SW, KL, JO, and AR, whose claims arise out of similar discriminatory treatment in the same time frame. The SAC does not allege that any of these other claimants filed a timely administrative charge.

Defendant Captain Cook argues that since the SAC contains no specific allegations of discriminatory conduct suffered by Matwiset, his individual claims are deficient and should be dismissed. Captain Cook further argues that insofar as Matwiset's EEOC charge is the purported vehicle through which the

EEOC brought claims on behalf of the other Captain Cook Claimants, the claims of these other Claimants are also not sustainable. This Court disagrees.

First, the Court finds that the allegations in the SAC are sufficient to state a section 706 claim on behalf of Matwiset and the other Claimants. There is no doubt that the EEOC must eventually prove all the elements of each worker's individual claims in order to establish his or her entitlement to relief. However, Defendant does not cite, nor has this Court found, any authority that suggests the EEOC must allege each element of each cause of action as to each section 706 Claimant on whose behalf it brings suit. The Court therefore declines to dismiss Matwiset's claims on this ground.

Moreover, even if Matwiset's claims were dismissed, it would not follow that the section 706 claims of the other Captain Cook Claimants would also have to be dismissed. The purpose of Title VII's administrative exhaustion requirements is to put the employer on notice of the impending suit. E.E.O.C. v. Fry's Electronics, Inc., 770 F. Supp. 2d 1168, 1172 (W.D. Wash 2011) (citing Horton v. Jackson County Bd. of County Com'rs., 343 F.3d 897, 899 (7th Cir. 2003). Here, Matwiset's EEOC charge put Captain Cook on notice of the impending suit based on the alleged discriminatory treatment of Thai workers on its farm and gave Captain Cook the opportunity to head off the suit by negotiation and

conciliation.  Pursuant to the single filing rule, other Claimants with claims arising out of similar discriminatory treatment during the same time frame need not satisfy the filing requirement in light of Matwiset's charge, which already put Captain Cook on notice.  See id. (the purpose of exhaustion "is not engaged when the same claim has been the subject of a timely charge by another employee of this employer").  Therefore, even if Matwiset's individual claims are dismissed, the claims of the other Claimants would not be dismissed for failure to exhaust because Captain Cook has already been provided the requisite notice and opportunity to negotiate.

I.      Statute of Limitations

Plaintiff's claims are brought pursuant to §§ 706 and 707 of Title VII, 42 U.S.C. §§ 2000e-5 and 2000e-6.  Section 706 allows the EEOC to sue on behalf of one or more "persons aggrieved" by an unlawful employment practice.  42 U.S.C. § 2000e-5(f).  Pursuant to § 706, the aggrieved individual must first file a charge with the EEOC within 180 days "after the alleged unlawful employment practice occurred."  See  id. § 2000e-5(e)(1).  Alternatively, the aggrieved individual may file a charge within 300 days after the alleged unlawful employment practice occurred if "the person aggrieved has initially instituted proceedings with a

State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto." Id.

Defendants Kauai Coffee, A&B, and MZB argue that the Court should apply the 180-day statute of limitations to all of the EEOC's § 706 claims against these Defendants and dismiss Claimant Bootpasa's charge insofar as it relies on conduct occurring before September 3, 2006, which is 180 days before the charge was filed with the EEOC.[5]  Similarly, Defendant Kelena Farms argues that to the extent any claims against Kelena Farms are based on conduct occurring more than 180 days before Claimant Suradanai filed a charge, those claims should be dismissed as time-barred.  Plaintiff, on the other hand, asserts that both of these charges were dual-filed with both the EEOC and the designated local agency and that therefore the 300-day statute of limitations, if any, would apply.  Plaintiff further asserts that the continuing violations doctrine excepts its claims from the statute of limitations.

---

[5]Defendants ask the Court to take judicial notice of Mongkol Bootpasa's Charge of Discrimination filed with the EEOC.  On a motion to dismiss, a court may consider materials incorporated into the complaint or matters of public record. See Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007); cf. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a district court may not take judicial notice of a disputed fact in a public record).  Since the EEOC charge is a matter of public record, the Court grants Defendants' request to take judicial notice of that document.

As a preliminary matter, the Court notes that since the statute of limitations is an affirmative defense, the Defendants bear the burden of proving that the Plaintiff filed beyond the Title VII limitations period.  See <u>Payan v. Aramark Mgmt. Serv. Ltd. P'ship</u>, 595 F.3d 1119, 1122 (9th Cir. 2007) (holding that employer has burden of showing that employee filed Title VII suit beyond limitations period); <u>Tovar v. U.S.P.S.</u>, 3 F.3d 1271, 1284 (9th Cir. 1993) ("In every civil case, the defendant bears the burden of proof as to each element of an affirmative defense."); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1117-18 (9th Cir. 2003) ("[I]t is well-settled that statutes of limitations are affirmative defenses, not pleading requirements.").  The defendant may do so by raising the limitations defense and providing sufficient evidence to support that defense.

Title VII extends the 180-day period to 300-days if filed in a "worksharing" jurisdiction."  See 42 U.S.C. § 2000e-5(e)(1);  <u>E.E.O.C. v. Dinuba Med. Clinic</u>, 222 F.3d 580, 585 (9th Cir. 2000); <u>Urrutia v. Valero Energy Corp.</u>, 841 F.2d 123, 126 (5th Cir. 1988) (concluding that an employment discrimination claimant is entitled to a 300-day period for filing with the EEOC where a state worksharing agreement waives exclusive jurisdiction over Title VII actions as to claims filed between 80 and 300 days of the alleged unlawful employment action).  Hawaii and California are both "worksharing" states such that administrative claims

filed with the EEOC are deemed "dual-filed" with the state's local agency and vice versa.[6] See E.E.O.C. v. NCL America, Inc., 504 F. Supp. 2d 1008, 1010 (D. Haw. 2007) ("Hawaii is a 'worksharing' state such that administrative claims with the EEOC are deemed 'dual-filed' with the Hawaii Civil Rights Commission ("HCRC") (or vice-versa)."); McCarthy v. R.J. Reynolds Tobacco Co., —F. Supp. 2d—, 2011 WL 1740599 at *8 (E.D. Cal. May 4, 2011) (filing of plaintiff's EEOC complaint is deemed to be a filing with the California Department of Fair Employment & Housing ("DFEH"); Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1104 (9th Cir. 2008) (charge filed with DFEH deemed filed with EEOC pursuant to a work-sharing agreement between the two entities).

Since the Claimants at issue filed charges with the EEOC, pursuant to Hawaii and California's work sharing agreements, that complaint should have been shared with HCRC and DFEH, thereby triggering the 300-day limitations period. Although Defendants emphasize that the SAC does not plead that the charges were dual-filing, the Ninth Circuit has made clear that "statutes of limitations are affirmative defenses, not pleading requirements." Wyatt, 315 F.3d at 1117-18 (9th Cir. 2003). Based on the SAC and the EEOC charges, the Court cannot find as a

---

[6]The local agency identified in Bootpasa's Charge is the Hawaii Civil Rights Commission and the local agency identified in Suradanai's Charge is the California Department of Fair Employment & Housing.

matter of law that the 180-day limitations period bars some of Plaintiff's claims. Moreover, the Court cannot determine from the face of the pleadings whether the statute of limitations should be tolled. See Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993) ("determining the applicability of equitable tolling ... ordinarily requires reference to matters outside the pleadings, and is not generally amenable to resolution on a Rule 12(b)(6) motion, where review is limited to the complaint alone."); Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1140 ("[O]nly in the rare case [can] the [equitable tolling] inquiry proceed at the pleading stage."). "'[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995). Accordingly, the Court declines to dismiss any of Plaintiff's claims on the statute of limitations grounds advanced by these Defendants.

In sum, for all the reasons set forth above, the Court **GRANTS** the Motions to Dismiss with respect to all of the claims against Defendant A&B and the Retaliation claims against Defendants Mac Farms, Kelena Farms, Del Monte, Maui

Pineapple, Kauai Coffee, A&B, and MZB.  The Court **DENIES** the Motions to Dismiss with respect to the balance of Plaintiff's claims.

J.     Leave to Amend

Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires."  Further, "requests for leave should be granted with extreme liberality."  Moss v. U.S. Secret Service, 572 F.3d 962, 792 (9th Cir. 2009).  "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by an amendment."  Id.  "However, 'liberality in granting leave to amend is subject to several limitations.'"  Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).  "Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay."  Id. (citing Ascon Props, 866 F.2d at 1160).  "Further, '[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'"  Id.  (quoting Ascon Props, 866 F.2d at 1160).

The Court recognizes that it may be possible for Plaintiff to properly allege those claims being dismissed in this Order.  Therefore, the Court will grant Plaintiff leave to amend its complaint one last time.  Failure to cure the pleading

48

deficiencies identified above shall result in dismissal of those claims with prejudice. The Third Amended Complaint shall be filed by no later than forty-five (45) days from the filing of this Order. Each of the Moving Defendants shall have thirty (30) days from the filing of the Third Amended Complaint to file an answer, move to dismiss, or otherwise respond to the Complaint.

IV.    Motions to Sever

Moving Defendants Captain Cook, A&B, Kauai Coffee, MZB, Mac Farms, and Del Monte move to sever the EEOC's claims pursuant to Federal Rules of Civil Procedure 20 and 21. (See Docs. # 140, 144, 160, 171.) Rule 20(a)(2) provides that:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 21 provides that "misjoinder of parties is not ground for dismissal of an action." Fed. R. Civ. P. 21. However, the rule also provides that parties "may be dropped or added by order of the court" and "any claim against a party may be severed and proceeded with separately." Id. The Ninth Circuit construes Rule 20 liberally "in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits. See

League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917

(1977) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 717, 724 (1966));

see also Am. Motorists Ins. Co. v. The Club at Hokuli'a, Inc., No. 10-199, 2010 WL

5389221, at *10 (D. Haw. Dec. 21, 2010). "'Under the rules, the impulse is toward

entertaining the broadest possible scope of action consistent with fairness to the

parties; joinder of claims, parties and remedies is strongly encouraged.'" League,

558 F.2d at 917 (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724

(1966)).

      Given the drastic nature of a severance remedy, and in light of the fact

that Plaintiff is being granted leave to amend its complaint one more time, the Court

concludes that it is premature to consider severing claims at this stage of the

proceedings. The Court therefore **DENIES** the Moving Defendants' Motions to

Sever **WITHOUT PREJUDICE**.

<div align="center">CONCLUSION</div>

      The Court **DENIES** Captain Cook, Del Monte, Kauai Coffee, Kelena

Farms, Mac Farms, Maui Pineapple, A&B, and MZB's (collectively "Moving

Defendants") Motions to Strike (Docs. ## 143, 161, 163–166), **GRANTS IN**

**PART AND DENIES IN PART** the Moving Defendants' Motions to Dismiss

(Docs. ## 138, 141, 145, 146, 152–155), **GRANTS** Plaintiff leave to amend the

<div align="center">50</div>

complaint, and **DENIES WITHOUT PREJUDICE** the Moving Defendants'

Motions to Sever (Docs. ## 140, 144, 160, 171).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 16, 2012.



_____
David Alan Ezra
United States District Judge

E.E.O.C. v. Global Horizons, Inc., et al, Cv. No. 11-00258 DAE-RLP; ORDER: (1)
DENYING DEFENDANTS' MOTIONS TO STRIKE; (2) GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS; (3)
GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT; (4)
DENYING DEFENDANTS' MOTIONS TO SEVER WITHOUT PREJUDICE