IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>      Plaintiff(s),<br><br>  vs.<br><br>GLOBAL HORIZONS, INC., DBA GLOBAL HORIZONS MANPOWER, INC.; CAPTAIN COOK COFFEE COMPANY LTD.; DEL MONTE FRESH PRODUCE (HAWAII), INC.; KAUAI COFFEE COMPANY, INC.; KELENA FARMS, INC.,; MAC FARMS OF HAWAII, LLC NKA MF NUT CO., LLC; MAUI PINEAPPLE COMPANY, LTD. AKA MAUI PINEAPPLE FARMS; ALEXANDER & BALDWIN, INC.; MASSIMO ZANETTI BEVERAGE USA, INC.; AND DOES 1-15, INCLUSIVE,<br><br>      Defendants. | CIVIL 11-00257 LEK |

**ORDER DENYING PLAINTIFF'S MOTION FOR**
**<u>RECONSIDERATION REGARDING THE COURT'S NOVEMBER 8, 2012 ORDER</u>**

      Before the Court is Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion for Reconsideration Regarding the Court's November 8, 2012 Order ("Motion"), filed on November 21, 2012. [Dkt. no. 431.] Defendants Alexander & Baldwin, Inc., Kauai Coffee Company, Inc., and Massimo Zanetti Beverage USA, Inc.; Maui Pinapple Company Ltd.; Kelena Farms, Inc.; Mac Farms of Hawaii, LLC; and Maui Pineapple Company, Ltd.

(collectively, "Defendants") filed their memoranda in opposition to the Motion on December 10, 2012. [Dkt. nos. 454, 457, 459, 464, 465]. Plaintiff filed its consolidated reply on December 21, 2012. [Dkt. no. 478.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background in this case is set forth in this district court's November 8, 2012 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss the Third Amended Complaint and Substantive Joinders Thereto ("11/8/12 Order").[1]  2012 WL 5489955.

Plaintiff seeks reconsideration of the 11/8/12 Order, specifically, the portion of the order in which the district court held that pattern or practice discrimination claims under § 707 of Title VII, 42 U.S.C. § 2000e–6, are subject to a 300-day statute of limitations period.  2012 WL 5489955 at *13.  In the 11/8/12 Order, Judge Ezra reconsidered his holding in his

---

[1] The case was reassigned to this Court on November 15, 2012.  [Dkt. no. 418.]

November 2, 2011 Order ("11/2/11 Order")² that the time limitation in § 706 does not apply to actions brought pursuant to § 707.  Reexamining the issue in the 11/8/12 Order, Judge Ezra noted that since his 11/2/11 Order, at least six district courts had determined that the time limitation does apply to § 707 actions.  Given this growing consensus, and after an examination of the plain language of § 707 itself, Judge Ezra concluded, *inter alia*, that the statute of limitations period found in § 706 applies to § 707 pattern or practice claims, and that discrete acts of discrimination comprising such claims must have occurred within 300 days of the date a charge was filed in order to be actionable.  2012 WL 5489955 at *13 (citing <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); <u>Cherosky v. Henderson</u>, 330 F.3d 1243, 1245–46 (9th Cir. 2003)).  Judge Ezra nevertheless declined to dismiss any of Plaintiff's claims for lack of timeliness, finding that, based upon the evidence before the court, he could not find that the charges were untimely as a matter of law.  <u>Id.</u>  The court's other rulings in the 11/8/12 Order are not at issue in the instant Motion.

In the instant Motion, Plaintiff seeks reconsideration of the 11/8/12 Order on the grounds that there has been an intervening change in law as a result of the Sixth Circuit's

---

² The 11/2/11 Order is available at 2011 WL 5325747.

ruling in Serrana v. Cintas Corp., 2012 WL 5458182 (6th Cir. Nov. 9, 2012).

### DISCUSSION

In order to obtain reconsideration of the 11/8/12 Order, Plaintiff's Motion "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12, 2011) (citations omitted). This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)). The District of Hawai`i has implemented these standards in Local Rule 60.1.[3] "Whether or not to grant reconsideration[,]" however, "is

---

[3] Local Rule 60.1 provides, in part, that: "[m]otions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; (c) Manifest error of law or fact."

4

committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

Plaintiff's Motion seeks reconsideration on the ground that the Sixth Circuit's decision in Serrano represents an intervening change in controlling law. As an initial matter, the Court notes that Serrano is a Sixth Circuit case and, as such, is not binding on this Court. Even if it were controlling, however, the Serrano case did not explicitly address the applicability of the statute of limitations in § 706 to § 707 pattern or practice claims. Instead, the court in Serrano addressed the issue of whether the EEOC can pursue a pattern or practice claim under § 706, rather than § 707. The Serrano court found that a pattern or practice claim may be brought pursuant to § 706, but did not address whether the statute of limitations in § 706 is applicable to pattern or practice claims brought under § 707. See 2012 WL 5458182 at *4-6. As such, the Serrano case is of limited application, and cannot be said to constitute an intervening change of controlling law such that reconsideration is warranted.

Mere disagreement with the court's analysis in the 11/8/12 Order is not a sufficient basis for reconsideration. White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006)(citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572

(D. Hawai`i 1988)); Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Hawai`i 2005).  This Court therefore FINDS that Plaintiff has not presented any ground warranting reconsideration of the 11/8/12 Order's ruling regarding the applicability of the statute of limitations to § 707 claims.

### CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Reconsideration Regarding the Court's November 8, 2012 Order, filed on November 21, 2012, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 30, 2013.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EEOC V. GLOBAL HORIZONS, INC., ET AL; CIVIL NO. 11-00257 LEK-RLP; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION REGARDING THE COURT'S NOVEMBER 8, 2012 ORDER**