IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>     vs.<br><br>GLOBAL HORIZONS, INC., DBA GLOBAL HORIZONS MANPOWER, INC.; CAPTAIN COOK COFFEE COMPANY LTD.; DEL MONTE FRESH PRODUCE (HAWAII), INC.; KAUAI COFFEE COMPANY, INC.; KELENA FARMS, INC.,; MAC FARMS OF HAWAII, LLC NKA MF NUT CO., LLC; MAUI PINEAPPLE COMPANY, LTD. AKA MAUI PINEAPPLE FARMS; ALEXANDER & BALDWIN, INC.; MASSIMO ZANETTI BEVERAGE USA, INC.; AND DOES 1-15, INCLUSIVE,<br><br>            Defendants.<br>_____ | CIVIL 11-00257 LEK |

**ORDER DENYING DEFENDANTS' APPEAL OF**
**<u>MAGISTRATE JUDGE'S DECEMBER 21, 2012 ORDER</u>**

On December 21, 2012, the magistrate judge issued his Order Granting in Part and Denying in Part Plaintiff's Motion for Protective Order RE: Immigration Status, and Information Related to Immigration Status ("Order"). [Dkt. no. 479.] On January 4, 2013, Defendant Mac Farms of Hawaii, LLC, filed its Written Statement of Appeal of Magistrate Judge Richard L. Puglisi's Order Granting in Part and Denying in Part Plaintiff's Motion for

Protective Order RE: Immigration Status, and Information Related to Immigration Status ("Appeal").  [Dkt. no. 491.]  Defendants Alexander & Baldwin, Inc., Kauai Coffee Company, Inc., and Massimo Zanetti Beverage USA, Inc. filed a Joinder to the Appeal on January 16, 2013.  [Dkt. no. 494.]  Defendant Del Monte Fresh Produce (Hawaii), Inc. filed a Joinder to the Appeal on January 17, 2013.  [Dkt. no. 495.]  Defendants Kelena Farms, Inc. and Maui Pinapple Company, Ltd. filed statements of no opposition to the Appeal on January 22, 2013.  [Dkt. nos. 496, 497.][1]  Plaintiff Equal Employment Opportunity Commission ("EEOC") filed its memorandum in opposition to the Appeal on January 22, 2013.  [Dkt. no. 498.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Appeal, supporting and opposing memoranda, and the relevant legal authority, Defendants' Appeal is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and legal history of this case, and the Court will only discuss

---

[1] Defendants Mac Farms of Hawaii, LLC, Alexander & Baldwin, Inc., Kauai Coffee Company, Inc., Massimo Zanetti Beverage USA, Inc., Maui Pineapple Company, Ltd., Kelena Farms, Inc., and Del Monte Fresh Produce (Hawaii), Inc. are collectively referred to as the "Defendants" throughout this order.

the events that are relevant to the review of the Order and the Appeal.

In the December 21, 2012 Order, the magistrate judge granted the EEOC's Motion for a Protective Order and prohibited discovery regarding the following categories of information: "Claimants' immigration status after they ceased working for Defendants, Claimants' passport numbers, visa numbers, other immigration document numbers, and social security numbers." [Order at 19.] The magistrate judge denied the EEOC's Motion for a Protective Order to the extent it sought to bar discovery of matters "that could suggest one's immigration status," including discovery regarding "the Claimants' employment experience since leaving Defendants' employment, financial account numbers, marriage, educational background, date of birth, prior criminal convictions in another country, and social relationships and/or living arrangements, prior legal experience, other names used, and duration of residence in the United States." [Id.]

Defendants appeal the Order, to the extent it prohibits discovery regarding Claimants' immigration status after they ceased working for Defendants.

**STANDARD**

> Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear and decide a pretrial matter pending before the court. The decision of the magistrate judge on non-dispositive matters is final. Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991).

> However, a district judge may reconsider a magistrate's order on these non-dispositive pretrial matters and set aside that order, or any portion thereof, if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR 74.1; see Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004); see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002).
>
>     . . . .
>
> "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D. 672, 674 (D. Haw. 2008); see Hunt v. Nat'l Broadcasting Co., 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

Hasegawa v. Hawai`i, CV No. 10-00745 DAE-BMK, 2011 WL 6258831, at *1-2 (D. Hawai`i Dec. 14, 2011).

> The threshold of the "clearly erroneous" test is high. United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed.").

Dowkin v. Honolulu Police Dep't, Civil No. 10-00087 SOM/RLP, 2011 WL 3021784, at *1 (D. Hawai'i July 22, 2011).

The Court "may not overturn a protective order simply because [it] might have weighed differently the various interests and equities; instead, [it] must ascertain whether the order was contrary to law." Rivera, 364 F.3d at 1063 (citation omitted).

4

**DISCUSSION**

At the outset, the Court notes that the standard applicable to an appeal of a magistrate judge's non-dispositive order is highly deferential. In the present case, Defendants have failed to establish that the magistrate judge's Order was clearly erroneous or contrary to law.

In its December 21, 2012 Order, the magistrate judge acknowledged the broad scope of discovery available under the federal rules, and noted that Fed. R. Civ. P. 26(c) permits a court to enter a protective order when the party seeking the order establishes good cause for protecting a party from "annoyance, embarrassment, oppression, or undue burden or expense." [Order at 5.] The magistrate judge correctly articulated the standard for granting such a protective order. [Id. (quoting Phillips ex. rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) ("If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary.")).] The magistrate judge then went on to carefully and thoroughly analyze the EEOC's request for a protective order and weigh the equities and interests of the parties in accordance with the Ninth Circuit's opinion in Rivera v. NIBCO, Inc., 364 F.3d 1057 (9th Cir. 2004), cert. denied, 544 U.S. 905 (2005). The magistrate

judge's reliance on <u>Rivera</u> and analysis of the facts of the instant case in accordance with the Ninth Circuit's holding in that case was neither clearly erroneous nor contrary to law.

Defendants nevertheless argue that the Order is "erroneous and contrary to law [because i]nformation related to Claimants' immigration status after they ceased working for Defendants is highly probative regarding Claimants' claims for constructive discharge, emotional distress damages, and [to assess their] credibility." [Appeal at 3.] The magistrate judge, however, carefully analyzed the Defendants' arguments to this effect in the challenged Order. It is well-settled that the magistrate judge has broad discretion "to decide when a protective order is appropriate and what degree of protection is required." <u>See Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 36 (1984); <u>Veterans for Common Sense v. Shinseki</u>, 644 F.3d 845, 888 (9th Cir. 2011). Here, the magistrate judge appropriately exercised that discretion in balancing the interests of the Defendants in conducting meaningful discovery regarding the Claimants' allegations against the potential for harm to the Claimants as a result of public disclosure of the details of certain personal information. [<u>See</u> Order at 7-17.] To the extent Defendants simply disagree with the magistrate judge's balancing of the equities or application of <u>Rivera</u> to the facts of this case, this alone does not warrant reversal. <u>See Matsuura</u>

6

v. E.I. du Pont De Nemours & Co., Civ. No. 96-01180 SOM-LEK, 2006 WL 2734291, at *6 (D. Hawai`i Sept. 22, 2006) (noting that mere disagreement with a magistrate judge's ruling is not grounds for reversal by the district judge).

Having reviewed the Appeal, supporting and opposing memoranda, and the relevant legal authority, this Court does not have a definite and firm conviction that a mistake has been committed, or that the December 21, 2012 Order was contrary to law. The Court therefore FINDS that there are no grounds to reverse the Order.

## CONCLUSION

On the basis of the foregoing, Defendants' Written Statement of Appeal of Magistrate Judge Richard L. Puglisi's Order Granting in Part and Denying in Part Plaintiff's Motion for Protective Order RE: Immigration Status, and Information Related to Immigration Status, filed on January 4, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 26, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EEOC V. GLOBAL HORIZONS, ET AL; CIVIL 11-00257 LEK-RLP; ORDER DENYING DEFENDANTS' APPEAL OF MAGISTRATE JUDGE'S DECEMBER 21, 2012 ORDER**

7