IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL NO. 11-00257 LEK-RLP |
| | ) | ORDER DENYING PLAINTIFF EEOC'S |
| | ) | MOTION TO AMEND ITS THIRD |
| Plaintiff, | ) | AMENDED COMPLAINT TO ADD AS |
| | ) | DEFENDANTS MAUI LAND & |
| vs. | ) | PINEAPPLE, COMPANY, INC. AND |
| | ) | HALIIMAILE PINEAPPLE COMPANY, |
| GLOBAL HORIZONS, INC. D/B/A | ) | LTD. |
| GLOBAL HORIZONS MANPOWER, | ) | |
| INC., ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF EEOC'S MOTION TO AMEND ITS THIRD
AMENDED COMPLAINT TO ADD AS DEFENDANTS MAUI LAND & PINEAPPLE,
COMPANY, INC. AND HALIIMAILE PINEAPPLE COMPANY, LTD.

Before the Court is Plaintiff United States Equal

Employment Opportunity Commission's ("EEOC") Motion to Amend its

Third Amended Complaint to Add as Defendants Maui Land &

Pineapple, Company, Inc. and Haliimaile Pineapple Company, Ltd.,

filed on June 13, 2013 ("Motion").  ECF No. 530.  Based on the

parties' request, the Court set an extended briefing schedule for

the Motion.  ECF No. 537.  Maui Pineapple Company, Ltd. ("Maui

Pineapple") filed its Opposition to the Motion on August 15,

2013.  ECF. No. 547.  Kelena Farms, Inc. and Del Monte Fresh

Produce (Hawaii), Inc. filed Statements of No Position.  ECF Nos.

546, 548.  The EEOC filed its Reply on August 29, 2013.  ECF No.

553.  After carefully reviewing the moving papers and the

relevant legal authority, the Court DENIES the Motion.

BACKGROUND

In this litigation, the EEOC alleges that the defendants subjected a class of Thai workers to disparate treatment, a hostile work environment, retaliation, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, as amended, on the basis of their Thai national origin and Asian race.

The EEOC has filed four complaints in this action.  The initial Complaint was filed on April 19, 2011.  ECF No. 1.  The EEOC filed its First Amended Complaint on July 15, 2011.  ECF No. 12.  In the First Amended Complaint, the EEOC added allegations regarding one of the other defendants' parent company and successor company.  See ECF No. 12 at 6, 12.  The court dismissed the First Amended Complaint without prejudice (see ECF No. 124), and the EEOC filed its Second Amended Complaint on December 16, 2011.  ECF No. 128.  The court dismissed portions of the Second Amended Complaint giving the EEOC "one last time" to amend the dismissed claims.  ECF No. 228 at 48.  The EEOC filed its Third Amended Complaint on July 2, 2012.  ECF No. 263.  The court granted in part defendants' motions to dismiss the Third Amended Complaint stating that because "the Third Amended Complaint [was] Plaintiff's last opportunity to cure its pleading deficiencies," the claims at issue were dismissed with prejudice.  ECF No. 389 at 41.

The EEOC now seeks leave to file a Fourth Amended Complaint to add two new defendants to this case:  Maui Land & Pineapple, Company, Inc. ("MLP") and Haliimaile Pineapple Company, Ltd. ("HPC").  The EEOC asserts that MLP should be added as a defendant as the alter ego of Maui Pineapple, a current defendant in this action, and that HPC should be added as the successor in interest to Maui Pineapple.  ECF No. 530-1 at 22-28.

### DISCUSSION

Under Rule 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) states that leave to amend should be freely given when justice so requires. Id.  Whether to grant leave to amend is within the court's discretion.  Foman v. Davis, 371 U.S. 178, 182 (1962).  The court's discretion "to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."  Ascon Prop., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).  In determining whether to grant leave to amend, courts consider factors such as futility of the amendment, bad faith, whether the amendment will cause undue delay, whether the amendment will prejudice the opposing party, and whether the plaintiff has previously amended its complaint.  Id.

As an initial matter, the Court rejects the EEOC's argument that its Motion is not subject to an examination of

prejudice or undue delay because the Motion was filed prior to
the deadline to file such motions under the Court's Rule 16
Scheduling Order.  See ECF No. 553 at 7, 10-11.  The EEOC
contends that the fact that its Motion is timely "negates" any
arguments regarding undue delay and demonstrates an "absence of
prejudice."  ECF No. 553 at 7, 11.  The Ninth Circuit expressly
rejected this argument in AmerisourceBergen Corp. v. Dialysist
West, Inc., 465 F.3d 946, 952 (9th Cir. 2006).  The Ninth Circuit
stated that even if a motion to amend is filed within the time
permitted under the court's scheduling order, the court must
still consider whether a motion for leave to amend is
prejudicial, made in bad faith, would cause undue delay, or is
futile under Rule 15(a).  Id.   For the reasons detailed below,
the Court DENIES the EEOC's Motion.[1]

### A.  Prejudice

"Prejudice to the opposing party is the most important
factor."  Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th
Cir. 1990) (citing Zenith Radio Corp. v. Hazeltine Research,
Inc., 401 U.S. 321, 330–31 (1971) (trial court "required" to take
potential prejudice into account in deciding Rule 15(a) motion);
and 6 C. Wright, A. Miller & M. Kane, Federal Practice and

---

[1] Although Maui Pineapple states that it does not concede
the merits of the EEOC's arguments regarding piercing the
corporate veil and successor-in-interest liability, it does not
argue that the proposed amendments would be futile.  See ECF No.
547 at 31-32.

Procedure: Civil 2d § 1487 (1990)).  Maui Pineapple contends that allowing the EEOC to file an amended complaint will prejudice MLP and HPC because they will have insufficient time to prepare for trial and prejudice Maui Pineapple because it will be required to conduct and respond to additional discovery.  See ECF No. 547 at 18-21.

        In considering this "most important factor," the Court finds that MLP and HPC will be prejudiced if they are added as defendants at this late stage of the litigation.  See Jackson, 902 F.2d at 1387.  The dispositive motions deadline is one month away, the discovery deadline is mid-November, and trial is set to begin on January 14, 2014, a little more than four months away. See ECF Nos. 416, 543.  Given the approaching deadlines, MLP and HPC would have inadequate time to prepare their defense of this case.  See Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 799 (9th Cir. 1991) (affirming the lower court's denial of leave to amend where plaintiff waited two years after it first filed its complaint and four and one-half months before trial before seeking leave to amend).

        Additionally, courts have held that prejudice may exist if the opposing party would need to conduct additional discovery because the proposed claim "advance[s] different legal theories and require[s] proof of different facts."  See Jackson, 902 F.2d at 1387.  Here, additional discovery would be required because

the allegations in the proposed amendments advance new theories of liability and require proof of different facts.  The EEOC does not challenge Maui Pineapple's arguments that MLP and HPC cannot rely on the discovery efforts of other defendants because limited discovery has occurred and the other defendants are differently situated.  Instead, the EEOC argues that additional discovery is not needed because Maui Pineapple, MLP, and HPC have had common management.  See ECF No. 553 at 10.  However, the EEOC does not state that any discovery has been completed regarding the corporate structure, management, and purported inter-relationship between Maui Pineapple, MLP, and HPC, which would be required to support and defend the proposed amendments.  Indeed, Maui Pineapple states that it has not conducted any discovery in this case because of its financial situation.  ECF No. 547 at 19. Maui Pineapple, MLP, and HPC would be prejudiced if the proposed amendments were allowed given the additional discovery that would be required to defend against the new allegations and legal theories in the proposed amendments.

### B.   Undue Delay

A second factor in determining whether to grant a motion for leave to amend is whether the EEOC unduly delayed in filing its motion.  See Jackson, 902 F.2d at 1388.  "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking

amendment since the inception of the cause of action." Royal

Ins. Co. of Am. v. Southwest Marine, 194 F.3d 1009, 1016-17 (9th

Cir. 1999) (internal quotation marks omitted); see also, Parker

v. Joe Lujan Enters., Inc., 848 F.2d 118, 121 (9th Cir. 1988)

(affirming district court's denial of motion to amend in part on

ground of undue delay when the proposed amendment sought to add a

new theory of liability known to the plaintiff years earlier).

"Relevant to evaluating the delay issue is whether the moving

party knew or should have known the facts and theories raised by

the amendment in the original pleading." Jackson, 902 F.2d at

1388; Jordan v. County of L.A., 669 F.2d 1311, 1324 (9th Cir.

1982), vacated on other grounds, 459 U.S. 810 (1982).

Here, the EEOC does not contest Maui Pineapple's

arguments that the EEOC knew or should have known of the relevant

facts related to its proposed amendments for years. See ECF No.

553. Maui Pineapple asserts that the EEOC knew or should have

known since early 2010 that Maui Pineapple's operations were

being discontinued and that MLP had entered into agreements with

HPC regarding various assets because the information was

publically available through MLP's Forms 10-K and numerous news

articles. ECF No. 547 at 6-9, 26-27. The EEOC does not dispute

that it knew or should have known these facts. See ECF No. 553.

Instead, the EEOC contends that these arguments are "unwarranted"

because the parties agreed to delay this motion in an effort to

settle the case.  Id. at 12.  Although the briefing schedule for the Opposition and Reply to the present Motion was delayed approximately 45 days so that the parties could focus on settlement (see ECF Nos. 536, 537), there is no indication in the record that the EEOC and Maui Pineapple had any agreement to delay the initial filing of the present Motion or that there was any agreement between counsel to forego arguments regarding delay.  Notably, the declaration of counsel submitted in support of the EEOC's Reply makes no mention of any such agreement.  See ECF No. 553-1.

     The EEOC does not offer any explanation as to why the proposed amendments related alter ego, piercing the corporate veil, and successor liability could not have been included in the EEOC's three prior amendments to the complaint.  As noted above, the First Amended Complaint specifically added an alleged parent and successor corporation to another one the defendants.  See ECF No. 12.  Indeed, the EEOC argues that MLP and HPC should have "anticipated" being brought into this litigation since 2010.  See ECF No. 553 at 9.  This argument underscores the fact that the EEOC itself knew or should have known of the facts underlying its proposed amendments since the filing of its original complaint in 2011.  As noted above, where the theory of liability has been known to the party seeking amendment since the inception of the cause of action, requests for leave to amend "are not reviewed

favorably." <u>Royal Ins. Co. of Am.</u>, 194 F.3d at 1017.  The EEOC also does not address the district court's statement that the EEOC was already given a "last opportunity to cure its pleading deficiencies" in the Third Amended Complaint.  <u>See</u> ECF No. 389 at 41.  Under these circumstances, the EEOC has unduly delayed filing the present motion and permitting the EEOC to amend its complaint for the fourth time would cause undue delay to the litigation.

CONCLUSION

Based on the Court's finding of prejudice and undue delay, the Court DENIES Plaintiff United States Equal Employment Opportunity Commission's Motion to Amend its Third Amended Complaint to Add as Defendants Maui Land & Pineapple, Company, Inc. and Haliimaile Pineapple Company, Ltd.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 9, 2013.



                              Richard L. Puglisi
                              United States Magistrate Judge

**E.E.O.C. V. GLOBAL HORIZONS, INC., ET AL., CIVIL NO. 11-00257 LEK-RLP; ORDER DENYING PLAINTIFF EEOC'S MOTION TO AMEND ITS THIRD AMENDED COMPLAINT TO ADD AS DEFENDANTS MAUI LAND & PINEAPPLE, COMPANY, INC. AND HALIIMAILE PINEAPPLE COMPANY, LTD.**