Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Lorena Garcia-Bautista, CA SBN 234091
Elizabeth Esparza-Cervantes, CA SBN 205412
Derek W. Li, CA SBN 150122
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 E. Temple Street, 4th Floor
Los Angeles, California 90012
Telephone: (213) 894-1082
Facsimile: (213) 894-1301
E-mail: lado.legal@eeoc.gov
Attorneys for Plaintiff EEOC

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>   v.<br><br>GLOBAL HORIZONS, INC. D/B/A GLOBAL HORIZONS MANPOWER, INC.; CAPTAIN COOK COFFEE COMPANY, LTD.; DEL MONTE FRESH PRODUCE (HAWAII), INC.; KAUAI COFFEE COMPANY, INC.; KELENA FARMS, INC.; MAC FARMS OF HAWAII, LLC N/K/A MF NUT CO., LLC; MAUI PINEAPPLE COMPANY, LTD. A/K/A MAUI PINEAPPLE FARMS; ALEXANDER & BALDWIN, INC.; MASSIMO ZANETTI BEVERAGE USA, INC.; AND DOES 1-15, INCLUSIVE;<br><br>        Defendants. | CIVIL ACTION NO. 11-00257-LEK-RLP<br><br>**CONSENT DECREE**<br><br>The Honorable Leslie E. Kobayashi<br>U.S. District Court Judge |

## I.    INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC") filed a federal action against defendant Del Monte Fresh Produce (Hawaii), Inc. ("DMFPHI"), entitled *EEOC v. Global Horizons, Inc., et al.*, Case Number 11-00257-LEK-RLP, to correct the unlawful employment practices.  Specifically, the EEOC alleged that DMFPHI and Global Horizons, Inc. ("Global") subjected a class of Thai workers ("Claimant") to a pattern or practice of disparate treatment and a hostile work environment on the basis of their Thai national origin and/or Asian race, retaliation, and/or constructive discharge in violation of Title VII.  Defendant DMFPHI denies any liability in this action.  This Decree and compliance with it shall not be construed as an admission of any liability whatsoever or as an admission by DMFPHI of any discrimination against the Claimants in violation of Title VII.

## II.    PURPOSES OF THIS DECREE

A.    In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC and DMFPHI (hereinafter collectively referred to as "the Parties") have agreed that this action against DMFPHI should be finally resolved by entry of this Decree.  This Decree shall be binding on and enforceable against all Parties, their agents, successors, and assigns. The Parties agree that this Decree resolves any and all claims arising out of the underlying Third Amended Complaint as to DMFPHI only.

## III.    JURISDICTION

The Court has jurisdiction over the parties and the subject matter of this Action, pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, 1367 and 42 U.S.C. Section 2000(e)(5).  The Court shall retain jurisdiction of this Action for the duration of this Decree for the purposes of entering all orders, judgments and

decrees that may be necessary to implement the terms and conditions specified herein.

## IV.  FINDINGS

Having examined the terms and provisions of this Decree and based on the pleadings, record, and stipulation of the Parties, the Court finds the following:

A. The Court has jurisdiction over the Parties and the subject matter of this action. The Third Amended Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

B. The terms and provisions of this Decree are adequate, fair, reasonable, equitable and just, and adequately protects the interests of those Claimants eligible for relief in this case. The entry of this Decree will further the objectives of Title VII and will be in the best interest of the Parties and Claimants.

C. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person.

## V.  RESOLUTION OF CLAIMS

A. The Parties agree that this Decree resolves all claims that EEOC alleged under Title VII in its Third Amended Complaint filed on July 2, 2012 in the United States District Court for the District of Hawaii entitled *EEOC v. Global Horizons, Inc., et al.*, with Case Number 11-00257-LEK-RLP, against defendant DMFPHI only. The Decree constitutes a complete resolution of all claims under Title VII that were made or could have been made by the EEOC in this action against DMFPHI only.

B. Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce the terms of this Decree in accordance with its enforcement provisions.

C. Nothing in this Decree shall be construed to limit or to reduce DMFPHI's obligations to comply fully with Title VII or any other federal

employment statute.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges of discrimination unrelated to this Action that may later arise against DMFPHI in accordance with standard EEOC procedures.

## VI.   EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("Effective Date").

B.      This Decree shall remain in effect for two (2) years after the Effective Date.

## VII.  DEFINITIONS

A.      The Plaintiff in this action is the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission").

B.      The defendant is Del Monte Fresh Produce (Hawaii), Inc., its officers, directors, assigns, successors-in-interest, and individual owners based on the administrative charges underlying this lawsuit.  Del Monte Fresh Produce Company ("DMFPC") is not a party to this lawsuit, but agrees to be a party to this Decree to remain responsible for the enforcement of this Decree.  DMFPC shall designate its Senior Vice President of Human Resources as the individual to confirm compliance with the terms of this Decree ("Compliance Officer").  The Compliance Officer's duties under this Decree are set forth below in Section XII.B.4.

C.      "Farm Labor Contractors" or "FLCs" shall mean contractors who provide agricultural field laborers.

D.      "DM Farms" shall mean agricultural growing facilities located in the United States of America that are operated and managed by DMFPC or its wholly owned United States of America subsidiaries.

E. "DM Entities" shall mean DMFPC and its wholly owned United States of America subsidiaries.

## VIII. MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

C. By mutual agreement of the parties, this Decree may be amended or modified in the interest of justice and fairness in order to effectuate the provisions of this Decree.

## IX. COMPLIANCE AND DECREE ENFORCEMENT

A. The parties expressly agree that if the Commission has reason to believe that DMFPHI and/or DMFPC has failed to comply with any provision of this Consent Decree, the Commission may bring an action before this Court to enforce the Decree. Prior to initiating such action, the Commission will notify DMFPC's Senior Vice President of Human Resources and its legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the Commission believes has been breached. Absent a showing that the delay will cause irreparable harm, DMFPHI and DMFPC shall have thirty (30) days to attempt to resolve or cure the breach prior to seeking relief from the Court.

B. The parties agree to cooperate with each other and to use their best efforts to resolve any dispute referenced in the EEOC notice.

C. After thirty (30) days have passed with no resolution or agreement to extend the time further, the Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action and DMFPHI and DMFPC will have an opportunity to respond. Should the Court determine that DMFPHI and/or DMFPC has not complied with this Decree, in whole or in part, it may impose appropriate relief, including extending the period of the Decree. This provision shall not apply if the breach involves a failure to pay money under this Decree. The parties shall comply with the Court's briefing schedule pursuant to the Federal Rules.

## X.  CLAIMANT SPECIFIC RELIEF

DMFPHI shall cause to be paid, either by one or more DM Entities and/or their insurer, a total of ONE MILLION TWO HUNDRED THOUSAND DOLLARS ($1,200,000) (the "Settlement Fund"), to the EEOC to be distributed, as directed by the EEOC, amongst the Claimants identified by the EEOC to DMFPHI (collectively, "Claimants").  The EEOC has the sole discretion to distribute the Settlement Fund.

On or before the one (1) year anniversary from the Effective Date, subject to extension at the written request of the EEOC to DMFPC and DMFPHI at least thirty (30) days prior to the anniversary of the Effective Date and the written consent of DMFPC and DMFPHI to the requested extension, such consent not to be unreasonably withheld, the EEOC shall provide a distribution list of the Claimants to DMFPC and DMFPHI designating the full name, any information that is required to allow the paying entity to properly report the payments to

appropriate government taxing authorities, date of birth, and mailing address for each individual Claimant and the dollar amount to be distributed to that Claimant ("Distribution List").  Payment will not be made to any Claimant for whom all Distribution List information is not provided.  DMFPHI and/or its insurer shall cause the checks to be mailed to the Claimants within ninety (90) days from the date the completed Distribution List, including all necessary distribution and tax reporting information, is received by DMFPHI.  The 90 day period will start when all required information for all Claimants is provided to DMFPHI.  DMFPHI's payment obligations will be satisfied upon the mailing of the checks and the checks being honored upon timely presentment.

DMFPHI, DMFPC or their insurer shall notify the EEOC of any check that is not negotiated within ninety (90) days of issuance.  Upon receipt of such notice, the EEOC shall have an additional ninety (90) days to cure and/or specify redistribution of the amount that has not been negotiated.  The EEOC shall advise DMFPHI and DMFPC if more than one hundred eighty (180) days are needed by the EEOC under reasonable circumstances to cure and/or specify redistribution of the remainder.  DMFPHI and/or its insurer shall redistribute the remainder within ninety (90) days of receipt of information to cure and/or specify redistribution of any check that has not been negotiated from the EEOC.  DMFPC, DMFPHI, or their insurer shall notify the EEOC of any checks not negotiated after the redistribution. Thereafter, all other terms notwithstanding, DMFPC, DMFPHI, all other DM Entities, and their insurer, as well as their banks and other financial institutions, will have no obligation to make payment to, or to honor any check issued to, any Claimant if the Claimant's check is not negotiated more than six months after it is issued.

The EEOC has designated the damages to be solely for emotional distress and non-wage damages under Title VII.

## XI. GENERAL INJUNCTIVE RELIEF

### A. Non-Discrimination and Non-Retaliation

#### 1. Discrimination

DMFPHI, and it directors, officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in concert or participation with them, or any of them, are hereby enjoined from:

(a) engaging in discrimination and/or harassment of any person on the basis of their national origin and/or race;

(b) engaging in or being a party to any action, policy, or practice that is intended or is known to them to have the effect of discriminating, harassing or intimidating any employee on the basis of their national origin and/or race; and/or

(c) creating, facilitating, or permitting the existence of a work environment that is hostile to employees on the basis of national origin and/or race.

#### 2. Retaliation

DMFPHI, and its directors, officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in, implementing, or permitting any action, policy or practice with the purpose of retaliating against any current or former employee of DMFPHI because he or she has in the past, or during the term of this Decree:

(a) opposed any practice made unlawful under Title VII;

(b) filed a charge of discrimination alleging such practice;

(c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by DMFPHI), proceeding in connection with this case and/or relating to any claim of a Title VII violation;

(d) was identified as a possible witness or Claimant in this action;

(e) asserted any rights under this Decree; or

(f) sought and/or received any relief in accordance with this Decree.

### B. Contracts with Farm Labor Contractors

In all contracts entered into between DM Entities (as defined below) and any FLC (as defined in section VII.C) during the duration of this Decree, the following shall be observed.

#### 1. Prior to Contracting

Prior to contracting with FLCs at DM Farms, DM Entities will have the FLCs confirm in writing that they have the following policies or practices in place regarding employment:

a. All State and Federal employment laws will be followed, including specifically all laws relating to discrimination based on a legally protected class in employment.

b. No tolerance for prohibited discrimination based on legally protected classes under Title VII.

c. No tolerance for retaliation for complaints made regarding discrimination based on legally protected classes under Title VII.

#### 2. Terms of Contract with FLCs

    a. In any contract between a DM Entity and a FLC for the provision of agricultural laborers at a DM Farm, ("Contract"), the following provisions shall be included.

      i. The FLC shall comply with its policies prohibiting discrimination based on legally protected classes under Title VII;

      ii. The FLC shall provide to its employees a telephone number to report any complaints regarding any DM Entities' employees in language the workers can understand;

      iii. Each payment request will be deemed a certification by the FLC that the FLC's laborers working at the DM Farm have been paid in full and received all required benefits for current and prior time periods of work at the DM Farm.

    b. If any DM Entity receives a complaint related to the FLC's alleged violation of its non-discrimination and non-retaliation policies, such complaint will be forwarded to FLC for prompt resolution according to FLC's policies which shall comport with Federal law and FLC shall inform the DM Entity of the results of its investigation.

    c. FLC will maintain payroll records, including names of workers, hours worked, and amounts paid and provide such to the DM Entity upon request.

    d. At DM Farms using labor from an FLC

      i. DMFPC will cause to be posted notices providing a toll-free number that allows for reporting of violations by anyone;

      ii. If it receives complaints regarding an FLC, it will direct the complaint to the FLC for resolution; and

      iii. If it receives complaints about a DM Entity employee, it will follow DMFPC's personnel procedures.

    e. The FLC shall report to the DM Entity all complaints of unlawful discrimination and/or retaliation by a FLC employee assigned/working at a DM Farm and will maintain records of investigation and disposition of such complaints.

    f. The FLC will allow site visits by the DM Entity for purposes of enforcing the Contract.  The FLC will provide records of investigation and disposition of discrimination or retaliation complaints to the DM Entity upon request.

   3. Terms of Contracts with FLCs that will utilize laborers who have H-2A visas will include the terms included in Section XII.B.2, above, but will also include:

    a. The Contract shall include a provision that each pay request by the FLC will be deemed a certification that:

     i. Each worker has been paid in full according to his or her contract, and that the amount paid to each worker is at least as much as required by law to be paid under the H-2A visa program.

     ii. If housing is provided by the FLC, the housing provided by the contractor for the H-2A workers meets all legal requirements.

     iii. The FLC continues to maintain a system that allows discrimination and retaliation complaints by workers in their native language.

     iv. All laws of the United States and the State in which the work is occurring have been obeyed particularly federal anti-discrimination laws in employment.

   4. Compliance Officer

As of the Effective Date, DMFPC's Senior Vice President of Human Resources, or such other person having demonstrated experience in the area of employment discrimination, harassment, and retaliation issues, and the H-2A requirements as DMFPC shall designate, shall confirm compliance with the terms of this Decree ("Compliance Officer").  DMFPC shall inform the EEOC of any changes of the designee within twenty (20) business days of any such change or designation.

To the extent that DMFPC receives complaints from FLC workers that such workers have been discriminated against by DMFPC employees based on legally protected classes under Title VII, such complaints shall be investigated by DMFPC.  The complainant shall be informed of the complaint process and that DMFPC shall take immediate and appropriate corrective and preventative actions when it determines that harassment, discrimination or retaliation occurred relating to its employees.  DMFPC shall investigate complaints and report to the EEOC of any complaints and results of the investigations directed at DMFPC employees by FLC workers.

DMFPC shall conduct at least two audits during the term of the Decree to confirm FLCs' compliance with the terms of this Decree. The audits shall include site visits, review of documents, and, if necessary, interviews of third parties or DMFPC employees, if necessary.  The underlying documents reflecting the results of the audit shall be maintained by DMFPC and a summary of the results of the audit shall be provided to the EEOC within 90 days of completion of the audit. DMFPC shall provide the following: (1) confirm with the EEOC that the audit was completed; (2) briefly summarize the results, and (3) identify any steps taken to resolve any issues identified by the audit.  This provision is subject to the cure provision set forth in paragraph IX. Should the EEOC require any underlying documents, DMFPC shall be given 30 days' notice of the

request. Prior to requesting any underlying documents, the EEOC shall engage DMFPC in good faith discussions which may include an in-person meeting and/or utilization of Amy Lieberman or other agreeable mediator, at DMFPC's cost, to mediate any disputes or concerns raised by the audits or the request for documents.

    C.    <u>Training</u>

Within ninety (90) days after the Effective Date, DM Entities' operating DM Farms shall require farm managers, farm supervisors, human resource, and recruiting personnel to attend a comprehensive training program on harassment, discrimination, and retaliation. The training shall be mandatory and occur once a year for the term of this Decree. Any farm manager, farm supervisor, human resource, and recruiting personnel who failed to attend scheduled training shall be trained within thirty (30) days of the live training set forth above.

    1.    The training shall include coverage of the subjects of equal employment opportunity rights and responsibilities, discrimination, harassment, retaliation, and DMFPC's policies and procedures for reporting and handling complaints of discrimination, harassment and retaliation.

    2.    The human resource training shall include training on how to identify complaints and also how to properly handle complaints received from employees and FLC workers about discrimination and/or harassment and/or retaliation, how to take preventive and corrective measures against discrimination and/or retaliation, and how to recognize and prevent discrimination and/or retaliation.

    3.    Farm managers, farm supervisors, human resource, and recruiting personnel shall also be trained on proper hiring, recruitment, promotion, screening, transfer, and/or retention procedures that

       provide that employees, regardless of their national origin, are provided with equal employment opportunities which do not deny them employment in any positions as required under Title VII. The training shall also encompass a comprehensive overview of DMFPC's EEO policies and procedures. Farm managers, farm supervisors, human resource, and recruiting personnel shall also be trained on recognizing, monitoring, avoiding, preventing, and correcting discrimination, harassment, and retaliation in the workplace, on how to properly handle complaints of discrimination, harassment and/or retaliation, obligations of what to do with complaints, and how to recognize such complaints with its employees and also on handling complaints from FLC workers.

4. Specifically, human resource individuals shall be trained in monitoring work areas and investigations in compliance with DMFPC's policies and procedures against harassment, discrimination, and retaliation and compliance with Title VII.

5. After the initial training as specified above, farm managers, farm supervisors, human resource, and recruiting personnel shall receive the training at least annually thereafter for the remainder of the term of this Decree.

6. All employees required to attend such training shall verify their annual attendance in writing. A log shall be maintained By DMFPC to track who attended each training.

E. Posting

Within ten (10) days after the Effective Date, DMFPC shall post the statement attached hereto as "Exhibit A" in a clearly visible location frequented by

employees at all DM Farms. The notice shall be posted in English, Spanish, and/or such other dominant language reasonably determined to be necessary for effective communication to DMFPC's workforce. The notice shall remain posted for the duration of the Decree.

## XII. RECORD KEEPING AND REPORTING

DMFPC shall establish a record-keeping procedure that provides for the centralized tracking of discrimination and retaliation complaints and the monitoring of such complaints to prevent retaliation. The records to be maintained shall include:

    A.    <u>Recordkeeping of Discrimination and Retaliation Complaints</u>

    1.    All documents generated in connection with any complaint, investigation into, or resolution of every complaint of harassment, discrimination or retaliation for the duration of the Decree and the identities of the parties involved that is reported to DMFPC's human resource department. DMFPC shall verify that its managers, supervisors, and leads are informed of their responsibilities to promptly inform the human resources department of complaints they receive about discrimination, retaliation, or harassment. This includes any disciplinary actions taken against an employee and any findings, to the extent such disciplinary action or findings occurred;

    2.    All forms acknowledging employees' receipt of DMFPC's discrimination and anti-retaliation policy;

    3.    Documents tracking and analyzing complaints filed against the same employee;

    4.    All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session;

    5.    All documents pertaining to Farm Labor Contractors as set forth above in Section XI.B.

    B.    <u>Reporting</u>

Within 120 days after the Effective Date and annual thereafter for the term of this decree, DMFPC shall submit to the EEOC an initial report which contains:

(1) a copy of any revised anti-harassment, anti-discrimination and anti-retaliation policies and procedures;

(2) confirmation of completion of the training sessions;

(3) confirmation of compliance of its obligations relating to FLCs in Section XII.B.

(4) confirmation that the required audits have occurred; and

(5) description of any complaints received by DMFPC HR department from an FLC employee/worker relating to national origin or retaliation discrimination. DMFPC shall include the names of the individual alleging discrimination, the alleged perpetrator, the nature of the complaint, a brief summary of the investigation, and the nature of the resolution.

    2.    Copy of the toll free number and posting and confirmation of its distribution; Overall compliance or non-compliance with the terms of the Decree set forth herein, specifically Section XII.

## XIII. MISCELLANEOUS PROVISIONS

    A.    <u>Successors In Interest</u>

During the term of this Consent Decree, DMFPC shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time

of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of DMFPC's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

    B.    <u>Notice</u>

During the term of this Consent Decree, DMFPC and its successors shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

    C.    <u>Costs of Administration and Implementation of Consent Decree</u>

Each party shall bear its own costs of suit and attorneys' fees. DMFPHI and DMFPC shall bear all costs associated with their administration and implementation of their obligations under this Consent Decree. All costs associated with executing the Decree and compliance with the Decree shall be paid by DMFPHI.

    D.    <u>Costs and Attorney's Fees</u>

Each Party shall bear its own costs of suit and attorneys' fees.

    E.    <u>Counterparts and Facsimile Signatures</u>

This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

The parties agree to entry of this Decree and judgment subject to final approval by the Court. All parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree as an Order of this Court.

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Anna Y. Park

Dated: 11/15/ 2013         By:    /s/ Anna Y. Park
                                  Anna Y. Park
                                  Regional Attorney for
                                  U.S. EEOC

Dated: 9/26/ 2013          By:    /s/ David W.H. Chee
                                  Attorney for Defendant
                                  Del Monte Fresh Produce (Hawaii), Inc.

Dated: 9/26/ 2013          By:    /s/ Richard Contreras
                                  Representative of Defendant
                                  Del Monte Fresh Produce (Hawaii), Inc.

Dated: 9/26/ 2013          By:    /s/ Marissa "Louie" Tenazas
                                  Representative of Defendant
                                  Del Monte Fresh Produce Company

## ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.  The Court hereby retains jurisdiction over this Consent Decree until its termination as determined by the Court in accordance with its terms.

IT IS SO ORDERED.

Date:  11/26/13



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge