IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | CIVIL 11-00257 LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| GLOBAL HORIZONS, INC., DBA GLOBAL HORIZONS MANPOWER, INC.; CAPTAIN COOK COFFEE COMPANY LTD.; DEL MONTE FRESH PRODUCE (HAWAII), INC.; KAUAI COFFEE COMPANY, INC.; KELENA FARMS, INC.,; MAC FARMS OF HAWAII, LLC NKA MF NUT CO., LLC; MAUI PINEAPPLE COMPANY, LTD. AKA MAUI PINEAPPLE FARMS; ALEXANDER & BALDWIN, INC.; MASSIMO ZANETTI BEVERAGE USA, INC.; AND DOES 1-15, INCLUSIVE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT GLOBAL HORIZONS, INC.
D/B/A GLOBAL HORIZONS MANPOWER INC.'S AFFIRMATIVE DEFENSES
<u>AND DENYING GLOBAL HORIZONS'S MOTION FOR SUMMARY JUDGMENT</u>**

Before the Court are: Plaintiff Equal Employment

Opportunity Commission's ("the EEOC" or "Plaintiff") Motion for

Partial Summary Judgment on Defendant Global Horizons, Inc. d/b/a

Global Horizons Manpower Inc.'s[1] Affirmative Defenses

("Affirmative Defenses Motion"), filed on November 1, 2013; [dkt.

_____

[1] The Court will refer to Defendant Global Horizons, Inc.
d/b/a Global Horizons Manpower Inc. as "Global Horizons."

nos. 594-95;] and Global Horizons's Motion for Summary Judgment ("Global Horizons Motion"), filed on November 1, 2013 [dkt. no. 599].[2]  Global Horizons did not respond to the EEOC's motions.[3] On December 6, 2013, the EEOC filed a consolidated reply as to all four of its motions, emphasizing Global Horizons's failure to respond.  [Dkt. no. 659.]  The EEOC filed its memorandum in opposition to the Global Horizons Motion on December 2, 2013. [Dkt. no. 652].  Global Horizons did not file a reply in support of its motion.

The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, the EEOC's Affirmative Defenses Motions is HEREBY GRANTED IN PART AND DENIED IN PART, and the Global

---

[2] The Court will issue a separate order addressing: the EEOC's Motion for Partial Summary Judgment on the EEOC's Pattern or Practice Claim of Hostile Work Environment Against Global Horizons, filed on November 1, 2013; [dkt. nos. 606-07;] the EEOC's Motion for Partial Summary Judgment on the EEOC's Pattern or Practice Claim of Disparate Treatment Against Global Horizons, filed on November 1, 2013; [dkt. nos. 610, 612;] and the EEOC's Motion for Partial Summary Judgment on the EEOC's Pattern or Practice Claim of Retaliation Against Global Horizons, filed on November 1, 2013 [dkt. nos. 616, 618].

[3] On November 18, 2013, Defendant Kelena Farms, Inc. filed a statement of no position as to both the Global Horizons Motion and the EEOC's Affirmative Defenses Motion.  [Dkt. nos. 653, 655.]

Horizons Motion is HEREBY DENIED, for the reasons set forth below.

**BACKGROUND**

On April 19, 2011, the EEOC filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991.  The EEOC filed its First Amended Complaint on July 15, 2011, its Second Amended Complaint on December 16, 2011, and its Third Amended Complaint on June 4, 2012.  [Dkt. nos. 12, 128, 263.]  The Third Amended Complaint alleges that the defendants discriminated against a class of Thai agricultural workers ("the Class members") on the basis of their national origin, and/or race and/or in retaliation for their participation in protected activities.  Specifically, the Third Amended Complaint alleges the following claims: pattern or practice of discriminatory treatment based on national origin, retaliation, and/or constructive discharge, in violation of 42 U.S.C. §§ 2000e-2(a), 2000e-3(a) ("Count I"); hostile work environment/harassment, in violation of § 2000e-2(a) ("Count II"); discriminatory terms and conditions of employment, in violation of § 2000e-2(a) ("Count III"); and retaliation, in violation of § 2000e-3 ("Count IV").  [Third Amended Complaint at ¶¶ 622-96.]  Relevant to the instant motions, the Third Amended Complaint prays for: permanent injunctive relief against Global Horizons prohibiting it from engaging in discrimination based on

3

the Class members' national origin and/or race, prohibiting it from engaging in retaliation, and requiring it to provide equal employment opportunities for persons of Thai national origin and/or Asian race and to eradicate the effects of past and present illegal employment practices; an order requiring Global Horizons to make whole Marut Kongpia ("Kongpia"), and similarly situated individuals, through backpay with prejudgment interest, reinstatement, and any other necessary affirmative relief; an order requiring Global Horizons to make whole Kongpia, and similarly situated individuals, through damages for pecuniary losses and non-pecuniary losses suffered as a result of Global Horizons's illegal employment practices; an award of punitive damages to Kongpia, and similarly situated individuals; any other appropriate relief; and an award to the EEOC of the costs of this action.  [Id., Prayer for Relief at ¶¶ A-B, S, BB, KK, UU,[4] CCC, LLL-MMM.]

        Kongpia filed a Charge of Discrimination with the EEOC ("Kongpia Charge") on April 18, 2006, alleging discrimination based on national origin and retaliation.  [Concise Statement of Material Facts in Support of the Affirmative Defenses Motion, filed 11/1/13 (dkt. no. 597) ("Affirmative Defenses CSOF"), Decl. of Sue J. Noh & Exhs. in Supp. of Affirmative Defenses Motion

---

        [4] The citation refers to the first of two consecutive paragraphs designated as "UU."

("Noh Affirmative Defenses Decl."), Exh. 4 at 1.]  In the Kongpia

Charge, he stated, in pertinent part:

> I.    Since 2003, I have been harassed, subjected
>       to different terms and conditions of
>       employment, and intimidated in all aspects of
>       employment with Global Horizons, due to my
>       national origin (Thailand).
>
> II.   On many occasions, I objected the [sic] terms
>       and conditions of employment but was ignored.
>
> III.  I believe I have been harassed, subjected to
>       different terms and conditions of employment,
>       and intimidated because of my national origin
>       (Thailand) and retaliated against for
>       engaging in a protected activity, in
>       violation of Title VII of the Civil Rights
>       Act of 1964, as amended.
>
> IV.   Further, since 2003, I believe that employees
>       as a class have been discriminated against
>       due to their national origin (Thailand) and
>       retaliated against for engaging in a
>       protected activity, in violation of Title VII
>       of the Civil Rights Act of 1964, as amended.

[Id.]  After conducting an investigation, the EEOC issued a

determination letter dated August 19, 2010 to Kongpia and Global

Horizons stating that the EEOC found reasonable cause to

determine that Global Horizons had violated Title VII.  [Noh

Affirmative Defenses Decl., Exh. 8 at 1-2.]  The EEOC issued a

letter dated August 26, 2010 to Global Horizons, inviting Global

Horizons to engage in conciliation efforts, [id., Exh. 9 at 1-4,]

but Global Horizons did not respond [id. at 5-6 (letter dated

9/27/10 to counsel for Global Horizons)].

Global Horizons filed its answer to the Third Amended Complaint ("Answer") on January 23, 2013.  [Dkt. no. 499.] Global Horizons's answer asserts forty-seven affirmative defenses, and the Twenty-First Defense is that "Plaintiff's, Charging Parties', Claimants', and class members' claims are barred by the doctrine of laches."  [Id. at ¶ 112.]  The Global Horizons Motion asks this Court to dismiss all claims against Global Horizons based on the doctrine of laches.  [Global Horizons Motion at 1.]

In the Affirmative Defenses Motion, the EEOC seeks summary judgment as to several of Global Horizons's affirmative defenses.  The EEOC argues that Global Horizons has not identified a genuine issue of material fact as to the merits of those affirmative defenses.  In particular, as to Global Horizons's Twenty-First Defense, the EEOC argues that Global Horizons cannot establish the elements of a laches defense.

<u>**DISCUSSION**</u>

I.  <u>**Admission of Material Facts**</u>

At the outset, this Court notes that Global Horizons failed to respond either to the EEOC's Affirmative Defenses Motion or to the EEOC's Affirmative Defenses CSOF.  Global Horizons's Motion does address one of the affirmative defenses at issue in the EEOC's Affirmative Defenses Motion.  This Court will therefore construe Global Horizons's Separate Statement of

Undisputed Material Facts in Support of the Global Horizons Motion, filed November 1, 2013 ("Global Horizons CSOF"), [dkt. no. 609,] as both the concise statement in support of the Global Horizons Motion and the response to the EEOC's Affirmative Defenses CSOF.  The EEOC did not submit a response to the Global Horizons CSOF.

Local Rule 56.1(g) states: "For purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party."  Thus, with the exception of the statements of fact in the Affirmative Defenses CSOF that Global Horizons controverted in the Global Horizons CSOF, if any, this Court HEREBY DEEMS ADMITTED all of the statements of fact set forth in the EEOC's Affirmative Defenses CSOF.  Similarly, this Court also DEEMS ADMITTED all statements of fact set forth in the Global Horizons CSOF, except those that are controverted by the EEOC's Affirmative Defenses CSOF.

## II.  Global Horizons Motion Regarding Laches Affirmative Defense

The sole argument that Global Horizons raises in its motion is that, under the circumstances of the case, this Court should dismiss all of the EEOC's claims against it based on the doctrine of laches.  In conjunction with the allegations by Thai workers, the EEOC issued a subpoena dated April 20, 2006 to

Pranee Tubchumpol, who was with Global Horizons's human resources office.  [Global Horizons CSOF at ¶ 1, Exh. A.[5]]  The subpoena requested various documents, for the period "January 2003 to the present," including payroll and recruitment records for employees hired form outside of the United States.  [Global Horizons CSOF, Exh. A at 3.]  According to Global Horizons, it responded to the subpoena in full and cooperated with the EEOC's request to interview several Global Horizons employees.  EEOC investigators conducted the interviews on August 22, 2006.  [Id., Exh. M at 1-2 (summary of 2006 investigation in letter dated July 20, 2009 to the EEOC from in-house counsel for Global Horizons).]  Global Horizons submitted a position statement addressing the charges of discrimination filed against Global Horizons.  [Id., Exh. B (letter dated 6/30/06 to the EEOC from counsel for Global Horizons).]

Global Horizons emphasizes that, in 2006, in a matter unrelated to the EEOC's investigation, the United States Department of Labor ("DOL") revoked Global Horizons's H-2A license, effectively barring Global Horizons from the H-2A Visa

---

[5] Global Horizons submitted the Declaration of Mordechai Orian in Support of the Global Horizons Motion ("Orian Declaration").  [Dkt. no. 611.]  Orian states that, from late 2003 through 2007, he was Global Horizons's president and chief executive officer.  [Orian Decl. at ¶ 1.]  The Orian Declaration purports to authenticate several of the exhibits cited in the Global Horizons CSOF, but it does not address all of the exhibits.

Program.[6]  [Id., Exh. C (7/27/06 DOL Determination and Notice of

Prospective Denial of Temporary Alien Agricultural Labor

Certification for Three Years); id., Exh. D (11/30/06 Order by

Administrative Law Judge making 7/27/06 Determination the final

order of the Secretary of Labor).[7]]  Global Horizons then stopped

bringing new workers to the United States.  [Global Horizons CSOF

at ¶ 3.]

Global Horizons states that the EEOC did not seek any

further documents in the investigation until 2009, when the EEOC

requested further information.  [Orian Decl., Exh. L (EEOC

Request for Information dated 6/23/09); Global Horizons CSOF,

Exh. M (Global Horizons's response dated 7/20/09 to 6/23/09

Request for Information), Exh. N (letter dated 8/25/09 to the

EEOC from in-house counsel for Global Horizons).[8]]  Global

Horizons responded that, in light of the fact that it ceased

---

[6] "The Immigration and Nationality Act (INA) authorizes the lawful admission into the United States of temporary, nonimmigrant alien workers to perform agricultural labor or services that are temporary or seasonal in nature.  Such workers are known as H-2A workers . . . ."  [Decl. of Sue Noh & Exhs. in Supp. of Disparate Treatment Motion, Hostile Work Environment Motion, & Retaliation Motion, filed 11/1/13 (dkt. no. 628) ("Noh Merits Decl."), Exh. 39 (dkt. no. 631-3) at 1 (DOL Wage and Hour Division, Fact Sheet #26B: Section H-2A of the Immigration and Nationality Act (INA)).]

[7] Exhibit C is dkt. no. 611-3, and Exhibit D is dkt. nos. 638-1, 638-2, and 638-3.

[8] Exhibit L is dkt. no. 624, Exhibit M is dkt. no. 625, and Exhibit N consists of dkt. nos. 638-9 and 638-10.

bringing in foreign workers in 2006, it had no other documents to produce.  [Global Horizons CSOF, Exh. N.]  Global Horizons argues that, because the EEOC did not issue right-to-sue letters after the 2006 investigation, the EEOC made "a *de facto* determination of no cause[.]"  [Mem. in Supp. of Global Horizons Motion at 3.] Global Horizons emphasizes that the EEOC did not file the instant action until five years after the filing of the Kongpia Charge. [Id. at 4.]

     Global Horizons argues that laches is a legitimate, equitable defense to Title VII claims, and it applies under the circumstances of this case.  Orian states that Global Horizons "has no assets and cannot pay its debts and judgments[,]" and this was the case as far back as June 3, 2008.  [Orian Decl. at ¶ 10; id., Exh. J (Decl. of Mordechai Orian filed 6/3/08 in Perez-Farias, et al. v. Global Horizons Inc., et al., 05-CV-3061 (RHW) (E.D. Wash.)).]  In September 2010, when Orian was indicted on criminal charges, Global Horizons had some attorneys on staff through another of Orian's corporations, but that corporation is now defunct.  In September 2010, Global Horizons had "no other employees, assets, or operations."  [Orian Decl. at ¶ 12.]  The attorneys remained on staff to address pending legal matters, including the appeal of November 30, 2006 decision by the Secretary of Labor.  [Mem. in Supp. of Global Horizons Motion at 9.]  Orian states that he has been forced to represent Global

Horizons as its president in this action "without any financial resources, support personnel, human resources employees, paralegal assistance, and without any logistical support necessary to adequately defend Global [Horizons], due to the EEOC's belated and unjust delay and laches in bringing suit against Global [Horizons]." [Orian Decl. at ¶ 15.]  Orian states that he lacks the personal funds to defend this action against Global Horizons, and Global Horizons already has over $4,000,000.00 in judgments and tax liens against it in different jurisdictions. [Id. at ¶¶ 16-17, Exhs. E-G, I-J, P.]  Global Horizons also asserts that many of its employees during the relevant time period would be unavailable to testify at trial. Thus, Global Horizons argues that it has been severely prejudiced by the EEOC's delay in bringing this action. [Mem. in Supp. of Global Horizons Motion at 9.]

Global Horizons emphasizes that courts have rejected the EEOC's workload as a justification for an unreasonable delay in bringing a civil action. [Id. at 11 (some citations omitted) (citing EEOC v. Alioto Fish Co., 623 F.2d 86, 88 (9th Cir. 1980); EEOC v. Massey-Ferguson, 622 F.2d 271, 277-78 (9th Cir. 1980)).]

The EEOC argues that the passage of time between the filing of the Kongpia Charge and the filing of this action did not result in prejudice to Global Horizons because Global Horizons received notice of the Kongpia Charge before it ceased

operations and while it still had attorneys on staff.  Further,

Global Horizons admits that it was able to preserve data.  The

EEOC emphasizes that Global Horizons has not identified any

specific evidence that Global Horizons allegedly lost over time.

The EEOC also asserts that the investigation was not dormant from

2006 to 2009; the EEOC was pursuing the investigation of other

defendants and examining those entities' interactions with Global

Horizons.  The EEOC therefore argues that there was no

unreasonable delay or lack of diligence in bringing this action.

The district court has already set forth the applicable

law regarding laches in connection with Global Horizons's

previous motion to dismiss:[9]

> The Ninth Circuit recognizes "laches or an
> unreasonable delay prejudicing the defendant . . .
> as a defense to a Title VII action brought by the
> EEOC."  Boone v. Mech. Specialties Co., 609 F.2d
> 956, 959 (9th Cir. 1979); see also Gifford [v.
> Atchison, Topeka & Santa Fe Ry. Co.], 685 F.2d
> [1149,] 1152 [(9th Cir. 1982)] ("This court has
> affirmed the dismissal on the ground of laches of
> both private Title VII suits . . . and suits
> brought by the EEOC.").  A claim is barred by
> laches upon a finding that (1) the plaintiff's
> delay was unexcused or unreasonable, and (2) the
> delay caused prejudice to the defendant.  See
> Boone, 609 F.2d at 958.

---

[9] This case was originally assigned to United States
District Judge David Alan Ezra, but was reassigned to this Court
on November 15, 2012.  [Dkt. no. 418.]  Global Horizons filed its
Motion to Dismiss Third Amended Complaint on September 18, 2012.
[Dkt. no. 371.]  Judge Ezra ruled on Global Horizons's motion to
dismiss on November 8, 2012 ("11/8/12 Order").  904 F. Supp. 2d
1074.

Determining whether delay was unexcused or unreasonable and whether prejudice ensued necessarily demands "a close evaluation of all the particular facts in a case." Kling v. Hallmark Cards Inc., 225 F.3d 1030, 1041 (9th Cir. 2000). As a result, a claim is not easily disposed of at the motion to dismiss stage based on a defense of laches. See Kourtis v. Cameron, 419 F.3d 989, 1000 (9th Cir. 2005) (overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008)) (concluding that a laches defense was premature at the motion-to-dismiss phase because of the difficulty of establishing such a defense based exclusively upon the factual allegations set forth in the complaint); cf. Bratton v. Bethlehem Steel Corp., 649 F.2d 658, 666-67 (9th Cir. 1980) ("Laches questions are seldom susceptible of resolution by summary judgment, because where laches is raised as a defense the factual issues . . . involved can rarely be resolved without some preliminary evidentiary inquiry.") (internal quotation marks and citations omitted).

The Court concludes that it is not clear on the face of the complaint that the EEOC's delay in bringing suit was unreasonable or unexcused, and therefore declines to find that the EEOC's claims are barred by laches at this juncture. Five years lapsed between the date a charge was filed against Global with the EEOC and the date the EEOC instituted this suit. The passage of five years does not by itself establish unreasonable delay. See, e.g., EEOC v. Liberty Loan Corp., 584 F.2d 853, 857 (8th Cir. 1978) ("We are unwilling to say that any set length of delay is per se unreasonable, but rather look to the facts of each case to determine reasonableness."); EEOC v. Autozone, Inc., 258 F. Supp. 2d 822, 826-27 (W.D. Tenn. 2003) ("[T]he reasonableness of the EEOC's delay does not depend on the total amount of time between filings, but on the EEOC's reason for the delay."); EEOC v. Peterson, Howell & Heather, Inc., 702 F. Supp. 1213, 1222 (D. Md. 1989) ("This Court, consistent with other courts, refuses to find any specific period of delay by the EEOC unreasonable per se."). It is not impossible that the EEOC could advance reasonable justifications

13

for a delay of five years. See Gifford, 685 F.2d at 1152 (holding that the district court did not err in denying summary judgment on the basis of laches where plaintiff submitted an extensive affidavit with excuses for 9-year delay).

Moreover, Defendant Global has not adequately demonstrated prejudice. "Courts have recognized two chief forms of prejudice in the laches context—evidentiary and expectations-based." Danjaq LLC v. Sony Corp., 263 F.3d 942, 955 (9th Cir. 2001). The former "includes such things as lost, stale or degraded evidence, or witnesses whose memories have faded or who have died." Id. The latter "occurs when a defendant 'took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly.'" Evergreen Safety Council v. RSA Network Inc., 697 F.3d 1221, 1227 (9th Cir. 2012) (quoting Danjaq, 263 F.3d at 955). Global has failed to establish either with its allegation that it has no Human Resources department to facilitate the collection of evidence; its complaint that the CEO, "besieged by a recently dismissed criminal indictment," cannot possibly respond to the TAC's allegations himself; and its claim that "[p]otentially many of [Global's] key employees . . . would not be able or available to testify at trial." Global's claim that the fact of delay creates a presumption of prejudice is incorrect. See Bratton, 649 F.2d at 667 n.8 (observing that its statement to that effect in Boone, 609 F.2d at 958, was dictum). In fact, the Ninth Circuit has indicated that "[w]hatever may be an appropriate use of presumptions in laches cases not involving Title VII, we believe that prejudice should not be lightly presumed from delay in Title VII cases." Id.

EEOC v. Global Horizons, Inc., 904 F. Supp. 2d 1074, 1094-96 (D. Hawai`i 2012) (some alterations in Global Horizons) (footnotes and some citations omitted). The district court therefore denied Global Horizons's motion to dismiss the Third Amended Complaint. Id. at 1096.

First, as to Global Horizons's argument that the EEOC made a "*de facto* determination of no cause" because it failed to issue right-to-sue letters by 2009, this Court notes that Global Horizons does not cite any legal authority in support of this argument.  Moreover, this Court was not able to find any authority supporting Global Horizons's position.  It is well-established that, "[t]he EEOC is not subject to any statute of limitations restriction on its ability 'to file suit in a federal court.'"  EEOC v. Catholic Healthcare W., 530 F. Supp. 2d 1096, 1107 (C.D. Cal. 2008) (quoting Occidental Life Ins. Co. of Cal. v. EEOC, 432 U.S. 355, 366, 97 S. Ct. 2447, 53 L. Ed. 2d 402 (1977)).  This Court therefore rejects Global Horizons's argument that the EEOC's failure to issue right-to-sue letters by 2009 precluded the EEOC from bringing this action in 2011.

The remainder of the arguments that Global Horizons now raises in support of its motion are the same as the arguments that the district court rejected in denying Global Horizons's motion to dismiss the Third Amended Complaint.  Global Horizons now argues that the EEOC's delay in bringing this civil action was unexcused or unreasonable because five years elapsed between the start of the investigation and the filing of this action. See, e.g., Mem. in Supp. of Global Horizons's Motion at 8 & 9. In denying Global Horizons's motion to dismiss, the district court ruled that "[t]he passage of five years does not by itself

15

establish unreasonable delay." Global Horizons, 904 F. Supp. 2d at 1095.  In support of its position that the five-year delay is unexcusable or unreasonable, Global Horizons asserts that, between 2006 and 2009, there was "[c]omplete inaction by the EEOC[.]" [Global Horizons CSOF at ¶ 5.]  Global Horizons, however, does not identify any evidence supporting this assertion.  The EEOC argues that the record in this case establishes that, from 2006 to 2009, the EEOC continued investigating other entities involved in this case. [EEOC Mem. in Opp. to Global Horizons Motion at 3.]  The EEOC has introduced correspondence from that time period showing that the EEOC was actively investigating the matter, including, inter alia: inspecting documents from Defendant Maui Pineapple Company, Ltd. ("Maui Pineapple"); issuing subpoenas to Maui Pineapple; and conducting on-site interviews at the Maui Pineapple farm. [Decl. of Sue Noh in Supp. of the EEOC's Motion for Partial Summary Judgment on Defendant Maui Pineapple Company, Ltd.'s Affirmative Defenses 1, 3, 4, 6, 7, 8, 9, 10, 11, 14, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31 and 32, filed 11/1/13 (dkt. no. 591) ("Noh Maui Pineapple Decl."), Exh. 4-6.]  Global Horizons did not respond to the EEOC's argument that the five-year delay from the start of the investigation to the filing of the complaint was reasonable because the EEOC was actively investigating different aspects of this case during that time.

In considering the Global Horizons Motion, this Court must view the evidence in the light most favorable to the EEOC. See Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 988 (9th Cir. 2006). Under that standard, this Court finds that there are no genuine issues of material fact as to the reasonableness of the five-year delay between the start of the investigation and the filing of the original complaint in this action. This Court cannot conclude that Global Horizons has established that, as a matter of law, the five-year delay was unexcusable or unreasonable under the circumstances of this case.

Insofar as Global Horizons must establish both that, 1) the delay was unreasonable or unexcusable, **and** 2) Global Horizons suffered prejudice as a result of the delay, this Court need not reach the issue of whether the delay was prejudicial. This Court, however, will address the issue of prejudice for the sake of completeness. Global Horizons argues that it no longer has any employees, and thus has no one but its principal, Mordechai Orian, to respond to this action, and it has no assets to fund its defense. Global Horizons also makes the general claim that many of its prior employees, who would have been key witnesses, may potentially be unavailable. Global Horizons does not identify any specific potential witnesses who are unavailable due to the amount of time that has passed since the EEOC began its investigation. Again without citing legal authority, Global

17

Horizons asserts that, under the circumstances of this case, there is a presumption that it has suffered prejudice as a result of the lapse of time.  [Mem. in Supp. of Global Horizons Motion at 9-10.]  As previously noted, this district court has already rejected Global Horizons's argument that the circumstances described in the Global Horizons Motion, if proven, would establish adequate prejudice for purposes of a laches affirmative defense.  11/8/12 Order, 904 F. Supp. 2d at 1095-96.  For the same reasons, this Court cannot find that Global Horizons is entitled to summary judgment on the issue of prejudice.  Insofar as Global Horizons has failed to establish either of the required elements of the laches defense, this Court DENIES the Global Horizons Motion.

## III. The EEOC's Affirmative Defenses Motion

The EEOC's Affirmative Defenses Motion addresses Global Horizons's Third, Fourth, Fifth, Ninth, Twenty-First, Twenty-Second, Twenty-Fourth, Twenty-Fifth, Twenty-Ninth, Thirtieth, Thirty-Seventh, Thirty-Eighth, Thirty-Ninth, Fortieth, Forty-Second, Forty-Fourth, and Forty-Sixth Defenses.

### A. Failure to State a Claim

Global Horizons's Third Defense asserts that the Third Amended Complaint "fails to state a claim upon which relief can be granted."  [Answer at ¶ 94.]  First, this district court has recognized that a defense asserting that the complaint fails to

18

state a claim is not an affirmative defense.  <u>See, e.g.</u>,

<u>Walker-Cook v. Integrated Health Res., LLC</u>, Civil No. 12-00146

ACK-RLP, 2012 WL 4461159, at *2 (D. Hawai`i Aug. 10, 2012).  In

<u>Walker-Cook</u>, the district court stated:

> "A defense which demonstrates that plaintiff has
> not met its burden of proof is not an affirmative
> defense." <u>Zivkovic v. S. Cal. Edison Co.</u>, 302
> F.3d 1080, 1088 (9th Cir. 2002)(citing
> <u>Flav-O-Rich v. Rawson Food Serv., Inc.</u>, 846 F.2d
> 1343, 1349 (11th Cir. 1988)).  Defenses that
> negate an element of the plaintiffs' prima facie
> case "are excluded from the definition of
> affirmative defense in Federal Rule of Civil
> Procedure 8(c)." <u>Flav-O-Rich</u>, 846 F.2d at 1349
> (citing <u>Ford Motor Co. v. Trans. Indem. Co.</u>, 795
> F.2d 538, 546 (6th Cir. 1986)).

<u>Id.</u>

Even assuming, *arguendo*, that the argument that the

plaintiff failed to state a claim can be an affirmative defense,

this Court emphasizes that Global Horizons filed a motion to

dismiss the Third Amended Complaint.  [Dkt. no. 371.]  The

11/8/12 Order denied Global Horizons's motion to dismiss, insofar

as the district court concluded that all four counts of the Third

Amended Complaint pled plausible claims for relief.  904 F. Supp.

2d at 1085-89; <u>see also</u> <u>Ashcroft v. Iqbal</u>, 555 U.S. 662, 678

(2009) ("To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'"  555 U.S. 662, 678 (2009)

(quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 570

(2007))).  Based on the district court's ruling in the 11/8/12

Order, this Court finds that there are no genuine issues of material fact as to Global Horizons's Third Defense, and this Court concludes that the Third Defense fails as a matter of law. This Court therefore GRANTS the EEOC's Affirmative Defenses Motion as to Global Horizons's Third Defense.

**B.   Conditions Precedent to Filing Suit**

Global Horizons's Fourth and Forty-Sixth Defenses address the conditions precedent to the EEOC's filing of the instant case.[10]   This district court has stated that:

> Prior to bringing a Title VII suit, the EEOC must satisfy certain conditions precedent: (1) the EEOC must receive a charge of an unlawful employment practice; (2) the EEOC must notify the employer of the alleged wrongful act and conduct an investigation to determine whether there is reasonable cause to believe the charge is true; (3) the EEOC must engage in "informal methods of conference, conciliation, and persuasion" to eliminate the alleged unlawful practices; and (4) if the conciliation efforts are unsuccessful, the EEOC must notify the employer in writing. EEOC v. Pierce Packing Co., 669 F.2d 605, 607 (9th Cir. 1982) (quoting 42 U.S.C. § 2000e-5) . . . .

EEOC v. NCL Am., Inc., 536 F. Supp. 2d 1216, 1220 (D. Hawai`i 2008).

---

[10] The EEOC includes Global Horizons's Fifth Defense in its discussion of the defenses regarding conditions precedent, but Global Horizons's Fifth Defense asserts lack of subject matter jurisdiction.  The United States Supreme Court has abrogated the Ninth Circuit's rule that the EEOC's conditions precedent to suit are jurisdictional.  See, e.g., EEOC v. Swissport Fueling, Inc., 916 F. Supp. 2d 1005, 1035 n.15 (D. Ariz. 2013) (discussing Pierce Packing, 669 F.2d at 608, and Arbaugh v. Y & H Corp., 546 U.S. 500, 503 (2006)).  This Court will therefore discuss the Fifth Defense in a separate section.

The first two conditions precedent are not in dispute; the EEOC received a charge of discrimination against Global Horizons from Marut Kongpia, and the EEOC served notice of the charges on Global Horizons. [Affirmative Defenses CSOF at ¶¶ 1-2.] Global Horizons's Fourth Defense alleges that the EEOC failed to conciliate in good faith, and Global Horizons's Forty-Sixth Defense alleges that the EEOC did not conduct an adequate investigation.

The EEOC has stated that, "the EEOC conducted a thorough investigation, providing Global [Horizons] an opportunity to provide all information relevant to its position on the charges. During the EEOC's investigation, the EEOC interviewed numerous Global [Horizons] employees." [Id. at ¶ 2.] Insofar as the Global Horizons CSOF did not directly respond to paragraph 2 of the Affirmative Defenses CSOF, Global Horizons has admitted to the facts in paragraph 2. Further, the Global Horizons CSOF itself acknowledges that, in 2006, the EEOC investigated allegations by Thai workers. [Global Horizons CSOF at ¶ 1.] In NCL America, this district court stated:

> One court has concluded that, under Pierce Packing Co., only "some investigation" of the charge filed is required. EEOC v. Nestle Co., 1982 WL 234 at *1 (E.D. Cal. Mar. 23, 1982). In Nestle, the EEOC only investigated gender discrimination in "blue-collar" positions. Nevertheless, when the EEOC brought suit, it expanded the scope of its action to include gender discrimination in white-collar positions. The court concluded that the investigation was

adequate, noting that the employer had not provided any "discernible standard" for determining the adequacy of an EEOC investigation. Id.

This court has not found Ninth Circuit authority addressing challenges to the adequacy of an EEOC investigation.  Recently, however, a United States District Court in the District of Nevada concluded that "an employer may not litigate the adequacy of the EEOC's investigation and determination."  EEOC v. Gold River Operating Corp., 2007 WL 983853 at *3 (D. Nev. Mar. 30, 2007).  In doing so, the court looked to decisions of other circuits.  The Sixth Circuit, for example, has previously held that courts should not look to the sufficiency of an EEOC investigation, as the investigation does not go to the merits of the litigation, and only puts the employer on notice and provides a background for conciliation efforts.  See EEOC v. Keco Indus., Inc., 748 F.2d 1097, 1100 (6th Cir. 1984).  Similarly, the Seventh Circuit has stated that a "determination of reasonable cause is only an administrative prerequisite to a court action and has no legally binding significance in subsequent litigation."  EEOC v. Harvey L. Walner & Assocs., 91 F.3d 963, 968 n.3 (7th Cir. 1996); see also EEOC v. Chicago Miniature Lamp Works, 526 F. Supp. 974, 975 (N.D. Ill. 1981) (noting that allowing a defendant to challenge the EEOC's reasonable cause determination would "effectively make every Title VII suit a two-step action").

536 F. Supp. 2d at 1220-21 (emphasis in NCL Am.).  This Court

agrees with the analysis in NCL America that only **some**

investigation of an EEOC charge is required.  Based on Global

Horizons's admission, there is no dispute of material fact as to

the issue of whether the EEOC investigated the charges of

discrimination against Global Horizons.  Based on the undisputed

facts, this Court concludes that, as a matter of law, the EEOC

22

satisfied the condition precedent of investigating the charges against Global Horizons.  This Court therefore GRANTS the Affirmative Defenses Motion as to Global Horizons's Fourth Defense.

As to the requirement that the EEOC conciliate in good faith, this Court has observed that the Ninth Circuit has not provided a standard for district courts to apply when evaluating whether the EEOC met its statutory obligation to conciliate in good faith, but that several other circuits have adopted a three-part test.  EEOC v. La Rana Hawaii, LLC, 888 F. Supp. 2d 1019, 1044 (D. Hawai`i 2012).  This Court observed that some district courts within the Ninth Circuit have applied the deferential approach, and others have applied the three-part test, but this Court stated that it was not necessary to decide the appropriate standard because, under either standard, the EEOC failed to conciliate in good faith in that case.  Id. at 1044-45.

In the instant case, Global Horizons has admitted that the EEOC "invited Global [Horizons] to participate in conciliation to resolve the charges without requiring litigation; however, the EEOC's efforts at conciliation were unsuccessful." [Affirmative Defenses CSOF at ¶ 4.]  The EEOC also submitted letters that it sent to Global Horizons regarding the conciliation process.  [Noh Affirmative Defenses Decl., Exh. 9.] Global Horizons has not presented any evidence suggesting that

the EEOC acted in bad faith during the conciliation process. This Court therefore finds that there is no dispute of material fact as to Global Horizons's Forty-Sixth Defense, and this Court concludes that, under either the deferential approach or the three-part test, the EEOC complied with the requirement to conciliate in good faith.  This Court GRANTS the Affirmative Defenses Motion as to Global Horizons's Forty-Sixth Defense.

### C.   <u>Subject Matter Jurisdiction</u>

Global Horizons's Fifth Defense asserts a lack of subject matter jurisdiction.  Although the EEOC erroneously argues that this Court's ruling granting summary judgment in the EEOC's favor on the conditions precedent defenses requires an award of summary judgment in favor of the EEOC as to Global Horizons's Fifth Defense, this Court has independently considered the issue of subject matter jurisdiction.  <u>See</u> <u>Kwai Fun Wong v. Beebe</u>, 732 F.3d 1030, 1035-36 (9th Cir. 2013) (en banc) ("A court's '[s]ubject-matter jurisdiction can never be waived or forfeited,' 'objections [to the court's jurisdiction] may be resurrected at any point in the litigation,' and courts are obligated to consider *sua sponte* requirements that 'go[] to subject-matter jurisdiction.'" (alterations in <u>Wong</u>) (some citations omitted) (quoting <u>Gonzalez v. Thaler</u>, 132 S. Ct. 641, 648 (2012))).  This Court concludes that, as a general matter, this Court has subject matter jurisdiction over the EEOC's claims

against Global Horizons, pursuant to 28 U.S.C. §§ 1331 and 1345. This Court therefore GRANTS the Affirmative Defenses Motion as to Global Horizons's Fifth Defense.  This Court, however, emphasizes that its ruling that it has subject matter jurisdiction over this action in general does not constitute a ruling on the issues raised in the remainder of Global Horizons's defenses.

   D.    **Defenses Related to Timeliness**

        Global Horizons's Ninth Defense asserts that the EEOC's claims on behalf of the Class members are barred by the statute of limitations.  As previously noted, Global Horizons's Twenty-First Defense is laches.  Global Horizons's Twenty-Second Defense asserts that "any factual assertions or theories outside timely or appropriate Charges of Discrimination are barred."  [Answer at ¶ 113.]

        As previously noted, there is no statute of limitations restricting the EEOC's "ability to file suit in a federal court." Catholic Healthcare, 530 F. Supp. 2d at 1107 (citation and internal quotation marks omitted).  When the EEOC brings claims pursuant to § 706 of Title VII, however, the following provision applies:

        A charge under this section shall be filed within
        one hundred and eighty days after the alleged
        unlawful employment practice occurred . . . ,
        except that in a case of an unlawful employment
        practice with respect to which the person
        aggrieved has initially instituted proceedings
        with a State or local agency with authority to
        grant or seek relief from such practice or to

> institute criminal proceedings with respect
> thereto upon receiving notice thereof, such charge
> shall be filed by or on behalf of the person
> aggrieved within three hundred days after the
> alleged unlawful employment practice
> occurred . . . .

42 U.S.C. § 2000e-5(e)(1).  As previously noted by the district

court in this case, the 300-day period applies in Hawai`i because

Hawai`i is a "worksharing" state.  Global Horizons, 904 F. Supp.

at 1090 n.2 (some citations omitted) (citing EEOC v. NCL America,

Inc., 504 F. Supp. 2d 1008, 1010 (D. Haw. 2007) ("Hawaii is a

'worksharing' state such that administrative claims with the EEOC

are deemed 'dual-filed' with the Hawaii Civil Rights Commission

("HCRC") (or vice-versa).")).  The district court also ruled

that, in addition to the EEOC's claims pursuant to § 706, the

300-day charge-filing limitation also applies to the EEOC's

pattern or practice claims brought pursuant to § 707 of

Title VII.  Specifically, the district court stated:

> Discrete acts of discrimination, such as a
> retaliatory transfer or termination, must have
> occurred within 300 days of the date a charge was
> filed in order to be actionable.  Nat'l R.R.
> Passenger Corp. v. Morgan, 536 U.S. 101, 114, 122
> S. Ct. 2061, 153 L. Ed. 2d 106 (2002); Cherosky v.
> Henderson, 330 F.3d 1243, 1245-46 (9th Cir. 2003)
> ("Morgan makes clear that claims based on discrete
> acts are only timely where such acts occurred
> within the limitations period.").  Plaintiff's
> hostile work environment claims, on the other
> hand, will survive as long as all acts
> constituting the claim are part of the same
> unlawful employment practice and any act occurred
> within the 300-day charge-filing period.  Morgan,
> 536 U.S. at 122, 122 S. Ct. 2061; see also Porter
> v. Cal. Dep't of Corr., 419 F.3d 885, 893 (9th

Cir. 2005) (applying Morgan to a hostile work environment claim).

Id. at 1093-94.

The Affirmative Defenses Motion acknowledges the 300-day filing-limitation, but argues that "[h]ere, Charges were filed within 300 days of the last discriminatory act.  Moreover, even if the charges were not timely as to the first act, the discrimination was ongoing, so the case would not be barred by any statute of limitations."  [Mem. in Supp. of Affirmative Defenses Motion at 16 (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116-119 (2002) (hostile work environment claim not time barred if any act of harassment occurred within the limitations period)).]  The Affirmative Defenses Motion, however, does not address the issue of incidences of alleged discrimination that were discrete acts and thus are subject to the 300-day filing limitation.  This Court therefore finds that the EEOC has not carried its burden on summary judgment as to Global Horizons's Ninth and Twenty-Second Defenses.  The EEOC's Affirmative Defenses Motion is DENIED WITHOUT PREJUDICE as to Global Horizons's Ninth and Twenty-Second Defenses.

The EEOC also seeks summary judgment as to Global Horizons's laches defense.  This Court set forth the applicable law regarding Global Horizons's laches defense supra Section II.  In considering whether the EEOC is entitled to summary judgment as to Global Horizons's laches defense, this Court must view the

record in the light most favorable to Global Horizons.  <u>See</u>
<u>Miller</u>, 454 F.3d at 988.  Even under that standard, this Court
finds that Global Horizons has not identified sufficient evidence
to raise a genuine issue of fact as to the elements of its laches
defense.  This Court therefore finds that there are no genuine
issues of material fact as to Global Horizons's laches defense,
and, based on the analysis set forth in Section II, this Court
concludes that the EEOC is entitled to judgment as a matter of
law as to Global Horizons's laches defense.  This Court GRANTS
the Affirmative Defenses Motion as to Global Horizons's Twenty-
First Defense.

    **E.**   <u>**Standing**</u>

      Global Horizons's Twenty-Fourth Defense asserts that
the EEOC "lacks standing to pursue claims on behalf of
individuals that have not consented to representation by" the
EEOC.  [Answer at ¶ 115.]

      First, this Court notes that some district courts have
recognized that, when the EEOC brings a Title VII action on
behalf of a class, the EEOC does not have to enter into an
attorney-client relationship with each class member.  <u>See, e.g.</u>,
<u>EEOC v. Collegeville/Imagineering Ent.</u>, No. CV-05-3033 PHX-DGC,
2007 WL 158735, at *1-2 (D. Ariz. Jan. 17, 2007) (some citations
omitted) (discussing <u>EEOC v. Albertson's, Inc.</u>, No. CV-06-1273,
2006 U.S. Dist. LEXIS 72378, at *18 (D. Colo. October 4, 2006)).

Further, in <u>EEOC v. Dinuba Medical Clinic</u>, the Ninth Circuit recognized that, regardless of whether it seeks equitable relief or damages, "the EEOC may seek classwide relief without being certified as a class representative under [Fed. R. Civ. P.] 23." 222 F.3d 580, 587-88 (9th Cir. 2000) (discussing <u>Gen. Tel. Co. v. EEOC</u>, 446 U.S. 318, 320 (1980)).

Based on these legal principles, this Court concludes that Global Horizons's Twenty-Fourth Defense fails as a matter of law. This Court therefore GRANTS the Affirmative Defenses Motion as to Global Horizons's Twenty-Fourth Defense.

**F.   Scope of the Charges and the EEOC Investigation**

Global Horizons's Twenty-Fifth Defense is that the EEOC's claims "are barred because they are beyond the scope of any administrative charge or the EEOC's investigation thereof, were not subject to administrative, investigation, or conciliation processes, and/or were not included in any investigation and/or determination by the EEOC." [Answer at ¶ 116.] This defense fails as a matter of law because courts construe charges filed with the EEOC liberally. <u>Josephs v. Pacific Bell</u>, 443 F.3d 1050, 1061 (9th Cir. 2006). Further, the Ninth Circuit has held that: "Subject matter jurisdiction extends over all allegations of discrimination that either fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the

charge of discrimination." <u>Id.</u> at 1062 (citations and quotation marks omitted).  This Court therefore GRANTS the Affirmative Defenses Motion as to Global Horizons's Twenty-Fifth Defense.

### G.  **Liability for Actions of Non-employees**

Global Horizons's Twenty-Ninth Defense asserts that it is neither responsible nor liable for the actions of non-employees.  To the extent that Global Horizons contends that an employer is never liable for the actions of non-employees, the defense fails as a matter of law.

> In the Ninth Circuit, employers are liable for harassing conduct by non-employees "where the employer either ratifies or acquiesces in the harassment by not taking immediate and/or corrective actions when it knew or should have known of the conduct." <u>Folkerson v. Circus Circus Enters., Inc.</u>, 107 F.3d 754, 756 (9th Cir. 1997); <u>see also</u> <u>Little v. Windermere Relocation, Inc.</u>, 301 F.3d 958, 968 (9th Cir. 2002).  In recognizing that employers may be liable for third-party conduct, we . . . have relied in part upon a regulation of the Equal Employment Opportunity Commission that provides that employers may be held liable for the acts of non-employees where the employer "knows or should have known of the conduct and fails to take immediate and appropriate corrective action." 29 C.F.R. § 1604.11(e).  This theory of liability is grounded not in the harassing act itself—i.e., inmate misconduct—but rather in the employer's "negligence and ratification" of the harassment through its failure to take appropriate and reasonable responsive action.  <u>See</u> <u>Galdamez v. Potter</u>, 415 F.3d 1015, 1022 (9th Cir. 2005).

<u>Freitag v. Ayers</u>, 468 F.3d 528, 538 (9th Cir. 2006) (some citations omitted).

The Third Amended Complaint alleges that Global Horizons is jointly liable with the farm defendants.  [Third Amended Complaint at ¶ 74.]  The primary farm defendant remaining at issue in this action is Maui Pineapple.  Neither the Affirmative Defenses Motion nor the Affirmative Defenses CSOF, however, addresses what evidence establishes that Global Horizons knew or should have known of the conduct of Maui Pineapple's personnel and failed to take immediate and appropriate corrective action.[11]  This Court therefore concludes that the EEOC has failed to carry its burden on summary judgment as to Global Horizons's Twenty-Ninth Defense.  The Affirmative Defenses Motion is DENIED WITHOUT PREJUDICE as to Global Horizons's Twenty-Ninth Defense.

**H.   Proximate Cause and Scope of Employment**

Global Horizons's Thirtieth Defense is that the EEOC's claims are barred because Global Horizons's "conduct was not a proximate cause of the alleged injuries."  [Answer at ¶ 121.] Global Horizons's Fortieth Defense is that the EEOC's claims are barred because "no improper or unlawful acts occurred within the course and scope of the employment or agency of any employee or

---

[11] Although the EEOC submitted three sets of requests for admissions which it served on Global Horizons, [Noh Affirmative Defenses Decl., Exhs. 1-3,] and the Affirmative Defenses CSOF states that Global Horizons never responded to these requests, [Affirmative Defenses CSOF at ¶ 8,] the EEOC has not identified any specific admissions establishing Global Horizons's liability for Maui Pineapple's conduct.

agent of [Global Horizons], and [Global Horizons] did not authorize, condone, or ratify any illegal or tortious acts." [Id. at ¶ 131.]

In the Affirmative Defenses Motion, the EEOC argues that these defenses are inapplicable to the claims in the instant case because these defenses only apply in tort cases.  [Mem. in Supp. of Affirmative Defenses Motion at 22.]  The proximate cause doctrine is applicable in employment discrimination cases premised upon the subordinate bias theory or the "cat's paw" theory of liability.[12]  See, e.g., Lobato v. New Mexico Env't Dep't, 733 F.3d 1283, 1294-95 (10th Cir. 2013); Johnson v. Koppers, Inc., 726 F.3d 910, 914 (7th Cir. 2013).  First, Global Horizons has not identified any evidence indicating that such theories of liability are at issue in this case.  Further, even if those theories are at issue in this case, proximate cause will be an element of the EEOC's prima facie case for the claims based upon those theories, and defenses negating an element of a plaintiff's prima facie case are not affirmative defenses. Walker-Cook, 2012 WL 4461159, at *2.  This Court therefore concludes that Global Horizons's Thirtieth Defense, as an

---

[12] "The cat's paw theory applies in the employment discrimination context when a biased subordinate who lacks decision-making power uses the formal decision maker as a dupe in a deliberate scheme to trigger a discriminatory employment action."  Johnson v. Koppers, 726 F.3d 910, 914 (7th Cir. 2013) (citations and internal quotation marks omitted).

affirmative defense, fails as a matter of law.  The Affirmative
Defenses Motion is GRANTED as to Global Horizons's Thirtieth
Defense.

As to Global Horizons's Fortieth Defense, the EEOC does
not cite any legal authority supporting its argument that the
beyond-the-scope-of-employment defense is not available in
employment discrimination actions by the EEOC.  This failure,
however, is not fatal to the EEOC's argument.  Even assuming,
*arguendo*, that such a defense was available in this type of case,
Global Horizons has not identified any facts that would put this
defense at issue in this case.  This Court therefore finds that
there is no genuine issue of material fact as to Global
Horizons's Fortieth Defense, and this Court concludes that the
EEOC is entitled to judgment as a matter of law.  The Affirmative
Defenses Motion is GRANTED as to Global Horizons's Fortieth
Defense.

### I.   <u>Fact-Specific Defenses</u>

Global Horizons's Thirty-Seventh Defense asserts that
the claims in this case are barred because the EEOC, the charging
parties, the claimants, and the Class members failed to act in
good faith and/or acted in an unreasonable manner.  Global
Horizons's Thirty-Eighth Defense asserts that the claims in this
case are barred because the EEOC, the charging parties, the
claimants, and the Class members committed fraud, made

33

misrepresentations, or otherwise engaged in wrongful conduct.

Global Horizons's Thirty-Ninth Defense apparently asserts

contributory negligence.  Global Horizons's Forty-Fourth Defense

asserts that the claims in this case "are barred under the

doctrines of waiver, estoppel, unclean hands, lack of intent, and

any other affirmative defenses that may be uncovered through

discovery or trial."  [Answer at ¶ 135.]

First, as to Global Horizons's attempt in the Forty-

Fourth Defense to preserve any other affirmative defenses not

raised in Global Horizons's Answer, this district court has

observed that,

> the Ninth Circuit has described the pleading
> standard for affirmative defenses as a "fair
> notice" standard, Wyshak v. City Nat'l Bank, 607
> F.2d 824, 827 (9th Cir. 1979), and has continued
> to apply this standard since Twombly and Iqbal.
> See Simmons v. Navajo County, Ariz., 609 F.3d
> 1011, 1023 (9th Cir. 2010); see also Kohler [v.
> Islands Rests., LP], 280 F.R.D. [560,] 566 [(S.D.
> Cal. 2012)].

Cape Flattery Ltd. v. Titan Maritime LLC, Civil No. 08-00482

JMS/KSC, 2012 WL 3113168, at *10 (D. Hawai`i July 31, 2012).

Global Horizons did not amend its Answer to the Third

Amended Complaint.  This Court therefore concludes that, standing

alone, the Forty-Fourth Defense's reference to unspecified

defenses that may be discovered during the litigation was not

sufficient to give the EEOC fair notice of the defenses which

Global Horizons intends to rely upon but which are not enumerated

in Global Horizons's Answer to the Third Amended Complaint.

The remainder of the defenses addressed in this section are fact-specific defenses, and Global Horizons has not identified any evidence which indicates that these defenses may be applicable under the facts of this case.  This Court therefore finds that there is no genuine issue of material fact as to the unsubstantiated allegations in the Answer of bad faith, fraud, misrepresentations, other wrongful conduct, contributory negligence, waiver, estoppel, unclean hands, and lack of intent. This Court concludes that the EEOC is entitled to judgment as a matter of law as to these defenses.  The Affirmative Defenses Motion is GRANTED as to Global Horizons's Thirty-Seventh Defense, Thirty-Eighth Defense, Thirty-Ninth Defense, and Forty-Fourth Defense.

### J.   **Punitive Damages**

Finally, the EEOC seeks summary judgment on Global Horizons's Forty-Second Defense, which alleges that the United States Constitution bars the EEOC's request for punitive damages. This defense fails as a matter of law because 42 U.S.C. § 1981a expressly authorizes a complaining party in a § 2000e-5 claim to seek punitive damages against a respondent, "other than a government, government agency or political subdivision[.]"  42 U.S.C. § 2000e-5(a)(1), (b)(1); see also, e.g., Dinuba Med. Clinic, 222 F.3d at 587 ("Although, prior to 1991, the EEOC could

35

only seek equitable relief through a § 706 enforcement action, it is now empowered to seek compensatory and punitive damages in addition to equitable relief." (some citations omitted) (citing 42 U.S.C. § 1981a(a)-(d) (1994)).  This Court therefore GRANTS the Affirmative Defenses Motion as to Global Horizons's Forty-Second Defense.

## IV.  Summary of Defenses

In sum, this Court DENIES summary judgment to the EEOC as to Global Horizons's Ninth, Twenty-Second, and Twenty-Ninth Defenses.  The denial is WITHOUT PREJUDICE.  This Court also DENIES summary judgment to Global Horizons as to its Twenty-First Defense.

This Court GRANTS summary judgment in favor of the EEOC as to Global Horizons's Third, Fourth, Fifth, Twenty-First, Twenty-Fourth, Twenty-Fifth, Thirtieth, Thirty-Seventh, Thirty-Eighth, Thirty-Ninth, Fortieth, Forty-Second, Forty-Fourth, and Forty-Sixth Defenses.

## CONCLUSION

On the basis of the foregoing, the EEOC's Motion for Partial Summary Judgment on Defendant Global Horizons, Inc. d/b/a Global Horizons Manpower Inc.'s Affirmative Defenses, filed November 1, 2013 is HEREBY GRANTED IN PART AND DENIED IN PART, and Global Horizons's Motion for Summary Judgment, filed November 1, 2013, is HEREBY DENIED.

36

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 28, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EEOC VS. GLOBAL HORIZONS, INC., ET AL; CIVIL 11-00257 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT GLOBAL HORIZONS, INC. D/B/A/ GLOBAL HORIZONS MANPOWER INC.'S AFFIRMATIVE DEFENSES AND DENYING GLOBAL HORIZONS'S MOTION FOR SUMMARY JUDGMENT**