IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | CIVIL 11-00257 LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| GLOBAL HORIZONS, INC., DBA GLOBAL HORIZONS MANPOWER, INC.; CAPTAIN COOK COFFEE COMPANY LTD.; DEL MONTE FRESH PRODUCE (HAWAII), INC.; KAUAI COFFEE COMPANY, INC.; KELENA FARMS, INC.,; MAC FARMS OF HAWAII, LLC NKA MF NUT CO., LLC; MAUI PINEAPPLE COMPANY, LTD. AKA MAUI PINEAPPLE FARMS; ALEXANDER & BALDWIN, INC.; MASSIMO ZANETTI BEVERAGE USA, INC.; AND DOES 1-15, INCLUSIVE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT MAUI PINEAPPLE COMPANY, LTD.'S AFFIRMATIVE DEFENSES RELATING TO EEOC'S CONDITIONS PRECEDENT, ETC. (AFFIRMATIVE DEFENSE NO.'S 8, 22, 29, 30) AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT MAUI PINEAPPLE COMPANY, LTD.'S AFFIRMATIVE DEFENSES: 1, 4, 6, 7, 9, 10, 11, 14, 17, 18, 20, 21, 23, 24, 25, 26, 27, 28, 31 & 32**

Before the Court is Plaintiff Equal Employment

Opportunity Commission's ("the EEOC" or "Plaintiff"): Motion for

Partial Summary Judgment on Defendant Maui Pineapple Company,

Ltd.'s Affirmative Defenses Relating to EEOC's Conditions

Precedent, etc. (Affirmative Defense No.'s 8, 22, 29, 30)

("Conditions Precedent Motion"), filed on November 1, 2013; and Motion for Partial Summary Judgment on Defendant Maui Pineapple Company, Ltd.'s Affirmative Defenses: 1, 4, 6, 7, 9, 10, 11, 14, 17, 18, 20, 21, 23, 24, 25, 26, 27, 28, 31 & 32 ("Post-Suit Defenses Motion"), also filed on November 1, 2013. [Dkt. nos. 586-87, 589-90.]  Defendant Maui Pineapple Company, Ltd. ("Maui Pineapple") filed a memorandum in opposition to each motion on November 18, 2013,[1] [dkt. nos. 646, 647,] and the EEOC filed a consolidated reply as to both motions on November 22, 2013 [dkt. no. 650].

        The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, the EEOC's Conditions Precedent Motion is HEREBY GRANTED, and the EEOC's Post-Suit Defenses Motion is HEREBY GRANTED IN PART AND DENIED IN PART, for the reasons set forth below.

<u>**BACKGROUND**</u>

        On April 19, 2011, the EEOC filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and

---

[1] Defendant Kelena Farms, Inc. filed a statement of no position as to each motion on November 18, 2013. [Dkt. nos. 644, 645.]

Title I of the Civil Rights Act of 1991.  The EEOC filed its
First Amended Complaint on July 15, 2011, its Second Amended
Complaint on December 16, 2011, and its Third Amended Complaint
on June 4, 2012.  [Dkt. nos. 12, 128, 263.]  The Third Amended
Complaint alleges that the defendants discriminated against a
class of Thai agricultural workers (collectively "the Class
members") on the basis of their national origin, and/or race
and/or in retaliation for their participation in protected
activities.  Specifically, the Third Amended Complaint alleges
the following claims: pattern or practice of discriminatory
treatment based on national origin, retaliation, and/or
constructive discharge, in violation of 42 U.S.C. §§ 2000e-2(a),
2000e-3(a) ("Count I"); hostile work environment/harassment, in
violation of § 2000e-2(a) ("Count II"); discriminatory terms and
conditions of employment, in violation of § 2000e-2(a) ("Count
III"); and retaliation, in violation of § 2000e-3 ("Count IV").
[Third Amended Complaint at ¶¶ 622-96.]  Relevant to the instant
motions, the Third Amended Complaint prays for: permanent
injunctive relief against Maui Pineapple prohibiting it from
engaging in discrimination based on the Class members' national
origin and/or race, prohibiting it from engaging in retaliation,
and requiring it to provide equal employment opportunities for
persons of Thai national origin and/or Asian race and to
eradicate the effects of past and present illegal employment

practices; an order requiring Maui Pineapple to make whole Itthi Oa-Sot, and similarly situated individuals, through backpay with prejudgment interest, reinstatement, and any other necessary affirmative relief; an order requiring Maui Pineapple to make whole Itthi Oa-Sot, and similarly situated individuals, through damages for pecuniary losses and non-pecuniary losses suffered as a result of Maui Pineapple's illegal employment practices; an award of punitive damages to Itthi Oa-Sot, and similarly situated individuals; any other appropriate relief; and an award to the EEOC of the costs of this action.  [Id., Prayer for Relief at ¶¶ Q-R, AA, JJ, TT, BBB, KKK-MMM.]

Maui Pineapple filed its answer to the Third Amended Complaint ("Answer"), with a Cross-claim against Global Horizons, on November 9, 2012.  [Dkt. no. 407.]  The Answer alleges thirty-two defenses.  The Conditions Precedent Motion relates to Affirmative Defense No. 3,[2] No. 8, No. 22, No. 29, and No. 30. The Post-Suit Defenses Motion relates to Affirmative Defenses No. 1, No. 4, No. 6, Nos. 9 through 11, No. 14, No. 17, No. 18, No. 20, No. 21, Nos. 23 through 28, No. 31, and No. 32.  The EEOC seeks a summary judgment ruling that all of these defenses fail as a matter of law.

---

[2] Although Affirmative Defense No. 3 is not included in the EEOC's title of the Conditions Precedent Motion, the EEOC addressed it in the text of the motion.  See, e.g., Mem. in Supp. of Conditions Precedent Motion at 3.

**DISCUSSION**

I.    **Admission of Material Facts**

At the outset, this Court notes that Maui Pineapple failed to respond to the EEOC's "Concise Statement of Concise Undisputed Facts in Support of its Motion for Partial Summary Judgment on Defendant Maui Pineapple Company, Ltd.'s Affirmative Defenses" ("EEOC CSOF"), filed November 1, 2013.[3]  [Dkt. no. 588.]  Local Rule 56.1(g) states: "For purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party."  Thus, this Court HEREBY DEEMS ADMITTED all of the statements of fact set forth in the EEOC CSOF.

II.   **Conditions Precedent Motion**

A.    **Conditions Precedent to Filing Suit**

In the Order Granting in Part and Denying in Part Plaintiff's Motion for Partial Summary Judgment on Defendant Global Horizons, Inc. d/b/a Global Horizons Manpower Inc.'s Affirmative Defenses and Denying Global Horizons's Motion for Summary Judgment, filed February 28, 2014 ("Global Horizons Summary Judgment Order"), [dkt. no. 682,] this Court set forth

---

[3] Both the Conditions Precedent Motion and the Post-Suit Defenses Motion rely upon the EEOC CSOF.  <u>See, e.g.</u>, Mem. in Supp. of Conditions Precedent Motion at 4 & n.2; Mem. in Supp. of Post-Suit Defenses Motion at 1 & n.1.

the applicable legal authority regarding the EEOC's conditions precedent to filing suit. [Id. at 20-23.] The discussion of the applicable legal authority is incorporated herein by reference.

The first two conditions precedent - the EEOC's receipt of a charge of discrimination and notice to the employer of the charge - are not in dispute. The EEOC received charges of discrimination from Itthi Oa-Sot, and forty other claimants (collectively "the Claimants"), against Maui Pineapple, and Maui Pineapple received notice of the charges. [EEOC CSOF at ¶¶ 1-4.] Maui Pineapple's Affirmative Defense No. 3 alleges that the EEOC failed to conciliate in good faith, and Maui Pineapple's Affirmative Defense No. 22 alleges that the EEOC did not conduct an adequate investigation.

By failing to respond to the EEOC CSOF, Maui Pineapple has admitted that: "Shortly after receiving the Claimants' Charges of Discrimination, the EEOC investigated by, among other things, requesting evidence from [Maui Pineapple], interviewing witnesses, including [Maui Pineapple] witnesses through visits to the [Maui Pineapple] worksite, and obtaining position statements." [Id. at ¶ 5.] For the reasons stated in the Global Horizons Summary Judgment Order, only **some** investigation of an EEOC charge is required for purposes of the conditions precedent analysis. Based on Maui Pineapple's admission, there is no genuine dispute of material fact as to the issue of whether the

6

EEOC investigated the charges of discrimination against Maui Pineapple.  Based on the undisputed facts, this Court concludes that, as a matter of law, the EEOC satisfied the condition precedent of investigating the charges against Maui Pineapple. See Fed. R. Civ. P. 56(a).  This Court therefore GRANTS the Conditions Precedent Motion as to Maui Pineapple's Affirmative Defense No. 22.

As to the requirement that the EEOC conciliate in good faith, by failing to respond to the EEOC CSOF, Maui Pineapple has admitted that: "[o]n or about August 31, 2010, EEOC sent [Maui Pineapple] a conciliation proposal.  The parties thereafter, continued conciliation efforts through late October 2010[;]" and "[o]n or about December 17, 2010, the EEOC issued letters to [Maui Pineapple] and Claimants stating that conciliation efforts had failed." [EEOC CSOF at ¶¶ 10-11.]  The EEOC submitted correspondence that Maui Pineapple and the EEOC exchanged during the conciliation process. [Decl. of Sue Noh in Supp. of Conditions Precedent Motion & Post-Suit Defenses Motion ("Noh Decl."), filed 11/1/13 (dkt. no. 591), Exh. 11.]  Maui Pineapple has not presented any evidence suggesting that the EEOC acted in bad faith during the conciliation process.  Even viewing the evidence in the light most favorable to Maui Pineapple, see Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 988 (9th Cir. 2006), this Court finds that there is no genuine dispute of

7

material fact as to Maui Pineapple's Affirmative Defense No. 3. This Court also concludes that, under either the deferential approach or the three-part test discussed in the Global Horizons Summary Judgment Order, the EEOC complied with the requirement to conciliate in good faith.  This Court GRANTS the Conditions Precedent Motion as to Maui Pineapple's Affirmative Defense No. 3.

B.   **Administrative Remedies**

Maui Pineapple's Affirmative Defense No. 8 is that the failure to exhaust administrative remedies bars the EEOC's claims.  This defense fails as a matter of law because the "exhaustion of administrative remedies is an issue when the suit is brought by a private party but not when the Commission is the plaintiff." EEOC v. Caterpillar, Inc., 409 F.3d 831, 832-33 (7th Cir. 2005).

Further, to the extent that Maui Pineapple's Affirmative Defense No. 8 asserts that the EEOC cannot assert claims on behalf of a Claimant unless he or she exhausted his or her administrative remedies, that argument also fails.

> With respect to exhaustion, "[i]n a Title VII representative suit, unnamed class members need not individually bring a charge with the EEOC as a prerequisite to joining the litigation." Bean v. Crocker Nat'l Bank, 600 F.2d 754, 759 (9th Cir. 1979).  This is so because "the EEOC is not merely a proxy for the victims of discrimination"; instead, "[w]hen the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public

8

> interest in preventing employment discrimination."
> Gen. Tel. Co. of Nw., Inc. v. E.E.O.C., 446 U.S.
> 318, 326, 100 S. Ct. 1698, 64 L. Ed. 2d 319
> (1980).  The EEOC may thus seek relief for . . .
> employees who may have been affected by
> Defendant's discriminatory policy even though they
> have not complied with the requirements necessary
> to bring private actions on their own. . . .

EEOC v. Catholic Healthcare W., 530 F. Supp. 2d 1096, 1107 (C.D. Cal. 2008).

This Court therefore finds that there is no genuine dispute of material fact as to Maui Pineapple's Affirmative Defense No. 8, and this Court concludes that the EEOC is entitled to judgment as a matter of law.  This Court GRANTS the Conditions Precedent Motion as to Maui Pineapple's Affirmative Defense No. 8.

## C.   Hawaii's Workers' Compensation Statute

Maui Pineapple's Affirmative Defense No. 29 alleges that, assuming *arguendo* that any Claimant was a Maui Pineapple employee, the exclusive remedy for work-related injuries is within the Hawai`i workers' compensation statutory scheme.

Although the Ninth Circuit has not addressed this issue, several district courts within the Ninth Circuit have rejected the argument that the workers' compensation exclusivity rule preempts claims under federal civil rights statutes.  See, e.g., EEOC v. Fred Meyer Stores, Inc., 954 F. Supp. 2d 1104, 1115 (D. Or. 2013) (citing Von Heeder v. Safeway, Inc., No. 00-25-HA, 2001 WL 1703092, at *9 (D. Or. Nov. 11, 2001) (citing Rose v.

9

<u>Baystate Med. Ctr., Inc.</u>, 985 F. Supp. 211, 215 n.1 (D. Mass. 1997); <u>Karcher v. Emerson Elec. Co.</u>, 94 F.3d 502 (8th Cir. 1996), *cert. denied*, 520 U.S. 1210, 117 S. Ct. 1692, 1693, 137 L. Ed. 2d 820 (1996); <u>Lopez v. S.B. Thomas, Inc.</u>, 831 F.2d 1184, 1190 (2nd Cir. 1987))).  This Court agrees.  This Court therefore finds that there is no genuine dispute of material fact as to Maui Pineapple's Affirmative Defense No. 29, and this Court concludes that the EEOC is entitled to judgment as a matter of law.  This Court GRANTS the Conditions Precedent Motion as to Maui Pineapple's Affirmative Defense No. 29.

      **D.**   **The Labor Management Relations Act**

      Maui Pineapple's Affirmative Defense No. 30 alleges that, assuming *arguendo* that any Claimant was a Maui Pineapple employee, Section 301 of the Labor Management Relations Act ("LMRA") preempts the EEOC's claims as to that Claimant.

      The Ninth Circuit has stated that:

> LMRA § 301 preempts state-law claims that are "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract[.]" <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 220, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985).  More specifically, LMRA § 301 will operate to preempt a state-law claim whose resolution depends upon the meaning of a [collective bargaining agreement ("CBA")].  <u>Lingle v. Norge Div. of Magic Chef, Inc.</u>, 486 U.S. 399, 405–406, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988) ("If the resolution of a state-law claim depends upon the meaning of a [CBA], the application of state law . . . is pre-empted and federal labor-law principles—necessarily uniform throughout the Nation—must be employed to resolve

> the dispute.")  LMRA § 301 extends not only to "claims founded directly on rights created by collective bargaining agreements, [but] also [to] claims which are substantially dependent on analysis of a collective bargaining agreement." Hyles v. Mensing, 849 F.2d 1213, 1215–16 (9th Cir. 1988) (internal citations omitted). . . .

Adkins v. Mireles, 526 F.3d 531, 539 (9th Cir. 2008) (some alterations in Adkins).  In the Conditions Precedent Motion, the EEOC argues that the LMRA does not apply under the facts of this case and, even assuming *arguendo* that it does apply, Title VII rights are independent of employees' rights under their CBA, and the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, does not preempt federal anti-discrimination laws.

Maui Pineapple has not identified any evidence that there was a CBA between Maui Pineapple and the Claimants who are alleged to have been employees of Maui Pineapple.  Thus, even viewing the record in the light most favorable to Maui Pineapple, there is no genuine issue of material fact as to Affirmative Defense No. 30, and the defense fails as a matter of law because the LMRA is inapplicable under the facts of this case.  Insofar as the LMRA does not apply in this case, this Court need not reach the EEOC's preemption arguments.  This Court GRANTS the Conditions Precedent Motion as to Maui Pineapple's Affirmative Defense No. 30.

Insofar as the EEOC is entitled to summary judgment as to all of the affirmative defenses at issue in the Conditions

Precedent Motion, this Court GRANTS the Conditions Precedent Motion.

## III. <u>Post-Suit Defenses Motion</u>

### A. <u>Defenses Regarding Sufficiency of the Pleadings</u>

Affirmative Defense No. 1 asserts that the Third Amended Complaint fails to state a claim upon which relief can be granted, and Affirmative Defense No. 9 asserts the similar defense of failure to state a claim that supports damages, equitable relief, or any other relief. First, as noted in the Global Horizons Summary Judgment Order, a defense asserting that the complaint fails to state a claim is not an affirmative defense. [Global Horizons Summary Judgment Order at 18-19.]

Even if this Court considers defenses No. 1 and No. 9 as affirmative defenses, this Court notes that, on August 1, 2012, Maui Pineapple filed a motion to dismiss the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), but it only addressed Count IV. [Dkt. no. 288.] The district court[4] denied Maui Pineapple's motion to dismiss.[5] Thus, Affirmative Defenses No. 1 and No. 9 fail as to Count IV. As to the other claims

---

[4] This case was originally assigned to United States District Judge David Alan Ezra, but was reassigned to this Court on November 15, 2012. [Dkt. no. 418.] Judge Ezra ruled on Maui Pineapple's motion to dismiss.

[5] <u>See</u> Order Granting in Part and Denying in Part Defendants' Motions to Dismiss and the Substantive Joinders Thereto, filed 10/9/12 (dkt. no. 389).

against Maui Pineapple, this Court concludes that the Third Amended Complaint states claims that are plausible on their face. See Ashcroft v. Iqbal, 555 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007).  This Court therefore GRANTS the Post-Suit Defenses Motion as to Maui Pineapple's Affirmative Defense No. 1, and Affirmative Defense No. 9.

### B.   Subject Matter Jurisdiction

Affirmative Defense No. 4 alleges the lack of subject matter jurisdiction.  The EEOC argues that Maui Pineapple has conceded the existence of subject matter jurisdiction.  [Mem. in Supp. of Post-Suit Defenses Motion at 7 (citing Answer at ¶ 2).]

As noted in the Global Horizons Summary Judgment Order, parties cannot waive the lack of subject-matter jurisdiction, and this Court has an obligation to consider subject matter jurisdiction requirements *sua sponte*.  [Global Horizons Summary Judgment Order at 24.]  This Court concludes that, as a general matter, this Court has subject matter jurisdiction over the EEOC's claims against Maui Pineapple, pursuant to 28 U.S.C. §§ 1331 and 1345.  This Court therefore GRANTS the Post-Suit Defenses Motion as to Maui Pineapple's Affirmative Defense No. 4. This Court, however, emphasizes that the ruling regarding subject matter jurisdiction over this action in general does not constitute a ruling on the specific issues raised in the remainder of Maui Pineapple's affirmative defenses.

C.   **Mitigation of Damages**

Affirmative Defense No. 6 asserts that the failure to mitigate damages bars the EEOC's claims.

"A plaintiff seeking back pay under Title VII has 'a duty to mitigate damages by seeking alternative employment with "reasonable diligence."'" Machado v. Real Estate Res., LLC, Civil No. 12-00544 RLP, 2013 WL 3944511, at *10 (D. Hawai`i July 30, 2013) (quoting Caudle v. Bristow Optical Co., Inc., 224 F.3d 1014, 1020 (9th Cir. 2000) (citing 42 U.S.C. § 2000e-5(g)(1))).  The requirement also applies to claims for frontpay.  See, e.g., Cervantes v. Emerald Cascade Rest. Sys., Inc., No. 3:11-cv-00242-RCJ-VPC, 2012 WL 1681654, at *7 (D. Nev. May 11, 2012) (citing Caudle, 224 F.3d at 1020).

The EEOC has abandoned the request in the Third Amended Complaint for backpay from Maui Pineapple, and has confirmed that it is not seeking frontpay.  [EEOC CSOF at ¶ 25; Order Granting in Part & Denying in Part Pltf.'s Motion for Protective Order Re: Immigration Status, & Information Related to Immigration Status, filed 12/21/12 (dkt. no. 479), at 13.]  The requirement to mitigate damages does not apply to claims seeking compensatory damages.  See, e.g., Fred Meyer Stores, 954 F. Supp. 2d at 1128. Thus, there is no genuine dispute of material fact as to the mitigation of damages issue, and the EEOC is entitled to judgment as a matter of law.  This Court therefore GRANTS the Post-Suit

14

Defenses Motion as to Maui Pineapple's Affirmative Defense No. 6.

### D. **Defenses Relating to Timeliness**

Affirmative Defense No. 7 asserts that the EEOC's claims are barred by the statute of limitations, and one of the defenses asserted in Affirmative Defense No. 17 is laches. Affirmative Defense No. 21 asserts that the charges were untimely.

Global Horizons raised the same timeliness defenses, and this Court set forth the applicable legal authority in the Global Horizons Summary Judgment Order. [Global Horizons Summary Judgment Order at 12-16 (laches); id. at 25-27 (other defenses related to timeliness).] This Court incorporates that discussion by reference. The Post-Suit Defenses Motion does not address the 300-day filing-limitation. In fact, the EEOC's assertions in the Post-Suit Defenses Motion indicate that the Charges may refer to allegations beyond the 300-day period before the filing of the charges. See, e.g., Mem. in Supp. of Post-Suit Defenses Motion at 9 ("on April 18, 2006, Itthi Oa-Sot timely filed a charge of discrimination against [Maui Pineapple] pertaining to his employment at [Maui Pineapple] from 2004 through 2005." (citation omitted)). This Court therefore finds that the EEOC has not carried its burden on summary judgment as to Maui Pineapple's Affirmative Defenses No. 7 and No. 21. The EEOC's Post-Suit Defenses Motion is DENIED WITHOUT PREJUDICE as to Maui

15

Pineapple's Affirmative Defenses No. 7 and No. 21.

As to Maui Pineapple's laches defense, this Court first notes that Maui Pineapple has not identified any prejudice that is has suffered as a result of the EEOC's delay in bringing this civil action. Further, insofar as Maui Pineapple did not file a substantive response to the Post-Suit Defenses Motion,[6] Maui Pineapple has not identified specific arguments why the EEOC's delay in bringing this action was unreasonable or unexcusable. Thus, Maui Pineapple presumably relies on the fact that five years elapsed between the start of the EEOC's investigation and the filing of this action. As this Court ruled in the Global Horizons Summary Judgment Order, the five year lapse of time, by itself, is not enough to establish that the EEOC's delay in bringing the civil action was unreasonable or unexcusable. [Global Horizons Summary Judgment Order at 16-17.] This Court finds that there is no genuine issue of material fact as to Maui Pineapple's laches defense. For the reasons set forth in the Global Horizons Summary Judgment Order, this Court concludes that the EEOC is entitled to judgment as a matter of law as to Maui Pineapple's laches defense. This Court therefore GRANTS the

---

[6] Maui Pineapple's memorandum in opposition to the Post-Suit Defenses Motion states that "it has raised meritorious affirmative defenses. However, given the circumstances including its financial situation and the fact that it is no longer in operation, Maui Pineapple is unable to fund a substantive opposition to the EEOC's motion . . . ." [Dkt. no. 647.]

Post-Suit Defenses Motion as to the portion of Maui Pineapple's
Affirmative Defense No. 17 asserting laches.

### E.    Elements of the EEOC's Prima Facie Case

Maui Pineapple's Affirmative Defense No. 10 asserts
that, if discrimination occurred, Maui Pineapple did not know,
nor should it have known, about the discrimination.  Maui
Pineapple's Affirmative Defense No. 11 asserts that the adverse
employment actions would have been taken regardless of the
Claimants' protected status.

To the extent that these defenses may be available
under the facts of this case, they are not affirmative defenses
because they merely attack an element of the EEOC's prima facie
case for the counts to which these defenses may apply.  For the
reasons stated in the Global Horizons Summary Judgment Order,
[Global Horizons Summary Judgment Order at 19,] the EEOC is
entitled to judgment as a matter of law as to Maui Pineapple's
Affirmative Defenses No. 10 and No. 11.  This Court therefore
GRANTS the Post-Suit Defenses Motion as to Maui Pineapple's
Affirmative Defenses No. 10 and No. 11.

### F.    After-Acquired Evidence

Maui Pineapple's Affirmative Defense No. 14 asserts a
defense based on the after-acquired evidence doctrine.  The Ninth
Circuit has stated that:

> The "after-acquired evidence" doctrine precludes
> or limits an employee from receiving remedies for

> wrongful discharge if the employer later "discovers" evidence of wrongdoing that would have led to the employee's termination had the employer known of the misconduct. <u>McKennon v. Nashville Banner Publishing Co.</u>, 513 U.S. 352, 360-63, 115 S. Ct. 879, 130 L. Ed. 2d 852 (1995). As we have explained, "[a]n employer can avoid backpay and other remedies by coming forward with after-acquired evidence of an employee's misconduct, but only if it can prove by a preponderance of the evidence that it would have fired the employee for that misconduct." <u>O'Day v. McDonnell Douglas Helicopter Co.</u>, 79 F.3d 756, 761 (9th Cir. 1996).

<u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1070-71 (9th Cir. 2004). The instant case does not include wrongful discharge claims, and Maui Pineapple has not identified any evidence which would suggest that the after-acquired evidence doctrine may apply in this case. Even viewing the record in the light most favorable to Maui Pineapple, this Court finds that there is no genuine issue of material fact as to the after-acquired evidence defense, and this Court concludes that the EEOC is entitled to judgment as a matter of law. This Court therefore GRANTS the Post-Suit Defenses Motion as to Affirmative Defense No. 14.

### G. **Equitable Defenses**

In addition to Maui Pineapple's laches defense, discussed *supra*, Affirmative Defense No. 17 asserts equitable defenses, including waiver, estoppel, and/or unclean hands. These are fact-specific defenses, and Maui Pineapple has not identified any evidence which indicates that these defenses may be applicable under the facts of this case. Thus, even viewing

18

the record in the light most favorable to Maui Pineapple, this Court finds that there is no genuine issue of material fact as to the unsubstantiated assertion of waiver, estoppel, and unclean hands.  This Court concludes that the EEOC is entitled to judgment as a matter of law as to these defenses.

To the extent that Affirmative Defense No. 17 attempts to assert unspecified affirmative defenses, this Court notes that Maui Pineapple never amended its Answer to identify additional defenses.  Thus, for the reasons stated in the Global Horizons Summary Judgment Order, Maui Pineapple's attempt to assert additional defenses in Affirmative Defense No. 17 does not provide the EEOC with sufficient notice.  [Global Horizons Summary Judgment Order at 34-35.]  Similarly, Affirmative Defenses No. 31 and No. 32 also attempt to preserve unspecified defenses.  Affirmative Defense No. 31 asserts "any and all statutory, regulatory, and/or common law privileges and immunities available[,]" [Answer at 32,] and Affirmative Defense No. 32 asserts additional affirmative defenses revealed in discovery.  For the reasons stated in the Global Horizons Summary Judgment Order, these affirmative defenses do not provide the EEOC with sufficient notice.

The Post-Suit Defenses Motion is GRANTED as to the remainder of Maui Pineapple's Affirmative Defense No. 17, and as to Maui Pineapple's Affirmative Defenses No. 31 and No. 32.

19

H.    **Scope of the Charges and the EEOC Investigation**

Maui Pineapple's Affirmative Defense No. 18 asserts that factual allegations and legal theories outside of the scope of the Claimants' charges are barred.  For the same reasons as set forth in the Global Horizons Summary Judgment Order, this defense fails as a matter of law because this Court must construe the charges liberally, and this Court has jurisdiction over all discrimination allegations that were in the charges or can be reasonably expected to grow out of the EEOC's investigation of the charges.  [Global Horizons Summary Judgment Order at 29-30.] The Post-Suit Defenses Motion is GRANTED as to Maui Pineapple's Affirmative Defense No. 18.

I.    **Standing**

Maui Pineapple's Affirmative Defense No. 20 asserts that the EEOC does not have standing to pursue claims on behalf of persons who have not consented to the EEOC's representation. For the same reasons as set forth in the Global Horizons Summary Judgment Order, this defense fails as a matter of law based on the reasonable extension of the rule that the EEOC may pursue claims on behalf of class members with whom it does not have an attorney-client relationship, and the rule that the EEOC does not have to be certified as the class representative pursuant to Fed. R. Civ. P. 23.  [Global Horizons Summary Judgment Order at 28-29.]  The Post-Suit Defenses Motion is GRANTED as to Maui

20

Pineapple's Affirmative Defense No. 20.

Maui Pineapple also asserts in Affirmative Defense No. 28 that the EEOC lacks standing to pursue claims outside of Title VII.  This defense is inapplicable to the instant case because the EEOC is only pursuing Title VII claims.  This Court therefore GRANTS the Post-Suit Defenses Motion as to Maui Pineapple's Affirmative Defense No. 28.

**J.   Improper Joinder**

Maui Pineapple's Affirmative Defense No. 23 alleges improper joinder.  First, this Court notes that Fed. R. Civ. P. 21 states: "Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  In addition, Fed. R. Civ. P. 20(a)(2) provides that defendants may be joined in one action if:

> (A)  any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

In addition, in the context of the permissive joinder of plaintiffs, the Ninth Circuit has imposed the additional requirement that "a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either

side." <u>Visendi v. Bank of Am., N.A.</u>, 733 F.3d 863, 870 (9th Cir. 2013) (citations and quotation marks omitted). District courts within the Ninth Circuit have also applied this rule when considering the joinder of defendants. <u>See, e.g.</u>, <u>Hard Drive Prods., Inc. v. Does 1-188</u>, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011); <u>Travelers Prop. Cas. Co. of Am. v. Liberty Surplus Ins. Corp.</u>, No. CV08-4066 CAS (OPx), 2008 WL 5210659, at *3 (C.D. Cal. Dec. 10, 2008).

Based on the allegations in the Third Amended Complaint and the current record in this case, even viewed in the light most favorable to Maui Pineapple, this Court finds that the joinder of Maui Pineapple and Global Horizons meets the requirements of Rule 20(a)(2), and the joinder is fundamentally fair. Maui Pineapple has not identified any evidence suggesting that it has been prejudiced by the joinder. Thus, there are no genuine issues of material fact as to the joinder issue, and this Court concludes that the EEOC is entitled to judgment as a matter of law. This Court therefore GRANTS the Post-Suit Defenses Motion as to Maui Pineapple's Affirmative Defense. No. 23.

**K.** **Causation**

Maui Pineapple's Affirmative Defenses No. 24, No. 25, and No. 26 assert defenses related to causation. Affirmative Defense No. 24 alleges that Maui Pineapple was not the actual or proximate cause of the Claimants' injuries; Affirmative Defense

22

No. 25 asserts that there were intervening and/or superseding causes of the Claimants' injuries; and Affirmative Defense No. 26 asserts that the Claimants had preexisting injuries caused by other sources.

The EEOC first argues that Maui Pineapple "has no legal or evidentiary support to suggest that it can reduce or modify its liability for damages with any of these three purported defenses given the clear statutory language of Title VII." [Mem. in Supp. of Post-Suit at 23 (citation omitted).]  As noted in the Global Horizons Summary Judgment Order, proximate cause is relevant in employment discrimination cases premised upon the subordinate bias theory or the "cat's paw" theory of liability. [Global Horizons Summary Judgment Order at 32 & n.12.]  Maui Pineapple, however, has not identified any evidence suggesting that either of these theories, or the other causation principles pled in the Answer, may apply under the facts of this case. Further, even if those theories of causation are at issue in this case, causation will be an element of the EEOC's prima facie case for the claims based upon those theories, and defenses negating an element of a plaintiff's prima facie case are not affirmative defenses.  [Global Horizons Summary Judgment Order at 19.]  This Court therefore concludes that Maui Pineapple's Affirmative Defenses No. 24, No. 25, and No. 26 fail as a matter of law.  The Post-Suit Defenses Motion is GRANTED as to Maui Pineapple's

Affirmative Defenses No. 24, No. 25, and No. 26.

   **L.   Claimants' Immigration Status**

        Finally, the EEOC challenges Maui Pineapple's
Affirmative Defense No. 27, which asserts that "Claimants'
immigration/visa status or limitations on the time periods during
which they were legally authorized to work in the United States"
bars recovery.  [Answer at 31.]

        The EEOC is correct that, pursuant to Hoffman Plastic
Compounds, Inc. v. NLRB, 535 U.S. 137, 140 (2002), "an
undocumented alien who has never been legally authorized to work
in the United States" cannot be awarded backpay.  The Ninth
Circuit has recognized that Hoffman precludes awards of frontpay.
See, e.g., Rivera, 384 F.3d at 826.  As previously noted,
however, the EEOC is no longer seeking backpay or frontpay in
this case.  The EEOC argues that Hoffman does not preclude awards
of compensatory damages, and this Court has not found any binding
case law interpreting Hoffman to preclude compensatory damages.
This Court therefore concludes that Maui Pineapple's Affirmative
Defense No. 27 fails as a matter of law.[7]  This Court GRANTS the

---

        [7] The EEOC also argues that Maui Pineapple "cannot contest
that the Claimants were legally authorized to work in the U.S.
under the H2-A visa program during their employment at" Maui
Pineapple.  [Mem. in Supp. of Post-Suit Defenses Motion at 25.]
The EEOC CSOF, however, does not address this fact, but the
EEOC's failure to identify evidence establishing this fact does
not preclude this Court from ruling on the Post-Suit Defenses
Motion as to Maui Pineapple's Affirmative Defense No. 27.

Post-Suit Defenses Motion as to Maui Pineapple's Affirmative Defense No. 27.

    **M.**   **Summary of Defenses**

        In sum, this Court DENIES the Post-Suit Defenses Motion as to Maui Pineapple's Affirmative Defenses No. 7 and No. 21. The denial is WITHOUT PREJUDICE.

        This Court GRANTS the Post-Suit Defenses Motion as to Maui Pineapple's Affirmative Defenses No. 1, No. 4, No. 6, No. 9, No. 10, No. 11, No. 14, No. 17, No. 18, No. 20, No. 23, No. 24, No. 25, No. 26, No. 27, No. 28, No. 31, and No. 32.

## CONCLUSION

        On the basis of the foregoing, the EEOC's Motion for Partial Summary Judgment on Defendant Maui Pineapple Company, Ltd.'s Affirmative Defenses Relating to EEOC's Conditions Precedent, etc. (Affirmative Defense No.'s 8, 22, 29, 30), filed November 1, 2013, is HEREBY GRANTED, and the EEOC's Motion for Partial Summary Judgment on Defendant Maui Pineapple Company, Ltd.'s Affirmative Defenses: 1, 4, 6, 7, 9, 10, 11, 14, 17, 18, 20, 21, 23, 24, 25, 26, 27, 28, 31 & 32, also filed November 1, 2013, is HEREBY GRANTED IN PART AND DENIED IN PART.

        IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 28, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

EEOC VS. GLOBAL HORIZONS, INC., ET AL; CIVIL 13-00257 LEK-RLP; ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT MAUI PINEAPPLE COMPANY, LTD.'S AFFIRMATIVE DEFENSES RELATING TO EEOC'S CONDITIONS PRECEDENT, ETC. (AFFIRMATIVE DEFENSE NO.'S 8, 22, 29, 30) AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT MAUI PINEAPPLE COMPANY, LTD.'S AFFIRMATIVE DEFENSES: 1, 4, 6, 7, 9, 10, 11, 14, 17, 18, 20, 21, 23, 24, 25, 26, 27, 28, 31 & 32