Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Lorena Garcia-Bautista, CA SBN 234091
Derek W. Li, CA SBN 150122
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 E. Temple Street, 4th Floor
Los Angeles, California 90012
Telephone: (213) 894-1082
Facsimile: (213) 894-1301
E-mail: lado.legal@eeoc.gov
Attorneys for Plaintiff EEOC

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 11-00257-LEK-RLP |
| Plaintiff, | ) ) | **CONSENT DECREE** |
| v. | ) ) | The Honorable Leslie E. Kobayashi U.S. District Court Judge |
| GLOBAL HORIZONS, INC. D/B/A GLOBAL HORIZONS MANPOWER, INC.; CAPTAIN COOK COFFEE COMPANY, LTD.; DEL MONTE FRESH PRODUCE (HAWAII), INC.; KAUAI COFFEE COMPANY, INC.; KELENA FARMS, INC.; MAC FARMS OF HAWAII, LLC N/K/A MF NUT CO., LLC; MAUI PINEAPPLE COMPANY, LTD. A/K/A MAUI PINEAPPLE FARMS; ALEXANDER & BALDWIN, INC.; MASSIMO ZANETTI BEVERAGE USA, INC.; AND DOES 1-15, INCLUSIVE; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

# I.    INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission") and Defendant MF Nut Co., LLC f/k/a Mac Farms of Hawaii, LLC ("MF Nut"), agree to entry of this Consent Decree (the "Decree") to resolve the EEOC's claims against MF Nut in the lawsuit entitled *EEOC v. Global Horizons, Inc., et al*., Case Number 11-00257-LEK-RLP (the "Action"). The EEOC claims that MF Nut and Global Horizons, Inc. ("Global") subjected a class of Thai workers ("Claimants") to a pattern or practice of discrimination, including disparate treatment and a hostile work environment on the basis of their Thai national origin and/or Asian race, retaliation, and/or constructive discharge in violation of Title VII.  Defendant MF Nut denies any liability in this action.  This Decree and compliance with it shall not be construed as an admission of any liability whatsoever or as an admission by MF Nut of any discrimination against the Claimants in violation of Title VII.

## II.    PURPOSES OF THIS DECREE

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC and MF Nut (hereinafter each sometimes referred to as a "Party", and collectively referred to as the "Parties") have agreed that this action against MF Nut should be finally resolved by entry of this Decree.  This Decree shall be binding on and enforceable against the Parties, their agents, and any future successors and assigns. The Parties agree that this Decree resolves any and all claims, losses, damages, liabilities, actions, expenses, including reasonable attorneys' fees, which exist through the date of this Decree, arising out of, or related to, the underlying Third Amended Complaint, whether known or unknown, as to MF Nut, and any successor to it or assignee of it. The Parties acknowledge and agree that Buderim Macadamias of Hawaii, LLC d/b/a Mac Farms of Hawaii, LLC and its affiliates, subsidiaries, and parent companies

("Buderim") are not Parties to this Action or Decree and have no obligations hereunder.

## III.  JURISDICTION

The Court has jurisdiction over the Parties and the subject matter of this Action pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, 1367 and 42 U.S.C. Section 2000(e)(5).  The Court shall retain jurisdiction of this Action for the duration of this Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the terms and conditions specified herein.

## IV.  FINDINGS

Having examined the terms and provisions of this Decree and based on the pleadings, record, and stipulation of the Parties, the Court finds the following:

A.  The Court has jurisdiction over the Parties and the subject matter of this Action.  The Third Amended Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

B.  The terms and provisions of this Decree are adequate, fair, reasonable, equitable and just, and adequately protect the interests of those Claimants eligible for relief in this case.

C.  This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person.

## V.  RESOLUTION OF CLAIMS

A.  The Parties agree that this Decree resolves all claims that the EEOC alleged under Title VII in its Third Amended Complaint filed on July 2, 2012, in the United States District Court for the District of Hawaii entitled *EEOC v. Global Horizons, Inc., et al.*, Case Number 11-00257-LEK-RLP, against Defendant MF Nut.  The Decree constitutes a complete resolution of all claims under Title VII that were made, or could have been made, by the EEOC in this Action against MF

Nut and any successor to it or assignee of it through the Effective Date (as defined herein) of this Decree.

B.      Nothing in this Decree shall be construed to preclude any Party from bringing suit to enforce the terms of this Decree in the event any Party fails to perform the promises or representations contained herein.

C.      Nothing in this Decree shall be construed to limit or to reduce MF Nut's obligations to comply fully with Title VII or any other federal employment statute.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges of discrimination unrelated to this Action that may later arise after the Effective Date of this Decree against MF Nut or its successors, if any, in accordance with standard EEOC procedures.

## VI.      EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.      This Decree shall remain in effect for three (3) years after the Effective Date.

## VII.      MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.     By mutual agreement of the Parties, this Decree may be amended or modified in the interest of justice and fairness in order to effectuate the provisions of this Decree.

## VIII. COMPLIANCE AND DECREE ENFORCEMENT

A.     The Parties expressly agree that if the Commission has reason to believe that MF Nut has failed to comply with any provision of this Decree, the Commission may petition or may bring an action before this Court to enforce the Decree.  Prior to initiating such a petition or action, the Commission will notify MF Nut and its legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the Commission believes MF Nut has breached. Absent a showing that the delay will cause irreparable harm, MF Nut shall have thirty (30) days from receipt of the EEOC's notice of the alleged breach to attempt to resolve or cure the breach.

B.     The Parties agree to cooperate with each other and to use their best efforts to resolve any dispute referenced in the EEOC's notice.

C.     After thirty (30) days have passed with no resolution or agreement to extend the time further, the Commission may petition or bring an action before this Court for compliance with this Decree and MF Nut will have an opportunity to respond.  Should the Court determine that MF Nut has not complied with this Decree, in whole or in part, it may impose appropriate relief, including extending the period of the Decree for such period of time as MF Nut is shown to be in breach of this Decree.

## IX.    VICTIM SPECIFIC RELIEF

In settlement of all claims asserted, or which could have been asserted, in the EEOC's Third Amended Complaint against MF Nut, MF Nut shall pay a total of U.S. Dollars One Million Six Hundred Thousand ($1,600,000) (the "Settlement Fund").  The allocation of all settlement monetary amounts shall be distributed at

the sole discretion of the EEOC, amongst the Claimants identified by the EEOC to counsel for MF Nut (collectively, "Claimants") and/or the non-profit organizations designated by the EEOC (as provided below in this Article IX). The EEOC has designated the damages to be solely for emotional distress and non-wage damages under Title VII.

The EEOC shall provide a list identifying the Claimants, their current addresses, the amount to be paid to each Claimant, and relevant identifying information necessary for the issuance of 1099 tax reporting forms (hereinafter "Distribution List").

Checks to the Claimants shall be sent via certified mail, registered, or regular mail or in such other form as agreed to by the Parties, within twenty (20) business days from the date MF Nut receives the Distribution List from the EEOC.

At least every sixty (60) days after MF Nut issues checks pursuant to the Distribution List, MF Nut shall provide the EEOC with a copy of each cancelled check, and identify any check not negotiated and/or returned non-negotiated to MF Nut, to enable the parties to track remaining settlement funds for redistribution. MF Nut may issue a "stop payment" on checks not negotiated after one hundred eighty (180) days of issuance and MF Nut will provide prompt written notice to the EEOC of any such "stop payment" orders. MF Nut may destroy any returned non-negotiated check.

The EEOC may subsequently issue additional Distribution Lists, in the form described above, as necessitated by any further notice from MF Nut that any check issued to a Claimant was not negotiated within one hundred eighty (180) days after issuance and/or was returned non-negotiated to MF Nut. The EEOC shall provide a Distribution List on the one (1) year anniversary of the Effective Date, which shall be denoted as the "Final Distribution List" and shall include, in addition to any additional Claimants to be paid, any additional amounts to be remitted to

Claimants previously paid. No further Distribution Lists shall be issued by the EEOC after the Final Distribution List is provided to MF Nut.

Checks reissued to the Claimants shall also be sent via certified mail, registered, or regular mail or in such other form as agreed to by the Parties, within twenty (20) business days from the date MF Nut receives the applicable Distribution List from the EEOC.

Notwithstanding anything to the contrary herein, MF Nut, as well as its agents, and their banks and financial institutions, shall have no obligation to make payment to, or to honor any check issued to, any Claimant if the Claimant's check is not negotiated within one hundred eighty (180) days after its issuance. In addition, after two hundred (200) days have elapsed, after all checks to Claimants have been issued pursuant to the Final Distribution List, MF Nut will, within twenty (20) business days, remit to the non-profit organization(s) designated by the EEOC, which designation shall occur at the same time that the Final Distribution List is issued, any remaining balance of the Settlement Fund. Upon MF Nut's remittance of such remaining balance of the Settlement Fund to the non-profit organization(s) designated by the EEOC, MF Nut will have no further liability or responsibility as to the Settlement Fund or its distribution. At no time will MF Nut be required to issue any checks to any Claimants or the designated non-profit organization(s), if the total amount of negotiated and/or outstanding non-negotiated checks, which does not include checks upon which a "stop payment" has been ordered or which have been destroyed by MF Nut, would exceed a total of U.S. Dollars One Million Six Hundred Thousand ($1,600,000).

Within twenty (20) business days after the issuance of each check, MF Nut shall submit a copy of each check, to Anna Y. Park, Regional Attorney, United States Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

# X. GENERAL INJUNCTIVE RELIEF

A. <u>Non-Discrimination and Non-Retaliation</u>

1. <u>Discrimination</u>

MF Nut and its directors, officers, agents, management (including all supervisory employees), and/or future successors and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from:

(a) engaging in unlawful discrimination and/or harassment of any employee or H2A workers employed by Farm Labor Contractors ("FLC") who work at MF Nut on the basis of their national origin and/or race;

(b) engaging in or being a party to any action, policy, or practice that is intended or is known to them to have the effect of unlawfully discriminating, harassing or intimidating any employee on the basis of their national origin and/or race; and/or

(c) creating, facilitating, or permitting the existence of a work environment that is unlawfully hostile to employees on the basis of national origin and/or race.

2. <u>Retaliation</u>

MF Nut and its directors, officers, agents, management (including all supervisory employees), and/or future successors and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in, implementing, or permitting any action, policy or practice with the purpose of unlawfully retaliating against any person because he or she has in the past, or during the term of this Decree:

(a) opposed any practice made unlawful under Title VII;

(b) filed a charge of discrimination alleging such practice;

      (c)      testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by MF Nut), proceeding in connection with this case and/or relating to any claim of a Title VII violation;

      (d)      was identified as a possible witness or Claimant in this action;

      (e)      asserted any rights under this Decree; or

      (f)      sought and/or received any relief in accordance with this Decree.

B.  <u>EEOC Monitor</u>

Within ninety (90) days after the Effective Date or ninety (90) days after MF Nut's commencement of macadamia nut farming, harvesting, or processing operations, whichever is later, MF Nut will retain a third-party outside monitor approved by the EEOC (the "Monitor") who shall confirm compliance with the terms of this Decree and shall have demonstrated experience in the area of employment discrimination, harassment, and retaliation issues. The Monitor will be required to be become familiar with the H2A requirements if selected. MF Nut shall inform the EEOC within sixty (60) days after commencement of its operations as set forth above.

The Parties agree that the role of the Monitor will include, but is not limited to, the following:

1.      ensuring that MF Nut's policies and procedures, including its complaint procedures, relating to discrimination, harassment, and retaliation, comply with Title VII and MF Nut's obligations under this Decree;

2.      ensuring that all employees, including guest workers working at MF Nut under the H2A program and/or employees of a FLC working at MF Nut, managers, supervisors, crew leaders, and human resources employees, are trained on their rights and responsibilities under Title VII and this Decree, including the

responsibility to provide a workplace free of discrimination, harassment and retaliation;

3.     ensuring that all employees, including guest workers working at MF Nut under the H2A program and/or employees of a FLC working at MF Nut, managers, supervisors, crew leaders, and human resources employees, are trained on MF Nut's policies and procedures relating to discrimination, harassment and retaliation, and any revisions to the policies and procedures, if any;

4.     ensuring that MF Nut monitors and assures the adequacy of an investigation of any complaint of national origin or race-based discrimination, harassment or retaliation received by MF Nut during the term of the Decree to ensure compliance with Title VII and this Decree;

5.     ensuring that MF Nut communicates with complainants regarding the complaint procedure for complaints of national origin or race-based discrimination, harassment or retaliation raised by all employees, including guest workers working at MF Nut under the H2A program as well as MF Nut employees and/or employees of any FLC working at MF Nut;

6.     ensuring that MF Nut creates a centralized system of tracking national origin and race-based discrimination, harassment and retaliation complaints;

7.     ensuring that MF Nut creates disciplinary policies to hold employees accountable for compliance with Title VII and managerial employees accountable for failing to take appropriate action regarding complaints of national origin or race-based discrimination, harassment or retaliation, or for engaging in conduct prohibited under Title VII or this Decree;

8.     ensuring that MF Nut provides all policies, procedures and notices that are to be disseminated to H2A guest workers working at MF Nut in the dominant language of the H2A guest workers and provides access, on an as needed basis, to an interpreter who is bilingual in English and the H2A guest workers'

dominant language where practicable and/or where necessary to ensure that MF Nut understands any complaints that may be raised by H2A workers;

9.   ensuring that MF Nut accurately compiles and timely submits all reports required by this Decree;

10.   ensuring that MF Nut's contracts with any FLC require compliance under Title VII, including disseminating policies and procedures, investigation of complaints of discrimination, and reporting such findings to MF Nut, as detailed in this Decree;

11.   conducting audits to ensure H2A working, housing (living), and/or transportation conditions at MF Nut are monitored to prevent and/or correct unlawful national origin or race-based discrimination, harassment, and/or retaliation; and

12.   ensuring that MF Nut holds any placement or staffing agency contracting with MF Nut, that brings in H2A guest workers to work at MF Nut, accountable for Title VII compliance during the term of the Decree.  Prior to entering into any contract with any placement or staffing agency that brings in H2A guest workers to work at MF Nut, MF Nut shall require the placement or staffing agency to provide MF Nut a copy of its policies or procedures regarding discrimination, harassment, and retaliation.

C.   MF Nut's Farm Labor Contractor Title VII Compliance Program

1.  MF Nut shall hold all FLC's contracting with MF Nut accountable for Title VII compliance during the term of the Decree.  Prior to entering into a contract with any FLC, MF Nut shall require the FLC to provide MF Nut a copy of its policies and procedures regarding discrimination, harassment, and retaliation within ten (10) days after entering into a contract with MF Nut.

2.  If a complaint related to any FLC employee is lodged with MF Nut, it shall be referred to the FLC for investigation and resolution.

3.   If a complaint is lodged about a MF Nut employee, MF Nut shall investigate promptly and resolve the matter.

4.      Any contract with a FLC shall include a provision requiring the FLC to comply with all federal, state, and local laws, and this Decree.  Any contract with a FLC shall also include a provision requiring the FLC to report to MF Nut all complaints of pay issues by its employees working at MF Nut.

5.   MF Nut shall conduct audits of any housing owned by MF Nut which is provided to any FLC or its employees pursuant to a contract between MF Nut and the FLC during the period of that contract and provide a written report of that audit to the EEOC.

6.   MF Nut shall provide, publicize, and post a hotline for any FLC's employees working at MF Nut to contact MF Nut regarding any questions, concerns, and/or complaints pertaining to their working and/or housing conditions while working at MF Nut.

7.   MF Nut shall provide an orientation for any FLC's employees working at MF Nut to inform them directly of the hotline.

8.   MF Nut shall provide a copy of this Decree to the FLC.

9.   MF Nut shall further assess and/or monitor any FLC with which it contracts by requiring that the FLC maintain and/or provide to MF Nut within ten (10) days after a request by MF Nut the following:

     a. recordkeeping requirements on payroll documents and cancelled checks;

     b. recordkeeping and reporting requirements on complaints regarding failure to pay wages, pay delays, or shortages;

     c. certification by pay period of payment of all wages due under penalty of perjury in a form created and/or approved by MF Nut;

d. certification that management training regarding compliance with Title VII occurs at least once every two (2) years;

e. a copy of a listing of all employees legally authorized to work at MF Nut;

f. notification to MF Nut within ten (10) days when a FLC employee ceases working at MF Nut and a summary of the reasons and/or circumstances related thereto;

g. certification that any FLC providing workers to MF Nut under the H2A program is in compliance with the H2A requirements of that program, including, but not limited to, housing, food and water, recruitment fees, travel reimbursements, visa and/or passport withholding, any guaranteed payments and workplace safety;

h. certification that any FLC holds all necessary licenses for the provision of its employees to work at MF Nut;

i. information regarding whether the FLC has received any complaints of discrimination in the two (2) years prior to entering into any contract with MF Nut;

j. a description of actions taken in response to any such complaints; and

k. a summary of the resolution of any such complaint referenced in item (j) above.

D. <u>Revision and Distribution of Anti-Harassment, Anti-Discrimination, and Anti-Retaliation Policies and Procedures</u>

Within ninety (90) days after the Effective Date or MF Nut's commencement of macadamia nut farming, harvesting or processing operations, whichever is later, MF Nut, with notice to the Monitor, shall draft, or review, revise and/or modify its policies and procedures relating to anti-discrimination, anti-harassment and anti-retaliation to ensure that the policies and procedures include:

1.     An explanation of prohibited conduct in violation of Title VII, including discrimination and/or harassment on the basis of national origin and/or race;

2.     A statement that employees who make complaints of national origin or race-based harassment, discrimination, or retaliation, or provide information related to such complaints will be protected against retaliation;

3.     A complaint process that provides accessible and confidential avenues of complaint with contact information, including the address, email address and/or telephone number(s), to whom employees may report discrimination and retaliation, which shall include persons outside their chain of management.

4.     A statement that the employer will protect the confidentiality of harassment, discrimination, and retaliation complaints to the extent possible from being disclosed to those who do not need to know such information;

5.     A complaint process that provides a prompt, thorough and impartial investigation;

6.     A procedure by which MF Nut will notify the complainant when the investigation is complete;

7.     A statement that MF Nut will take immediate and appropriate corrective and preventative actions when it determines that national origin or race-based harassment, discrimination, or retaliation has occurred; and

8.     A description of the possible consequences, up to and including termination, which will be imposed upon violation of the policies related to discrimination, harassment or retaliation.

The EEOC may comment on the policies and procedures within thirty (30) days of receipt.

The policies and procedures related to discrimination, harassment and retaliation shall be disseminated to all MF Nut employees, including workers employed by FLC's and H2A workers working at MF Nut. MF Nut shall maintain acknowledgments from each person who receives the revised policy and returns the signed acknowledgment. Within thirty (30) days of a request by the Commission for any such acknowledgment, MF Nut shall produce a copy to the Commission.

All new or rehired employees shall receive a copy of the policies and procedures within ten (10) days of being hired or rehired.

E.     Complaint Procedure

Within ninety (90) days after the Effective Date or MF Nut's commencement of macadamia nut farming, harvesting, or processing operations, whichever is later, MF Nut shall internally publicize its internal complaint procedure to provide for the filing, investigation and, if appropriate, remedying of complaints of national origin or race-based harassment, discrimination, and retaliation. MF Nut shall:

1.     Internally publicize the complaint procedure;

2.     Track all complaints filed with such management personnel who are designated to investigate and resolve complaints;

3.     Investigate and resolve such complaints in a timely and effective manner as required under Title VII; and

4.     Retain records regarding resolution of all such complaints.

MF Nut will review the allegations of national origin or race-based harassment, discrimination, and/or retaliation made during the term of the Decree and conduct an investigation accordingly.

The internal complaint procedure shall incorporate the following elements:

1.     Describe the steps associated with the complaint process;

2.      Offer alternative avenues or persons for reporting;

3.      Provide for prompt commencement and thorough investigation by an individual trained to conduct such investigations who is not the subject of the complaint;

4.      Confidentiality of the complaint and investigation to the extent possible from being disclosed to those who do not have a need to know the information;

5.      A notice that employees or applicants complaining of discrimination may use MF Nut's internal complaint procedure;

6.      A statement that it is unacceptable to retaliate against anyone for using the internal complaint procedure, for assisting in the investigation of a complaint, or for otherwise assisting in the utilization of the complaint procedure;

7.      A statement that substantiation of an allegation of discrimination or retaliation against a manager or other associate may result in appropriate discipline, up to and including termination;

8.      The internal complaint procedure will permit, but not require, an employee to initiate the complaint process by submitting the complaint in writing; and

9.      A statement that the internal complaint procedure is not intended to supplant the right of any employee to file a charge or complaint of discrimination or retaliation under any available municipal, state, or federal law.

F.      <u>Training</u>

1.      Within one hundred twenty (120) days after the Effective Date or MF Nut's commencement of macadamia nut farming, harvesting, or processing operations, whichever is later, MF Nut employees and any employees of any FLC working at MF Nut, including any guest workers working under the H2A visa

program, shall be required to attend a live training program of at least two (2) hours with regard to compliance under Title VII. The training, and all subsequent trainings, shall be conducted in English, with an interpreter present to interpret all or portions of the training session as needed into the dominant language of the workers. The training shall be mandatory, and all employees shall be required to attend training once each year for the term of this Decree, in the event MF Nut commences and continues macadamia nut farming, harvesting, or processing operations. Each annual training session shall be scheduled on company time, for a period of no less than one (1) hour dedicated every year, with a focus on Title VII. For any employee who missed the scheduled training described in this section, MF Nut will show a videotape of the scheduled training to these employees within thirty (30) days of their return to work, or the scheduled training, whichever is later. Such training shall include coverage of the subjects of equal employment opportunity rights and responsibilities, with emphasis on national origin and/or race discrimination, harassment, retaliation, and MF Nut's policies and procedures for reporting and handling complaints of discrimination, harassment and retaliation.

2.      Within one hundred twenty (120) days after the Effective Date or MF Nut's commencement of macadamia nut farming, harvesting, or processing operations, whichever is later, MF Nut's farm  supervisory, human resource, and recruiting personnel shall also be trained  on an annual basis on their obligations under Title VII relating to national origin and/or race-based discrimination, harassment, and retaliation. They shall be trained in identifying complaints and the proper procedure on handling complaints as required under Title VII and MF Nut's policies and procedures.

3.      All employees required to attend such training shall verify their annual attendance in writing. A record shall be maintained to track who attended each training.

## XI. RECORD KEEPING AND REPORTING

A. <u>Recordkeeping of Discrimination and Retaliation Complaints</u>

Within ninety (90) days after commencing macadamia nut farming, harvesting or processing operations, MF Nut shall establish a recordkeeping procedure that provides for the centralized tracking of complaints about national origin or race-based discrimination and retaliation. The records to be maintained shall include:

1. All documents generated in connection with any complaint of national origin or race-based harassment, discrimination or retaliation for the duration of the Decree and the identities of the parties involved. This includes any actions taken in response to any such complaint and any findings;

2. All forms acknowledging employees' receipt of MF Nut's policies and procedures related to discrimination, harassment and retaliation;

3. Documents verifying the occurrence of all training sessions and names and positions of all attendees for each session; and

4. Documents pertaining to MF Nut's FLC's as set forth above in Section X(C).

B. <u>Reporting</u>

Within one hundred twenty (120) days after the Effective Date or MF Nut's commencement of macadamia nut farming, harvesting or processing operations, whichever is later, and annually thereafter for the term of the Decree, MF Nut shall submit to the EEOC a report which contains:

1. A copy of MF Nut's policies and procedures relating to anti-discrimination, anti-harassment and anti-retaliation;

2. A summary of the procedures and recordkeeping methods developed for centralized tracking of discrimination complaints and the monitoring of such complaints;

3. A description of compliance or non-compliance with the training requirements;

4. A summary of any subsequent changes of the procedures or record-keeping methods for centralized tracking of discrimination complaints and the monitoring of such complaints within at least thirty (30) days before implementing such changes;

5. Confirmation that MF Nut has requested a list of all H2A workers authorized to work at MF Nut;

6. The result of audits conducted pursuant to Section X(B)(11) shall be reported to the EEOC annually;

7. The results of any audit conducted pursuant to MF Nut's Farm Labor Title VII Compliance Program described in Section X(C); and

8. The Monitor shall provide a synopsis to the EEOC of whether MF Nut is in compliance with the terms of the Decree.

## XII.  MISCELLANEOUS PROVISIONS

A. <u>Successors In Interest</u>. During the term of this Decree, MF Nut shall provide any potential future successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of MF Nut's facilities and shall inform the EEOC of same within thirty (30) days after the closing of any transaction for acquisition or assumption of control of any or all of MF Nut's facilities.

B. <u>Buderim Macadamias</u>. The EEOC agrees that Buderim has no liability, obligation or responsibility whatsoever for any of the claims resolved and/or released pursuant to this Decree.

C. <u>MF Nut Co., LLC</u>. The EEOC acknowledges and agrees that MF Nut Co., LLC presently is the only name of the Defendant referenced herein MF Nut

represents that the name "Mac Farms of Hawaii, LLC" was sold by MF Nut to Buderim in August 2008 after the events set forth in the Third Amended Complaint were alleged to have occurred.

D. Notice. During the term of this Decree, MF Nut and/or its successor(s) shall ensure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

Unless otherwise stated, all notices, reports and correspondence required under this Decree to be sent to the EEOC shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

Unless otherwise stated, all notices, reports and correspondence required under this Decree to be sent to MF Nut shall be delivered to the attention of Barbara A. Petrus, Esq., Goodsill Anderson Quinn & Stifel, 999 Bishop Street, Suite 1600, Honolulu, Hawaii, 96813, and John E. Kruger, Esq., Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., 165 Madison Avenue, Suite 2000, Memphis, Tennessee, 38103.

E. Costs of Administration and Implementation of Consent Decree. MF Nut shall bear all costs associated with its administration and implementation of its obligations under this Decree. All costs and attorneys' fees associated with executing the Decree, and compliance with the Decree shall be paid by MF Nut.

F. Costs and Attorney's Fees Pertaining to this Action. Each Party shall bear its own costs of suit and attorneys' fees.

G. Counterparts and Facsimile Signatures. This Decree may be signed in counterparts but shall only constitute a single agreement. A facsimile or .pdf signature shall have the same force and effect of an original signature or copy thereof.

The Parties agree to entry of this Decree and judgment subject to final approval by the Court. All Parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: June 3, 2014          By:        /s/ Anna Y. Park

                                            Anna Y. Park
                                            Regional Attorney for
                                            U.S. EEOC

Dated: _____, 2014     By:     _____

                                            Attorney for Defendant
                                          MF Nut Co., LLC f/k/a Mac Farms
                                          of Hawaii, LLC

Dated: _____, 2014     By:     _____

                                            MF Nut Co., LLC f/k/a Mac Farms
                                          of Hawaii, LLC

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: _____, 2014          By: _____

                                             Anna Y. Park
                                             Regional Attorney for
                                             U.S. EEOC

Dated: May 29 ____, 2014          By: _____

                                             Attorney for Defendant
                                             MF Nut Co., LLC f/k/a Mac Farms
                                             of Hawaii, LLC

Dated: May 29 ____, 2014          By: _____

                                             David M. Johnson, Director
                                             MF Nut Co., LLC f/k/a Mac Farms
                                             of Hawaii, LLC

M JEK 2489348 v3
2790705-000009 05/14/2014

**ORDER**

Good cause appearing,

The provisions of the foregoing Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED. The Court hereby retains jurisdiction over this Decree until its termination as determined by the Court in accordance with its terms.

IT IS SO ORDERED.


Date: _____          _____
                                The Honorable Leslie E. Kobayashi
                                U.S. District Court Judge