Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Lorena Garcia-Bautista, CA SBN 234091
Derek W. Li, CA SBN 150122
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 E. Temple Street, 4th Floor
Los Angeles, California 90012
Telephone: (213) 894-1082
Facsimile: (213) 894-1301
E-mail: lado.legal@eeoc.gov
Attorneys for Plaintiff EEOC

SARAH O. WANG            6649-0
WILLIAM N. OTA           6947-0
MARR JONES & WANG, LLLP
Pauahi Tower
1003 Bishop Street, Suite 1500
Honolulu, Hawaii 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700
swang@marrjones.com

JIM DARNELL (*admitted pro hac vice*)
Jim Darnell, P.C.
310 N. Mesa, Suite 212
El Paso, TX  79901

DAX B. DEASON (*admitted pro hac vice*)
Deason Law, P.C.
2425 Fountain View Drive, Suite 360
Houston, TX  77057

Attorneys for Defendant KELENA FARMS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL HORIZONS, INC. D/B/A GLOBAL HORIZONS MANPOWER, INC.; CAPTAIN COOK COFFEE COMPANY, LTD.; DEL MONTE FRESH PRODUCE (HAWAII), INC.; KAUAI COFFEE COMPANY, INC.; KELENA FARMS, INC.; MAC FARMS OF HAWAII, LLC N/K/A MF NUT CO., LLC; MAUI PINEAPPLE COMPANY, LTD. A/K/A MAUI PINEAPPLE FARMS; ALEXANDER & BALDWIN, INC.; MASSIMO ZANETTI BEVERAGE USA, INC.; AND DOES 1-15, INCLUSIVE; <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL ACTION NO. 11-00257-LEK-RLP

**CONSENT DECREE; ORDER**

The Honorable Leslie E. Kobayashi
U.S. District Court Judge

## I.    INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC") filed the instant action against defendants Global Horizons, Inc. and a number of farm defendants, including Kelena Farms, Inc. ("Kelena"), entitled *EEOC v. Global Horizons, Inc., et al.*, Case Number 11-00257-LEK-RLP, to correct alleged unlawful employment practices.   Specifically, the EEOC alleged that Global Horizons, Inc. ("Global") subjected its employees, a class of Thai workers ("Claimants"), to a pattern or practice of disparate treatment, a hostile work

environment on the basis of their Thai national origin and/or Asian race, and retaliation which lead to their constructive discharge in violation of Title VII.  The EEOC named Kelena as a joint employer with Global and alleged that Kelena was jointly responsible for the alleged treatment of those Claimants that worked at Kelena.

Kelena denies the EEOC's allegations and further denies any wrongdoing or liability in this action.  Kelena asserts that its actions were in compliance with all applicable federal and state laws.  This Decree and compliance with it shall not be construed as an admission of any liability by Kelena.

## II.  PURPOSES OF THIS DECREE

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC and Kelena (hereinafter collectively referred to as "the Parties") have agreed that this action against Kelena should be finally resolved by entry of this Decree.  This Decree shall be binding on and enforceable against all Parties, their agents, successors, and assigns for the effective period of the Decree as noted in Section VI.  The Parties agree that this Decree resolves any and all claims arising out of the underlying Third Amended Complaint as to Kelena only, as well as all issues, claims and allegations raised in EEOC Charge Nos. 480-2008-01903; 480-2007-03003; 480-2007-00771; 480-2007-01624; 480-2008-00054; 480-2008-04535; 480-2007-01635; 480-2008-04503; 486-2007-00347; 480-2007-03163; 480-2009-00650; 480-2007-01337; 480-2007-02989; 480-2008-01955; 480-2009-00285; 480-2009-00751; 480-2007-02992.

## III.  JURISDICTION

The Court has jurisdiction over the Parties and the subject matter of this Action, pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, 1367 and 42 U.S.C.

Section 2000(e)(5). The Court shall retain jurisdiction of this Action for the duration of this Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the terms and conditions specified herein.

## IV.   FINDINGS

Having examined the terms and provisions of this Decree and based on the pleadings, record, and stipulation of the Parties, the Court finds the following:

A.     The Court has jurisdiction over the Parties and the subject matter of this action. The Third Amended Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

B.     The terms and provisions of this Decree are adequate, fair, reasonable, and equitable, to adequately protect the interests of those Claimants eligible for relief in this case and in the public interest. The entry of this Decree will further the objectives of Title VII and will be in the best interest of the Parties and Claimants.

C.     This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person.

## V.    RESOLUTION OF CLAIMS

A.     This Decree fully and completely resolves all claims that EEOC alleged against defendant Kelena only in its Third Amended Complaint filed on July 2, 2012 in the United States District Court for the District of Hawaii entitled *EEOC v. Global Horizons, Inc., et al.*, with Case Number 11-00257-LEK-RLP, or that EEOC could have raised against Kelena in this action, including but not limited to:

1.     The claims set forth in Charges of Discrimination Nos. 480-2008-01903;  480-2007-03003;  480-2007-00771;  480-2007-01624;  480-2008-

00054; 480-2008-04535; 480-2007-01635; 480-2008-04503; 486-2007-00347; 480-2007-03163; 480-2009-00650; 480-2007-01337; 480-2007-02989; 480-2008-01955; 480-2009-00285; 480-2009-00751; 480-2007-02992, and

2.     The claims of all Claimants actually identified by EEOC to Kelena in the action and any other similarly situated class members, whether or not previously identified.

B.     Each Charging Party will execute a separate Supplemental Settlement Agreement and Release (the "Charging Party Releases") covenanting not to sue Kelena based on the above-cited Charges of Discrimination.  In addition to any other consideration described in this Decree, Kelena Farms agrees to pay for up to one hour of actual attorney time, not to exceed $250.00, per Charging Party for such Charging Party to have the Charging Party Release reviewed by counsel for the Charging Party.

C.     Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce the terms of this Decree in accordance with its enforcement provisions.

D.     Nothing in this Decree shall be construed to limit or to reduce Kelena's obligations to comply fully with Title VII or any other federal employment statute.

E.     This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges of discrimination unrelated to this Action that may later arise against Kelena in accordance with standard EEOC procedures.

## VI.   EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("Effective Date").

B.     This Decree shall remain in effect for three (3) years after the Effective Date.

## VII.   DEFINITIONS

A.     The Plaintiff in this action is the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission").

B.     The defendant that is a party to this Decree is Kelena Farms, Inc. ("Kelena"), its officers, directors, assigns and successors-in-interest.

C.     "Claimants" are the individuals identified as such by EEOC to Kelena in this action.

D.     "Kelena Claimants" are the 57 Claimants that the Parties agree performed work at Kelena during the periods at issue in the Third Amended Complaint.

E.     "Charging Parties" are the 17 individuals who filed Charges of Discrimination Nos. 480-2008-01903; 480-2007-03003; 480-2007-00771; 480-2007-01624; 480-2008-00054; 480-2008-04535; 480-2007-01635; 480-2008-04503; 486-2007-00347; 480-2007-03163; 480-2009-00650; 480-2007-01337; 480-2007-02989; 480-2008-01955; 480-2009-00285; 480-2009-00751; 480-2007-02992.

## VIII.  MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.   No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.     If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.   In

any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.      By mutual agreement of the Parties, this Decree may be amended or modified in the interest of justice and fairness in order to effectuate the provisions of this Decree.

## IX.   COMPLIANCE AND DECREE ENFORCEMENT

A.      The Parties expressly agree that if the Commission has reason to believe that Kelena has failed to comply with any provision of this Consent Decree, the Commission may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the Commission will notify Kelena and its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) of the Decree that the Commission believes Kelena has breached. Absent a showing that the delay will cause irreparable harm, Kelena shall have thirty (30) days to attempt to resolve or cure the breach.

B.      The Parties agree to cooperate with each other and to use their best efforts to resolve any dispute arising from or under this Decree.

C.      After thirty (30) days have passed with no resolution or agreement to extend the time further, the Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action and Kelena will have an opportunity to respond.  Should the Court determine that Kelena has not complied with this Decree, in whole or in part, it may impose appropriate relief, including extending the period of the Decree.  This provision shall not apply if the breach involves a failure to pay money under this Decree. The EEOC shall provide notice of any default of monetary payment under Section X and Kelena shall have ten (10) days to cure the defect. The Parties shall

comply with the Court's briefing schedule pursuant to the Federal Rules and the Local Rules of this Court.

## X.    CLAIMANT SPECIFIC RELIEF

A.    <u>Offers of Employment.</u>  Kelena Claimants designated pursuant to this Decree will be hired into field worker positions, with the same pay and benefits as other newly hired employees of Kelena Farms in the same positions.   Kelena agrees to hire up to 37 Kelena Claimants on the following terms and conditions (Kelena may, but is not required by this Decree, to hire additional qualified Claimants at any time):

1.    <u>Wage Rate</u>:  Kelena will pay the applicable wage rate, which is currently $12.91 per hour for all field work and harvesting positions.  Kelena will pay standard wage rates for any other occupation that a Claimant may accept based on qualifications or promotion.  All wage rates will exclusively be determined in accordance with Kelena's standard wage practices and governing federal or state laws;

2.    <u>Paid Holidays</u>:  Kelena currently offers six (6) paid holidays per year plus four (4) hours of pay if an employee attends the annual holiday party and will offer such holidays in the future in accordance with its policies;

3.    <u>Paid Vacation</u>:  Kelena currently provides five (5) days of paid vacation per year after one year of service;

4.    <u>Health Insurance</u>:   Kelena currently provides full health coverage including drug, dental, medical, and vision, with employees paying nothing for their own coverage;

5.      401(k) Retirement Plan:  Kelena currently provides employees the option of enrolling in a retirement program and matches employee contributions permitted by law up to 4%;

6.      Profit Sharing:  In its sole discretion, Kelena may make a profit sharing contribution to the retirement accounts of all employees;

7.      Overtime:  Kelena currently pays overtime to all field workers at the rate of one and one-half times the workers' regular rate of pay for all hours worked over 40 in a workweek; and

8.      Temporary Disability Insurance ("TDI") and Workers' Compensation Insurance:  Kelena will provide TDI and Workers' Compensation Insurance to all hired Claimants to the same extent as provided to all Kelena employees.  Kelena currently, and in accordance with state law, fully funds the TDI program, which provides up to 26 weeks of wage replacement benefits per disabling event or per benefit year to eligible employees in the event of an injury or illness that occurs outside of work.  Kelena will provide Claimants proper workers' compensation coverage consistent with state law and all workers' compensation benefits provided to all Kelena employees.

B.      Duration of Kelena's Hiring Obligation.  Kelena's obligation to hire Kelena Claimants under this Section X.A shall cease six months after entry of this Decree or upon Kelena's hiring of 37 Kelena Claimants, whichever first occurs; nothing herein shall preclude Kelena from hiring additional qualified Claimants at any time.

C.      Equal Treatment of all Employees.  Kelena will comply with all federal and state laws and regulations applicable to its employees and thus, any Claimants who are hired must be able to satisfy Kelena's hiring procedures and requirements applicable to all employees.  In addition, any Claimants who are hired will be subject to the same changes to pay and benefits as are other

employees in the same job positions. The Claimants, like Kelena's other employees, are employed at will. Kelena is not responsible for providing any assistance with work authorization applications as may be necessary or for facilitating the relocating to Oahu, Hawaii, as necessary, for those Claimants who are offered positions at Kelena.

      D.   <u>Confirmation of Non-Kelena Claimants.</u> To allow Kelena and its EEO Monitor to comply with Sections XI.B.8 and XI.B.9 of this Decree, within 10 business days following Kelena's hire of any male employee who is known or reasonably believed to be of Thai national origin (but who is not a Kelena Claimant), Kelena's EEO Monitor shall provide counsel for the EEOC with the name of such new hire to determine whether such individual is a Claimant. Kelena shall not have any obligations under Sections XI.B.8 and XI.B.9 of this Decree with respect to such new hire unless and until the EEOC confirms that the individual is a Claimant.

      E.   <u>Monetary Relief.</u> In settlement of all monetary claims asserted against Kelena in this action, Kelena shall pay a total of $275,000.00 (the "Relocation Fund"). The Relocation Fund shall be distributed at the EEOC's full and sole discretion.

      1.   The Relocation Fund shall be paid by Kelena in three installments:

            a.   $75,000.00 shall be paid within 20 business days after counsel for Kelena receives from the EEOC a Distribution List for the distribution of this installment; provided that Kelena is not required to pay this installment before 10 business days have elapsed after entry of this Decree;

      b.     $100,000.00 shall be paid within 20 business days after counsel for Kelena receives from the EEOC a Distribution List for the distribution of this installment; provided that Kelena is not required to pay this installment before 6 months have elapsed after entry of this Decree; and

      c.     $100,000.00 shall be paid within 20 business days after counsel for Kelena receives from the EEOC a Distribution List for the distribution of this installment; provided that Kelena is not required to pay this installment before 12 months have elapsed after entry of this Decree.

2.     The Parties agree that Kelena's payment of the Relocation Fund provides complete consideration for all of the Claimants' alleged damages and remedies, which includes compensatory damages, travel expenses, work authorization and visa expenses and any other fees, that were brought or could have been brought in this Action.

3.     The EEOC has full and sole discretion regarding the EEOC's distribution of the Relocation Funds to the Kelena Claimants who are hired pursuant to Section X.A of this Decree, those Kelena Claimants who decline Kelena's job offer, and all other Claimants as defined in Section VII.C.

4.     The EEOC will provide to Kelena's counsel a list describing the allocation and payee(s) of each installment amount amongst Claimants (all such lists are referred to as a "Distribution List").  The EEOC agrees to provide such information and forms, about and/or signed by Claimants on any Distribution List, as are reasonably necessary for Kelena to process payments, distribute payments to Claimants, and comply with tax reporting obligations.   Such

information and forms include, but are not limited to, a valid and completely filled in federal W-9 form.  The Parties understand that Kelena will not make any monetary distribution to any Claimant without a valid W-9 form.

5.     EEOC has designated all damages suffered by Claimants to be solely for non-wage compensatory damages under Title VII.  Kelena Farms shall prepare and distribute 1099-MISC tax reporting forms, reporting the distribution as other income on line three and on a similar Hawaii tax form in recognition that such distribution may be taxable to the recipient and deductible to Kelena, to each Claimant to whom payment is made pursuant to any Distribution List provided by the EEOC to Kelena Farms.  Kelena Farms shall be solely responsible for any costs associated with the issuance and distribution of the 1099-MISC tax reporting forms to Claimants on any of the EEOC's Distribution Lists.

6.     All checks to the Claimants on a particular Distribution List shall be forwarded to the Claimants at the addresses provided by the EEOC in accordance with the payment schedule and deadlines set forth in Section X.E.1.

7.     Within twenty (20) business days after the issuance of each check to a Claimant per a Distribution List, Kelena shall submit a copy of the check to Anna Y. Park, Regional Attorney, United States Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

## XI.     GENERAL RELIEF

A.     <u>Non-Discrimination and Non-Retaliation</u>

1.     <u>Discrimination</u>

Kelena and its directors, officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in concert or participation with them, or any of them, are hereby enjoined from:

      a.      engaging in discrimination and/or harassment of any person on the basis of their national origin and/or race;

      b.      engaging in or being a party to any action, policy, or practice that is intended or is known to them to have the effect of discriminating, harassing or intimidating any employee on the basis of their national origin and/or race; and/or

      c.      creating, facilitating, or permitting the existence of a work environment that is hostile to employees on the basis of national origin and/or race.

2.    <u>Retaliation</u>

Kelena and its directors, officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in, implementing, or permitting any action, policy or practice with the purpose of retaliating against any person because he or she has in the past, or during the term of this Decree:

      a.      opposed any practice made unlawful under Title VII;

      b.      filed a charge of discrimination alleging such practice;

      c.      testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Kelena) or proceeding in connection with this case and/or relating to any claim of a Title VII violation;

      d.      was identified as a possible witness or Claimant in this action;

      e.      asserted any rights under this Decree; or

      f.     sought and/or received any relief in accordance with this Decree.

B.    <u>EEO Monitor</u>

As of the Effective Date, Kelena has retained a third-party outside Equal Employment Opportunity Monitor approved by the EEOC ("Monitor") who shall confirm compliance with the terms of this Decree and shall have demonstrated experience in the area of employment discrimination, harassment, and retaliation issues, and H-2A requirements.  The Monitor shall be responsible for complying with obligations set forth in this Decree, but apart from such obligations (and such obligations as may exist between the Monitor and Kelena), the Monitor shall neither have nor incur any liability to any person or entity for its performance (or lack thereof) under this Decree.

During the term of the Decree, the Monitor will assist Kelena in the following:

      1.     reviewing and, if necessary, revising Kelena's policies and procedures, including its complaint procedures, relating to harassment, discrimination and retaliation, to carry out Kelena's obligations under Title VII and this Decree;

      2.     ensuring that all Kelena employees, including guest workers under the H-2A program if employed directly by Kelena, managers, supervisors, crew leaders, and human resources employees, as well as any FLC workers performing work at Kelena, are trained on their rights and responsibilities under Title VII and this Decree and on Kelena's policies and procedures relating to discrimination, harassment and retaliation;

      3.     monitoring any investigation of any complaint of discrimination, harassment or retaliation received by Kelena during the term of the Decree to ensure compliance with Title VII and this Decree;

4.      ensuring that Kelena communicates with complainants as required by this Decree to ensure proper avenues for complaints to be raised by any workers at Kelena, regardless of whether Kelena directly employs such workers;

5.      ensuring that Kelena creates a centralized system of tracking discrimination, harassment and retaliation complaints, as required by this Decree;

6.      ensuring that Kelena's performance and discipline policies hold all employees accountable for compliance with Title VII and managerial employees accountable for failing to take appropriate action regarding complaints of discrimination, harassment or retaliation, or for engaging in conduct prohibited under Title VII or this Decree, including by ensuring appropriate discipline, up to and including termination, for violation of such policies;

7.      ensuring that Kelena's anti-discrimination policies and procedures are translated into the language that is understood by persons working at Kelena, if other than English, and ensuring that non-English speaking employees have an opportunity to raise complaints in a language other than English if the need arises;

8.      ensuring that any individuals who are known to be Claimants and who are hired by Kelena during the term of this Decree are employed under the same terms and conditions as other similarly situated Kelena employees;

9.      reporting to the EEOC any counseling, discipline, demotion, termination, and/or other employment action issued by Kelena during the term of this Decree to any individual who is known to be a Claimant and who is hired by Kelena;

10.     with respect to any H-2A workers employed directly by Kelena, conducting annual audits to ensure that H-2A working, housing (living), and/or transportation conditions comply with Kelena's policies, this Decree and Title VII;

11.     in the event Kelena contracts with a FLC during the term of this Decree, ensuring that the FLC complies with the provisions of Section XI.C;

12.     conducting annual audits of the working, housing (living), and/or transportation conditions provided to any FLC employees who work at Kelena;

13.     ensuring that Kelena accurately compiles and timely submits all reports required by this Decree, including annual reports.

C.     <u>Kelena's Farm Labor Contractor Title VII Compliance Program</u>

Kelena represents that it is not currently utilizing any Farm Labor Contractors ("FLC") to supply workers at Kelena and it is Kelena's intent not to utilize any FLCs during the term of this Decree.  In the event Kelena does utilize an FLC during the term of this Decree, Kelena agrees that it shall take reasonable steps during the term of the Decree to ensure that the FLC is in compliance with Title VII, which steps shall include the following:

1.     Prior to entering into a contract with an FLC, Kelena shall require the FLC to provide Kelena with a copy of (a) its EEO, anti-discrimination, anti-harassment, and anti-retaliation policies, and reporting and investigation processes, (b) records reflecting EEO training attended by FLC managers/supervisors who are assigned to supervise FLC employees  at Kelena for the two years prior to the contract period, and (c) a summary of any complaints of discrimination received by the FLC regarding its employees in the two years prior to the contract period, a description of actions taken in response to the complaints and the resolution of the complaints.

2.     Prior to entering into a contract with an FLC, Kelena shall provide to the FLC copies of Kelena's anti-discrimination, anti-harassment, anti-retaliation policies, including its complaint procedure, and shall explain those policies to the FLC.

3.     If a complaint of discrimination, harassment or retaliation is lodged with Kelena by an employee of the FLC against an employee of the FLC, such complaint shall be referred to the FLC for investigation and resolution.

4.     If a complaint of discrimination, harassment or retaliation is lodged with Kelena, or is lodged with the FLC and brought by the FLC to Kelena's attention, by an employee of the FLC against an employee of Kelena, Kelena shall investigate promptly and resolve the matter.

5.     Any contract between Kelena and an FLC during the term of this Decree shall include a provision requiring the FLC to comply with all federal, state, and local employment discrimination laws.

6.     Kelena shall include in any contract with an FLC during the term of this Decree either a contractual representation by the FLC, or a requirement that the FLC furnish Kelena with certification, of the following:

   a.     The FLC's timely payment of all wages due to its workers that perform work at Kelena;

   b.     If the FLC furnishes housing to the workers that perform work at Kelena, its provision of habitable housing to the workers;

   c.     If the FLC furnishes transportation to the workers that perform work at Kelena, its provision of safe and legally compliant transportation to workers that may be assigned to work at Kelena;

   d.     To the extent required by applicable law, ready access to food and water for the workers that perform work at Kelena;

e.      The FLC's compliance with all applicable laws regarding any recruitment fees charged by the FLC or its agent regarding the workers that perform work at Kelena;

f.      To the extent required by applicable law, the FLC's reimbursement of any travel expenses to the workers that perform work at Kelena;

g.      To the extent required by applicable law, the FLC's compliance with the ¾ guarantee payment for workers that perform work at Kelena;

h.      To the extent required by applicable law, the FLC's possession of valid farm labor contractor's licenses issued by the state and federal governments; and

i.      A further contractual agreement and/or certification by the FLC that the FLC shall maintain all records pertaining to the foregoing contractual agreements and/or certifications until the expiration of this Decree and/or to the extent required by applicable law, whichever duration is longer, including but not limited to:  payroll documents and cancelled checks regarding payments to workers for work performed;  documents reflecting discrimination complaints and investigations of such complaints;  all applicable immigration-related Notice of Action forms;  documents    reflecting housing inspections and/or citations for failed housing inspections;  documents regarding any recruitment fees;  receipts reflecting reimbursement of travel expenses;  all communications

regarding the FLC's compliance with all laws pertaining to FLCs, including but limited to Title VII.

7.      Kelena shall include in any contract with an FLC during the term of this Decree a provision (a) obligating the FLC to furnish, within ten (10) days of a request, all documents to substantiate its compliance with employment discrimination laws, and (b) permitting Kelena to immediately terminate the FLC contract without penalty if the FLC fails to timely furnish such documents and/or if Kelena reasonably questions the FLC's compliance with employment discrimination laws.

8.      Kelena shall request that the FLC post and/or that the FLC allow Kelena to post the FLC's EEO and/or anti-discrimination, anti-harassment and anti-retaliation policies in a place frequented by the FLC's employees that work at Kelena and in a language that such employees understand, if other than English.

9.      The Monitor shall recommend additional measures as needed to encourage and promote the FLC's compliance with Title VII and Kelena's compliance with this Decree.

D.      <u>Revision and Distribution of Anti-Harassment, Anti-Discrimination, and Anti-Retaliation Policy and Procedures</u>

1.      <u>Review of Policies</u>

Within sixty (60) days after the Effective Date, Kelena, shall review and, revise as deemed necessary by the Monitor, its anti-harassment, anti-discrimination, and anti-retaliation policy ("anti-discrimination policy") to ensure that the policies include:

a.   A clear explanation of prohibited conduct in violation of Title VII, including discrimination and/or harassment on the basis of national origin and/or race, with examples of prohibited conduct;

b.   Assurance that employees who make complaints of harassment, discrimination, or retaliation, or provide information related to such complaints will be protected against retaliation;

c.   A clearly described complaint process that provides accessible and confidential avenues of complaint with contact information by title, the address, and telephone number to whom employees may report discrimination and retaliation, including a written statement that the employee may report the discriminatory behavior to designated persons outside their chain of management;

d.   Assurance that the employer will protect the confidentiality of harassment, discrimination, and retaliation complaints to the extent possible;

e.   A complaint process that provides a prompt, thorough and impartial investigation;

f.   A procedure by which Kelena will notify the complainant when the investigation is complete;

g.   A statement that Kelena will take immediate and appropriate corrective and preventative actions when it determines that harassment, discrimination, or retaliation occurred; and

       h.     A description of the possible consequences, up to and including termination, which will be imposed upon finding a violation of the policies.

      2.    <u>Distribution of Policies</u>

Within 60 days after completing the review and/or revision described above, Kelena's anti-discrimination policy shall be disseminated to all of Kelena's employees including guest workers under the H-2A program if employed directly by Kelena and to all employees of an FLC utilized by Kelena, who perform work at Kelena.

All new or rehired employees during the term of the Decree shall receive a copy of Kelena's anti-discrimination policy within ten (10) business days of being hired or rehired.

During the term of the Decree, Kelena shall maintain acknowledgments from each employee who receives the anti-discrimination policy and returns the signed acknowledgment. Within twenty (20) days after Kelena's counsel receives a request from the EEOC for any such acknowledgment, Kelena shall produce a copy to the EEOC.

    E.    <u>Complaint Procedure</u>

During the term of the Decree, Kelena shall continue to publicize its internal complaint procedure to provide for the filing of complaints; investigation and, if appropriate, remedying of complaints of harassment, discrimination, and retaliation; and for the centralized tracking of complaints to track repeated violations.

The internal complaint procedure shall incorporate the following elements:

      1.    Describe the steps associated with the complaint process;

      2.    Offer the employee alternative avenues of reporting;

      3.    A statement that a thorough and effective investigation will be promptly commenced;

4.     Provide for confidentiality of the complaint and investigation to the extent possible, consistent with conducting a full and fair investigation and with any legal obligations regarding disclosure;

5.     A notice that employees or applicants complaining of discrimination may use the company's internal complaint procedure;

6.     A statement that the complainant shall not be required to first report the complaint to a person who is accused of the inappropriate conduct to invoke the internal complaint procedure;

7.     A statement that Kelena tracks complaints in order to identify individuals who are accused of repeat violations;

8.     A statement that it is unacceptable to retaliate against anyone for use of the internal complaint procedure, for assisting in the investigation of a complaint, or for otherwise assisting in the utilization of the procedure;

9.     A statement that if an allegation of discrimination or retaliation against a Kelena employee is substantiated, then such conduct may result in appropriate discipline, up to and including discharge;

10.     The internal complaint procedure will permit, but not require an employee to initiate the complaint process by submitting the complaint in writing; and

11.     A statement that the internal complaint procedure is not intended to supplant the right of any employee to file a charge or complaint of discrimination or retaliation under any available municipal, state, or federal law.

F.     <u>Training</u>

1.     <u>Initial Training for All Employees.</u>   Within ninety (90) days after the Effective Date, all then-current employees of Kelena, including guest workers under the H-2A program if employed directly by Kelena, shall be required to attend a training program of at least two (2) hours that shall include

coverage of the subjects of equal employment opportunity rights and responsibilities, with emphasis on national origin and/or race discrimination, harassment, retaliation, and Kelena's policies and procedures for reporting and handling complaints of discrimination, harassment and retaliation.  This training shall be provided in a language that each person understands.

2.      Additional Initial Training for Supervisors and Those with Human Resources and/or Recruiting Responsibilities.  In addition to the above-described training, supervisors, managers, human resources and recruiting personnel employed by Kelena shall receive an additional one (1)-hour training within ninety (90) days after the Effective Date that shall include proper hiring, recruitment, promotion, screening, transfer, and/or retention procedures that provide that employees, regardless of their national origin or race, are provided with equal employment opportunities.  The training shall also cover recognizing, preventing, and correcting discrimination, harassment, and retaliation in the workplace, how to recognize complaints of discrimination, harassment and/or retaliation, and how to properly handle such complaints.

3.      Subsequent Annual Training.  Once during each of the second and third years of the Decree, all employees of Kelena, including guest workers under the H-2A program if employed directly by Kelena, shall be required to attend training of at least two (2) hours that covers equal employment opportunity rights and responsibilities and Kelena's policies and procedures for reporting and handling complaints of discrimination, harassment and retaliation.

4.      To the extent practicable, employees shall be required to attend all training sessions described in this Section XI.F in person and will be compensated for their training time.  If an employee is unavailable to attend a training session in person, the employee shall be required to watch a video of the missed training within thirty (30) days after the missed training, unless the employee is unable to do so due to an extended absence from work.

5.      All employees who attend the training provided for in this Section XI.F shall verify their attendance at each training session in writing.  A log shall be maintained to track who attended each training session.

G.      Posting

Within ten (10) days after the Effective Date, Kelena shall post notice (attached hereto as "Exhibit A") of the settlement in a clearly visible location frequented by its employees.  The notice shall be posted in English, Spanish, and/or other language needed by Kelena's workforce.  The notice shall remain posted for the duration of the Decree.

## XII.   RECORD KEEPING AND REPORTING

Kelena shall establish a record-keeping procedure that provides for the centralized tracking of discrimination and retaliation complaints and the monitoring of such complaints to prevent retaliation. The records to be maintained shall include:

A.      Recordkeeping of Discrimination and Retaliation Complaints

1.      All documents generated in connection with any complaint of harassment, discrimination or retaliation, including any investigation into, or resolution of, such complaint for the duration of the Decree and the identities of the parties involved.  This includes any findings of such investigation and disciplinary action(s) taken as a result;

2.      All forms acknowledging employees' receipt during the period of this Decree of Kelena's anti-discrimination policy;

3.      Documents tracking and reflecting complaints filed against the same employee;

4.      All documents verifying the occurrence of all training sessions required by Section XI.F and names and positions of all attendees for each session;

5.      If Kelena utilizes an FLC during the term of this Decree, all documents pertaining to such FLC as set forth above in Section XI.C; and

6.      All documents generated in connection with any and all audits and/or reports during the term of the Decree pertaining to the Claimants, H-2A workers and/or FLC workers who perform work at Kelena.

B.      <u>Reporting</u>

Within 120 days after the Effective Date and annually within thirty (30) days after the end of each anniversary of the Decree, Kelena shall submit to the EEOC a report which contains:

1.      A copy of Kelena's anti-discrimination policy and complaint procedure;

2.      Certification of training provided pursuant to this Decree since the immediately preceding report hereunder;

3.      A summary of any changes to the procedures or record-keeping methods for centralized tracking of discrimination complaints and the monitoring of such complaints;

4.      Confirmation that Kelena has a list of all H-2A workers authorized to work at Kelena;

5.      Summary of the annual audits conducted by the Monitor pursuant to Section XI.B; and

6.      A description of discrimination, harassment or retaliation complaints made since the immediately preceding report hereunder, and a brief summary of how the complaint was resolved.  If no results have been reached as of the date of the report, the results shall be included in the next report due hereunder.

## XIII.  MISCELLANEOUS PROVISIONS

A.    Successors In Interest

During the term of this Consent Decree, Kelena shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Kelena's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.    Notice

During the term of this Consent Decree, Kelena shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

C.    Costs of Administration and Implementation of Consent Decree

Kelena shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

D.    Costs and Attorney's Fees

Each Party shall bear its own costs of suit and attorneys' fees.

E.    Counterparts and Facsimile Signatures

This Decree may be signed in counterparts.  A facsimile signature shall have the same force and effect of an original signature or copy thereof.

The Parties agree to entry of this Decree and judgment subject to final approval by the Court.  All Parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree as an Order of this Court.

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: June 3, 2014_____          By:      _____/s/ Anna Y. Park_____
                                        Anna Y. Park,
                                        Regional Attorney


Dated: _____                  By:     _____
                                        Larry Jefts, Chief Executive Officer
                                        Defendant Kelena Farms, Inc.


APPROVED AS TO FORM:


                                   MARR JONES & WANG, LLLP


Dated: _____                   By:     _____
                                        Attorney for Defendant
                                        Kelena Farms, Inc.


## ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.  The Court hereby retains jurisdiction over this Consent Decree until its termination as determined by the Court in accordance with its terms.

IT IS SO ORDERED.


Date: _____            _____
                                   The Honorable Leslie E. Kobayashi
                                   U.S. District Court Judge

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: _____          By: _____
                               Anna Y. Park,
                               Regional Attorney

Dated: MAY 2 7 2014       By: _____
                               Larry Jefts, Chief Executive Officer
                               Defendant Kelena Farms, Inc.

APPROVED AS TO FORM:

                          MARR JONES & WANG, LLLP

Dated: MAY 2 9 2014       By: _____
                               Attorney for Defendant
                               Kelena Farms, Inc.

## ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.  The Court hereby retains jurisdiction over this Consent Decree until its termination as determined by the Court in accordance with its terms.

IT IS SO ORDERED.

Date: _____          _____
                                 The Honorable Leslie E. Kobayashi
                                 U.S. District Court Judge

Exhibit A:  Posting



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA  90012
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Los Angeles Status Line:  (866) 408-8075
Los Angeles Direct Dial:  (213) 894-1096
TTY (213) 894-1121
FAX (213) 894-1118

## EXHIBIT A

## <u>NOTICE OF ENTRY OF CONSENT DECREE</u>

TO:          ALL EMPLOYEES

This Notice is posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Global Horizons, Inc., et al*., Case Number CV-11-00257-LEK-RLP, settling a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC") against a number of defendants, including Kelena Farms, Inc. ("Kelena Farms").

In its suit, the EEOC alleged that defendant Global Horizons, Inc. ("Global"), as a farm labor contractor ("FLC") who employed Thai workers ("Claimants") and assigned them to work at the farms of other defendants, including Kelena Farms, subjected Claimants to a pattern or practice of discrimination, hostile work environment, constructive discharge, and retaliation based on their Thai national origin and/or Asian race.  The EEOC further alleged that Kelena Farms was a joint employer with Global and, as such, was jointly responsible for the alleged treatment of the Claimants.  Kelena Farms denies the allegations against it, but has agreed to post this Notice without admitting any guilt or wrongdoing.

To resolve this lawsuit, the EEOC and Kelena Farms have entered into a Consent Decree under which Kelena Farms will:

- offer employment to up to 37 Claimants who are qualified and eligible for employment;
- provide monetary relief to compensate Claimants;
- forbid national origin and race discrimination and retaliation in the future;
- review, revise and redistribute its policies and procedures prohibiting discrimination, harassment and retaliation and describing internal complaint procedures;
- provide training to its management and employees regarding discrimination, harassment and retaliation;
- take steps to help ensure Title VII compliance by FLCs with whom Kelena Farms contracts (if any); and
- hire a monitor to assist Kelena Farms in compliance with Title VII.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin.  This prohibition applies with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment.  Federal law also prohibits retaliation against those who oppose or resist harassment or discrimination or participate in investigations regarding complaints of discrimination.

Kelena Farms is committed to complying with federal anti-discrimination laws in all respects. Harassment or discrimination based on a person's national origin and/or race will not be tolerated.  Likewise, Kelena Farms will not tolerate retaliation against any employee who files a complaint or formal charge of discrimination, gives testimony or assistance, or participates in any manner in any investigation.

If you believe that you have been harassed or discriminated against because of your sex, national origin, age, race, color, religion, or disability, or if you believe you have been subjected to retaliation, you are encouraged to follow Kelena Farms' internal reporting procedure.

You may also seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
300 Ala Moana Blvd., Room 7-127
Honolulu, HI  96850-0051
TELEPHONE NUMBER: (808)541-3118