Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Lorena Garcia-Bautista, CA SBN 234091
Derek W. Li, CA SBN 150122
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 E. Temple Street, 4th Floor
Los Angeles, California 90012
Telephone: (213) 894-1082
Facsimile: (213) 894-1301
E-mail: lado.legal@eeoc.gov
Attorneys for Plaintiff EEOC

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GLOBAL HORIZONS, INC. D/B/A GLOBAL HORIZONS MANPOWER, INC.; CAPTAIN COOK COFFEE COMPANY, LTD.; DEL MONTE FRESH PRODUCE (HAWAII), INC.; KAUAI COFFEE COMPANY, INC.; KELENA FARMS, INC.; MAC FARMS OF HAWAII, LLC N/K/A MF NUT CO., LLC; MAUI PINEAPPLE COMPANY, LTD. A/K/A MAUI PINEAPPLE FARMS; ALEXANDER & BALDWIN, INC.; MASSIMO ZANETTI BEVERAGE USA, INC.; AND DOES 1-15, INCLUSIVE;<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 11-00257 LEK-RLP<br><br>**CONSENT DECREE AS TO DEFENDANT CAPTAIN COOK COFFEE COMPANY, LTD.**<br><br>The Honorable Leslie E. Kobayashi<br>U.S. District Court Judge |

## I.      INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC") filed a federal action against defendant Captain Cook Coffee Company, Ltd. ("Captain Cook"), entitled *EEOC v. Global Horizons, Inc., et al.*, Case Number 11-00257-LEK-RLP, to correct the unlawful employment practices.  Specifically, the EEOC alleged that Captain Cook and Global Horizons, Inc. ("Global") and subjected a class of Thai workers ("Claimant") to a pattern or practice of disparate treatment and a hostile work environment  on the basis of their Thai national origin and/or Asian race, retaliation, and/or constructive discharge in violation of Title VII.

## II.      PURPOSES OF THIS DECREE

A.      In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC and Captain Cook (hereinafter collectively referred to as "the Parties") have agreed that this action against Captain Cook should be finally resolved by entry of this Decree.  This Decree shall be binding on and enforceable against all Parties, their agents, successors, and assigns. The Parties agree that this Decree resolves any and all claims arising out of the underlying Third Amended Complaint as to Captain Cook only.

## III.      JURISDICTION

The Court has jurisdiction over the parties and the subject matter of this Action, pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, 1367 and 42 U.S.C. Section 2000(e)(5).  The Court shall retain jurisdiction of this Action for the duration of this Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the terms and conditions specified herein.

## IV.      FINDINGS

Having examined the terms and provisions of this Decree and based on the pleadings, record, and stipulation of the Parties, the Court finds the following:

A.     The Court has jurisdiction over the Parties and the subject matter of this action.  The Third Amended Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

B.     The terms and provisions of this Decree are adequate, fair, reasonable, equitable and just, and adequately protects the interests of those Claimants eligible for relief in this case.  The entry of this Decree will further the objectives of Title VII and will be in the best interest of the Parties and Claimants.

C.     This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person.

## V.     RESOLUTION OF CLAIMS

A.     This Decree fully and completely resolves all claims that EEOC alleged under Title VII in its Third Amended Complaint filed on July 2, 2012 in the United States District Court for the District of Hawaii entitled *EEOC v. Global Horizons, Inc., et al.*, with Case Number 11-00257-LEK-RLP, against defendant Captain Cook only.  The Decree constitutes a complete resolution of all claims under Title VII that were made or could have been made by the EEOC in this action against Captain Cook only.

B.     Nothing in this Decree shall be construed to preclude the EEOC from bring suit to enforce the terms of this Decree in accordance with its enforcement provisions.

C.     Nothing in this Decree shall be construed to limit or to reduce Captain Cook's obligations to comply fully with Title VII or any other federal employment statute.

D.     This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges of discrimination unrelated to this Action that may later arise against Captain Cook in accordance with standard EEOC

procedures.

## VI.   EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("Effective Date").

B.      This Decree shall remain in effect for seven (7) years after the Effective Date.

## VII.   DEFINITIONS

A.      The Plaintiff in this action is the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission").

B.      The defendant that is a party to this Decree is Captain Cook Coffee Company, Ltd., its officers, directors, assigns, successors-in-interest, and individual owners ("Captain Cook").

## VIII.  MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

C.      By mutual agreement of the parties, this Decree may be amended or modified in the interest of justice and fairness in order to effectuate the provisions of this Decree.

## IX.   COMPLIANCE AND DECREE ENFORCEMENT

A.     The parties expressly agree that if the Commission has reason to believe that Captain Cook has failed to comply with any provision of this Consent Decree, the Commission may bring an action before this Court to enforce the Decree.   Prior to initiating such action, the Commission will notify Captain Cook and its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the Commission believes Captain Cook has breached. Absent a showing that the delay will cause irreparable harm, Captain Cook shall have thirty (30) days to attempt to resolve or cure the breach.

B.     The parties agree to cooperate with each other and to use their best efforts to resolve any dispute referenced in the EEOC notice.

C.     After thirty (30) days have passed with no resolution or agreement to extend the time further, the Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action and Captain Cook will have an opportunity to respond.  Should the Court determine that Captain Cook has not complied with this Decree, in whole or in part, it may impose appropriate relief, including but not limited to the imposition of attorneys' fees and costs on Captain Cook and extension of the duration of this Decree for such a period as may be necessary to remedy Captain Cook's non-compliance**.**  This provision shall not apply if the breach involves a failure to pay money under this Decree. The parties shall comply with the Court's briefing schedule pursuant to the Federal Rules.

## X.     VICTIM SPECIFIC RELIEF/REINSTATEMENT

A.     <u>Offers of Employment.</u>  In exchange for the entering into this Consent Decree, Captain Cook agrees to hire or offer employment to any of the identified class members in the EEOC's action. The offer of employment can extend to members of the Claimant's family ("Captain Cook Workers") into field worker positions for the five year duration of this Decree.  The parties recognize that the

work offered by Captain Cook is seasonal and may vary according to Captain Cook's need.  Nevertheless, Captain Cook will make best efforts to ensure ongoing work at its farm or at nearby farms to ensure that the Captain Cook Workers can have ongoing work for the duration of the Decree.  The other terms related to the employment are as follows:

      1.   <u>Piece Rate and/or Wage Rate</u>:  Captain Cook will pay at least $1.00 per pound for coffee harvesting, $15/hour for non-harvesting work or $150/day whichever is greater. The rate can be adjusted upward by Captain Cook and be commensurate with pay given to other Captain Cook workers;

      2.   <u>Hours</u>:  40 hours per week and/or 8 hours per day and five (5) days per week (Monday through Friday);

      3.   <u>Airfare</u>:  Captain Cook will pay for the cost of airfare for those Captain Cook Workers living outside of Hawaii to travel to Hawaii in the amount of up to $2,000 per person not to exceed ten persons for whom Captain Cook provides airfare. Captain Cook shall also arrange for pick up at the airport to the farm and other incidentals associated with the relocation of the workers;

      4.   <u>Temporary Disability Insurance and Workers' Compensation Insurance Coverage</u> shall be provided as required by law;

      5.   <u>Housing</u>:  Captain Cook will provide for free of charge for the duration of this Decree habitable housing to the Captain Cook Workers, which includes but it is not limited to furnishings (stove, refrigerator, washer, dryer, bunks beds, mattress, table and chairs, couch and kitchen ware), and utilities, during the time they work at Captain Cook.  This housing shall be subject to the EEOC's approval.  The housing and utilities shall be provided to the Captain Cook Workers free of charge throughout the duration of the Decree including during the time the Captain Cook Workers are not working at Captain Cook unless the

housing is needed to accommodate the need for other Workers providing work for Captain Cook under this Consent Decree;

      6.   <u>Transportation</u>:  Captain Cook will provide safe and legally compliant transportation from the housing to Captain Cook's farm(s) and from the housing to the stores for food and supplies as needed by the Captain Cook Workers during the time they work at Captain Cook.  Captain Cook will transport the Captain Cook Workers once a week to the stores for food and supplies;

      7.   Nothing herein shall preclude Captain Cook from hiring additional qualified Captain Cook Workers at any time;

      8.   Captain Cook will comply with all federal and state laws and regulations applicable to the Captain Cook Workers;

      9.   Reporting:  Captain Cook shall prepare a quarterly report to the EEOC on the progress of the workers employed by Captain Cook.  The report shall include the pay provided, compliance of the aforementioned sections, and identify whether there were any complaints during the reporting period; and

      10.   Captain Cook agrees that EEOC shall have the right to monitor the working conditions of the Workers upon reasonable notice.  Access to Captain Cooks land shall not be withheld.  The EEOC shall provide 10 days notice prior to any inspection onto the farms to monitor and assess the working conditions during the term of the Decree.  Captain Cook shall be responsible for all costs associated with the reinstatement or instatement of the Workers.

## XI.   MONETARY RELIEF

In addition to the reinstatement provision set forth above in Section X, Captain Cook shall pay a total of $100,000 (the "Settlement Fund"), to be distributed, at the sole discretion of the EEOC, amongst the Claimants identified by the EEOC to Captain Cook (collectively, "Claimants").  Due to Captain Cook's

financial condition, the parties have agreed that Captain Cook can pay the Settlement Fund over the term of the Decree.

Captain Cook shall establish a separate account wherein an annual installment shall be deposited on each anniversary of the Effective Date for the duration of the Decree term.  Captain Cook shall give notice to the EEOC of the installment within five (5) days of the deposit being made.  The EEOC shall provide an annual distribution list for the disbursement of the monies.  Captain Cook will issue checks within twenty (20) business days from the date the EEOC provides a distribution list.

Within twenty (20) business days of the issuance of each check, Captain Cook shall submit a copy of each check to Anna Y. Park, Regional Attorney, United States Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

Captain Cook shall prepare and distribute 1099 tax reporting forms to each of the eligible Claimants pursuant to IRS rules and regulations.  Captain Cook shall be solely responsible for any costs associated with the issuance and distribution of the 1099 tax reporting forms to each of Claimants. The EEOC has designated the damages to be solely for emotional distress and non-wage damages under Title VII.

Should Captain Cook be able to accelerate the payment of the Settlement Fund by the fifth year of the Decree, then the settlement fund shall be reduced by $10,000.  Captain Cook shall provide notice within the fourth year of the Decree if it is able to accelerate the payment.  Any monies left at the end of the term of the Decree or the accelerated term in the fifth year of the Decree, Captain Cook shall provide notice of any residual amounts left in the separate account to the EEOC. The EEOC shall provide instructions on the distribution of any remaining funds.

Any distribution shall be made within twenty (20) days upon receiving EEOC's final instructions.

## XII.   GENERAL INJUNCTIVE RELIEF

A.   Non-Discrimination and Non-Retaliation

    1.   Discrimination

Captain Cook, and it directors, officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in concert or participation with them, or any of them, are hereby enjoined from:

(a) engaging in discrimination and/or harassment of any person on the basis of their national origin and/or race;

(b) engaging in or being a party to any action, policy, or practice that is intended or is known to them to have the effect of discriminating, harassing or intimidating any employee on the basis of their national origin and/or race; and/or

(c) creating, facilitating, or permitting the existence of a work environment that is hostile to employees on the basis of national origin and/or race.

    2.   Retaliation

Captain Cook, and its directors, officers, agents, management (including all supervisory and lead employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in, implementing, or permitting any action, policy or practice with the purpose of retaliating against any current or former employee of Captain Cook because he or she has in the past, or during the term of this Decree:

(a) opposed any practice made unlawful under Title VII;

(b) filed a charge of discrimination alleging such practice;

(c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Captain Cook),

proceeding in connection with this case and/or relating to any claim of a Title VII violation;

(d) was identified as a possible witness or Claimant in this action;

(e) asserted any rights under this Decree; or

(f) sought and/or received any relief in accordance with this Decree.

B.   <u>EEO Monitoring</u>

As of the Effective Date, Captain Cook shall designate an EEO Monitor to ensure compliance with this Consent Decree.  The EEO Monitor shall ensure the following:

1.   reviewing and, if necessary, revising Captain Cook's policies and procedures, including its complaint procedures, relating to harassment, discrimination and retaliation, to ensure that they fully comply with Title VII and the requirements set forth in this Decree;

2.   ensuring that Captain Cook trains all employees, including guest workers under the H2A program, farm labor contractors, managers, supervisors, crew leaders, and human resources employees, on their rights and responsibilities under Title VII and this Decree, including the responsibility to provide a workplace free of discrimination, harassment and retaliation;

3.   ensuring that Captain Cook trains all employees, including guest workers working at Captain Cook under the H2A program as Captain Cook's employees and/or employees of a third party labor contractor,  managers, supervisors, leads, and human resources employees, on Captain Cook's revised policies and procedures relating to discrimination, harassment and retaliation;

4.   monitoring any investigation of any complaint of discrimination, harassment or retaliation received by Captain Cook during the term of the Decree to ensure compliance with Title VII and this Decree;

5.      ensuring that Captain Cook communicates with complainants as required by this Decree to ensure proper avenues for complaints to be raised by all employees s including guest workers working at Captain Cook under the H2A program as Captain Cook employees and/or employees of a third party labor contractor;

6.      ensuring that Captain Cook creates a centralized system of tracking discrimination, harassment and retaliation complaints, as required by this Decree;

7.      ensuring that Captain Cook's performance and discipline policies hold all employees accountable for compliance with Title VII and managerial employees accountable for failing to take appropriate action regarding complaints of discrimination, harassment or retaliation, or for engaging in conduct prohibited under Title VII or this Decree;

8.      ensuring that Captain Cook has appropriate levels of discipline up to and including termination, when an employee fails to meet his/her obligations regarding Captain Cook's anti-discrimination policies and procedures, this Decree, and Title VII;

9.      ensuring that Captain Cook's anti-discrimination policies and procedures are translated into the language that is understood by Captain Cook's employees, if other than English, and ensuring that non-English speaking employees have an opportunity to raise complaints in a language other than English if the need arises;

10.      ensuring that the Captain Cook's compliance with section XA of this Decree as that section pertains to the Captain Cook Workers hired by Captain Cook;

11.      reporting to the EEOC any counseling, discipline, demotion, termination, and/or other employment action issued by Captain Cook to any Captain Cook Worker hired by Captain Cook during the term of this Decree;

12. ensuring that Captain Cook hold labor contractors accountable for compliance under Title VII including disseminating policies and procedures, investigation of complaints of discrimination, and reporting such findings to Captain Cook;

13. conducts audit to ensure H-2A working, housing (living), and/or transportation conditions are monitored to prevent and/or correct disparate treatment, a hostile work environment, and/or retaliation;

14. ensure that any use of placement or staffing agencies to bring in H-2A guest workers are properly monitored to ensure that the workers are not discriminated against, harassed, and/or retaliated, and that proper monitoring and oversight is utilized with respect to the placement or staffing agencies; and

15. ensuring that Captain Cook accurately compiles and timely submits all reports required by this Decree.

C.  Captain Cook's Farm Labor Contractor Title VII Compliance Program

Captain Cook shall hold all Farm Labor Contractors ("FLC") contracting with Captain Cook accountable for Title VII compliance during the term of the Decree, which steps shall include the following:

1. Prior to entering into a contract with an FLC, Captain Cook shall require the FLC to provide Captain Cook with a copy of (a) its EEO, anti-discrimination, anti-harassment, and anti-retaliation policies and reporting and investigation processes, (b) records reflecting EEO training attended by FLC managers/supervisors involved with workers at Captain cook for the two years prior to the contract period, and (c) a summary of any complaints of discrimination by its employees received by the FLC in the two years prior to the contract period, a description of actions taken in response to the complaints and the resolution of the complaints.

2. Prior to entering into a contract with an FLC, Captain Cook shall provide to the FLC copies of Captain Cook's anti-discrimination, anti-harassment, anti-retaliation policies, including its complaint procedure, and shall explain those policies to the FLC.

3. If a complaint is lodged with Captain Cook by an employee of the FLC against an employee of the FLC, such complaint shall be referred to the FLC for investigation and resolution.

4. If a complaint is lodged with Captain Cook, or is lodged with the FLC and brought by the FLC to Captain Cook's attention, by an employee of the FLC against an employee of Captain Cook, Captain Cook shall investigate promptly and resolve the matter.

5. Any contract between Captain Cook and an FLC shall include a provision requiring the FLC to comply with all federal, state, and local employment discrimination laws and this Decree.

6. Captain Cook shall include in any contract with an FLC during the term of this Decree, either a contractual representation by the FLC, or a requirement that the FLC furnish Captain Cook with certification, of the following:

      a. The FLC's timely payment of all wages due to its workers that perform work at Captain Cook;

      b. If the FLC furnishes housing to the workers that perform work at Captain Cook, its provision of habitable housing to the workers;

      c. If the FLC furnishes transportation to the workers that perform work at Captain Cook, its provision of safe and legally compliant transportation from housing to Captain Cook and at Captain Cook;

d.    To the extent required by applicable law, ready access to food and water for the workers that perform work at Captain Cook;

e.    The FLC's compliance with all applicable laws regarding any recruitment fees charged by the FLC or its agent regarding the workers that perform work at Captain Cook;

f.    To the extent required by applicable law, the FLC's reimbursement of any travel expenses to the workers that perform work at Captain Cook;

g.    To the extent required by applicable law, the FLC's compliance with the ¾ guarantee payment for workers that perform work at Captain Cook where work is completed prior to end of the contract period;

h.    To the extent required by applicable law, the FLC's possession of a valid farm labor contractor's license for the state and farm labor contractor driver's license(s); and

i.    A further contractual agreement and/or certification by the FLC that the FLC shall maintain all records pertaining to the forgoing contractual agreements and/or certifications until the expiration of this Decree and/or to the extent required by applicable law, whichever duration is longer including but not limited to:  timesheets, payroll documents and cancelled checks regarding payments to workers for work performed;  documents reflecting discrimination complaints and investigations of such

14

complaints; all applicable Notice of Action forms; documents reflecting housing inspections and/or citations for failed housing inspections; documents regarding any recruitment fees; receipts reflecting reimbursement of travel expenses; all communications regarding the FLC's compliance with all laws pertaining to FLC's and Title VII.

7.      Captain Cook shall include in any contract with an FLC during the term of this Decree a provision (a) obligating the FLC to furnish, within ten (10) days of a request, all documents to substantiate its compliance with employment discrimination laws, (b) permitting Captain Cook to immediately terminate the FLC contract without penalty if the FLC fails to timely furnish such documents and/or if Captain Cook reasonably questions the FLC's compliance with employment discrimination laws,  and (c) mandating liquidated damages to be paid to the FLC's workers who worked at Captain Cook within ten (10) days of Captain Cook's contract termination in an amount set by Captain Cook.

8.      Captain Cook shall request that the FLC post and/or that the FLC allow Captain Cook to post the FLC's EEO and/or anti-discrimination, anti-harassment and anti-retaliation policies in a place frequented by the FLC's employees that work at Captain Cook and in a language that such employees understand, if other than English.

D.      <u>Revision and Distribution of Anti-Harassment, Anti-Discrimination, and Anti-Retaliation Policies and Procedures</u>

Within sixty (60) days of the Effective Date, Captain Cook, shall draft, review, revise and/or modify its anti-harassment, anti-discrimination, and anti-retaliation policies to ensure that the policies include:

1.      A clear explanation of prohibited conduct in violation of Title VII, including discrimination and/or harassment on the basis of national origin and/or race, with examples of prohibited conduct;

2.      Assurance that employees who make complaints of harassment, discrimination, or retaliation, or provide information related to such complaints will be protected against retaliation;

3.      A clearly described complaint process that provides accessible and confidential avenues of complaint with contact information by title, the address, and telephone number to whom employees may report discrimination and retaliation, including a written statement that the employee may report the discriminatory behavior to designated persons outside their chain of management;

4.       Assurance that the employer will protect the confidentiality of harassment, discrimination, and retaliation complaints to the extent possible;

5.      A complaint process that provides a prompt, thorough and impartial investigation;

6.      A procedure by which Captain Cook will notify the complainant when the investigation is complete;

7.      Captain Cook will take immediate and appropriate corrective and preventative actions when it determines that harassment, discrimination, or retaliation occurred; and

8.      A description of the possible consequences, up to and including termination that will be imposed upon violation of the policies.

EEOC may comment on the policies and procedures within thirty (30) days of receipt.  The parties shall meet and confer about the proposed changes.  If the parties are not able to resolve their differences, the parties shall follow Section IX, set forth above.  Should the policy not require any revision, the policy shall be distributed to all employees.

The revised policies and procedures shall also be disseminated to all Captain Cook's employees including workers employed by FLCs and H2-A workers.  Captain Cook shall maintain acknowledgments from each employee who receives the revised policy and returns the signed acknowledgment.  Within twenty (20) days of a request by the Commission for any such acknowledgment, Captain Cook shall produce a copy to the Commission.

All new or rehired employees shall receive a copy of the policies and procedures within ten (10) days of being hired or rehired.

E.     Complaint Procedure

Captain Cook shall publicize its internal complaint procedure to provide for the filing, investigation and, if appropriate, remedying of complaints of harassment, discrimination, and retaliation.   Captain Cook shall:

1.     Publicize the complaint procedure;

2.     Track and collect all complaints filed with Human Resources, a Farm Manager, and/or farm supervisor;

3.     Investigate and resolve such complaints in a timely and effective manner; and

4.     Retain records regarding resolution of all such complaints.

Captain Cook will review the allegations of harassment, discrimination, and/or retaliation made during the term of the Decree and conduct an investigation accordingly.

The internal complaint procedure shall incorporate the following elements:

1.     Describe the steps associated with the complaint process;

2.     Offer the employee suggestions on alternative avenues of reporting;

3.     Ensure prompt commencement and thorough investigation by an employee of Captain Cook trained to conduct such investigations who is not connected with the complaint;

4. Provide for confidentiality of the complaint and investigation to the extent possible;

5. A notice that employees or applicants complaining of discrimination may use the company's internal complaint procedure;

6. A statement that the complainant shall not be required to first report the complaint to a person who is accused of the inappropriate conduct to invoke the internal complaint procedure;

7. A statement that it is unacceptable to retaliate against anyone for use of the internal complaint procedure, for assisting in the investigation of a complaint, or for otherwise assisting in the utilization of the procedure;

8. A statement that if an allegation of discrimination or retaliation against a manager or other associate is substantiated, then such conduct may result in appropriate discipline, up to and including discharge;

9. The internal complaint procedure will permit, but not require an employee to initiate the complaint process by submitting the complaint in writing; and

10. A statement that the internal complaint procedure is not intended to supplant the right of any employee to file a charge or complaint of discrimination or retaliation under any available municipal, state, or federal law.

F. <u>Training</u>

Within ninety (90) days after the Effective Date, Captain Cook and any and all employees of any farm labor contractor working at Captain Cook, including any guest workers working under the H2-A visa program shall be required to attend an intensive live training program of at least two (2) hours with regard to compliance under Title VII. The training, and all subsequent trainings, shall be conducted in English and other language of the workers. The training shall be mandatory, and all employees shall be required to attend training once each year

for the term of this Decree.  Each annual training session shall be scheduled on company time, annually, with a focus on Title VII.

1.      All employees' training shall include coverage of the subjects of equal employment opportunity rights and responsibilities, with an emphasis on national origin and/or race discrimination, harassment, retaliation, and Captain Cook's revised policies and procedures for reporting and handling complaints of discrimination, harassment and retaliation.

2.      Within ninety (90) days after the Effective Date, Captain Cook's farm managers, farm supervisors, human resource, and recruiting personnel shall be required to attend a comprehensive training program on harassment, discrimination, and retaliation.  The training shall be mandatory and occur once a year for the term of this Decree.  Any farm manager, farm supervisor, human resource, and recruiting personnel who failed to attend scheduled training shall be trained within sixty (60) days of the live training set forth above.

3.      The training shall include coverage of the subjects of equal employment opportunity rights and responsibilities, discrimination, harassment, retaliation, and Captain Cook's revised policies and procedures for reporting and handling complaints of discrimination, harassment and retaliation.

4.      The human resource training shall include training on how to properly handle and investigate complaints of discrimination and/or harassment in a neutral manner, how to take preventive and corrective measures against discrimination and/or retaliation, and how to recognize and prevent discrimination and/or retaliation.

5.      Farm managers, farm supervisors, human resource, and recruiting personnel shall also be trained on proper hiring, recruitment, promotion, screening, transfer, and/or retention procedures that provide that employees, regardless of their national origin, are provided with equal employment opportunities which do not deny them employment in any positions as required

under Title VII.   The training shall also encompass a comprehensive overview of Captain Cook's EEO policies and procedures.  Farm managers, farm supervisors, human resource, and recruiting personnel shall also be trained on recognizing, monitoring, avoiding, preventing, and correcting discrimination, harassment, and retaliation in the workplace, on how to properly handle complaints of discrimination, harassment and/or retaliation, obligations of what to do with complaints, and how to recognize such complaints.

6.      Specifically, human resource individuals shall be trained in monitoring work areas and investigations in compliance with Captain Cook's policies and procedures against harassment, discrimination, and retaliation and compliance with Title VII.

7.      After the initial training as specified above, farm managers, farm supervisors, human resource, and recruiting personnel shall receive the training at least annually thereafter for the remainder of the term of this Decree.

8.      All employees required to attend such training shall verify their annual attendance in writing.  A log shall be maintained to track who attended each training.

G.      Posting

Within ten (10) days after the Effective Date, Captain Cook shall post notice (attached hereto as "Exhibit A") of the settlement in a clearly visible location frequented by its employees.  The notice shall be posted in English, Spanish, or and/or other language needed by Captain Cook's workforce.  The notice shall remain posted for the duration of the Decree.

Captain Cook shall also ensure that the FLC post a notice informing its employees of avenues to complain of discriminatory conduct by Captain Cook's employees. Such notice shall be posted in common living and work areas for the term of the Decree.

## XII.   RECORD KEEPING AND REPORTING

Captain Cook shall establish a record-keeping procedure that provides for the centralized tracking of discrimination and retaliation complaints and the monitoring of such complaints to prevent retaliation. The records to be maintained shall include:

A.     Recordkeeping of Discrimination and Retaliation Complaints

1.     All documents generated in connection with any complaint, investigation into, or resolution of every complaint of harassment, discrimination or retaliation for the duration of the Decree and the identities of the parties involved.  This includes any disciplinary actions taken against an employee and any findings;

2.     All forms acknowledging employees' receipt of Captain Cook's revised discrimination and anti-retaliation policy;

3.     Documents tracking and analyzing complaints filed against the same employee;

4.     All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session; and

5.     All documents pertaining to Captain Cook's Farm Labor Contractors as set forth above in Section XI.C.

B.     Reporting

Within 120 days after the Effective Date and annually thereafter for the term of the Decree, Captain Cook shall submit to the EEOC an initial report which contains:

1.     A copy of the revised anti-harassment, anti-discrimination, and anti-retaliation policies and procedures;

2.   A summary of the procedures and record-keeping methods developed for centralized tracking of discrimination complaints and the monitoring of such complaints;

3.   Description of compliance or non-compliance with the training requirements;

4.   A summary of any changes of the procedures or record-keeping methods for centralized tracking of discrimination complaints and the monitoring of such complaints within thirty (30) days before implementing such changes;

5.   Confirmation that Captain Cook  has a list of all H-2A workers authorized to work at Captain Cook;

6.   The results of annual audits regarding the H2-A program shall be reported to the EEOC annually;

7.   The results of annual audits regarding Captain Cook's Farm Labor Title VII Compliance Program described in *supra* Section XII(C);

8.   Report on the status of the Workers employed by Captain Cook;

9.   Progress relating to the monetary relief as set forth in Section X; and

10.   Overall compliance or non-compliance with the terms of the Decree set forth herein.

## XIII.  MISCELLANEOUS PROVISIONS

A.   Successors In Interest

During the term of this Consent Decree, Captain Cook shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any

agreement for acquisition or assumption of control of any or all of Captain Cook's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

   B.   Notice

   During the term of this Consent Decree, Captain Cook and its successors shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

   Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

   D.   Costs of Administration and Implementation of Consent Decree

   Captain Cook shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.  All costs associated with executing the Decree and compliance with the Decree shall be paid by Captain Cook.

   E.   Costs and Attorney's Fees

   Each Party shall bear its own costs of suit and attorneys' fees.

   F.   Counterparts and Facsimile Signatures

   This Decree may be signed in counterparts.  A facsimile signature shall have the same force and effect of an original signature or copy thereof.

   The parties agree to entry of this Decree and judgment subject to final approval by the Court.  All parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree as an Order of this Court.

                              Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Anna Y. Park

Dated: _June 3_, 2014        By: _/s/ Anna Y. Park_

                                  Anna Y. Park
                                  Regional Attorney for
                                  U.S. EEOC

Dated: _June 7_, 2014        By: _____

                                  Representative of Defendant
                                  Captain Cook Coffee Company, Ltd.

24

**EXHIBIT A:  Posting**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA  90012
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Los Angeles Status Line:  (866) 408-8075
Los Angeles Direct Dial:  (213) 894-1096
TTY (213) 894-1121
FAX (213) 894-1118

## EXHIBIT A

### NOTICE OF SETTLEMENT AND CONSENT DECREE

TO:  ALL EMPLOYEES

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the District of Hawaii against Captain Cook Coffee Company, Ltd.  ("Captain Cook"), entitled *EEOC v. Global Horizons, Inc., et al.*, Case Number CV-11-00257-LEK-RLP, alleging that Captain Cook engaged in a pattern or practice of discrimination, hostile work environment, constructive discharge, and retaliation against Claimants based on their Thai national origin and/or Asian race.  A Court approved Consent Decree between the EEOC and Captain Cook which provides $100,000 in monetary relief to Claimants identified by the EEOC.  Captain Cook will also implement various injunctive remedies such as:

- ensuring that Captain Cook's  policies and procedures against harassment conform to Title VII;
- hiring an outside monitor to oversee compliance with Title VII;
- training employees with respect to their obligations and rights under Title VII;
- provide an appropriate and effective mechanism at Captain Cook for receiving and handling harassment, discrimination, and retaliation complaint;
- providing EEOC with periodic reporting regarding the injunctive remedies.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin.  This prohibition applies with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment.  Federal law also prohibits retaliation against those who oppose or resist harassment or discrimination or participate in investigations regarding complaints of discrimination.

Captain Cook is committed to complying with federal anti-discrimination laws in all respects. Harassment or discrimination based on a person's national origin and/or race will not be tolerated.  Any employee who files a complaint or formal charge of discrimination, gives testimony or assistance, or participation in any manner in any investigation will be protected from retaliation.

If you believe that you have been harassed, discriminated against because of your sex, national origin, age, race, color, religion, or disability, you are encouraged to follow Captain Cook's internal procedure.

You may also seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA  90012
TELEPHONE NUMBER: (213)894-8479

**ORDER**

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.  The Court hereby retains jurisdiction over this Consent Decree until its termination as determined by the Court in accordance with its terms.

IT IS SO ORDERED.


Date: _____          _____

The Honorable Leslie E. Kobayashi
U.S. District Court Judge