Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Lorena Garcia-Bautista, CA SBN 234091
Derek W. Li, CA SBN 150122
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 E. Temple Street, 4th Floor
Los Angeles, California 90012
Telephone: (213) 894-1082
Facsimile: (213) 894-1301
E-mail: lado.legal@eeoc.gov
Attorneys for Plaintiff EEOC

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                    Plaintiff,<br><br>        v.<br><br>GLOBAL HORIZONS, INC. D/B/A GLOBAL HORIZONS MANPOWER, INC.; CAPTAIN COOK COFFEE COMPANY, LTD.; DEL MONTE FRESH PRODUCE (HAWAII), INC.; KAUAI COFFEE COMPANY, INC.; KELENA FARMS, INC.; MAC FARMS OF HAWAII, LLC N/K/A MF NUT CO., LLC; MAUI PINEAPPLE COMPANY, LTD. A/K/A MAUI PINEAPPLE FARMS; ALEXANDER & BALDWIN, INC.; MASSIMO ZANETTI BEVERAGE USA, INC.; AND DOES 1-15, INCLUSIVE;<br><br>                    Defendants. | CIVIL ACTION NO. 11-00257-LEK-RLP<br><br>**CONSENT DECREE**<br><br>The Honorable Leslie E. Kobayashi<br>U.S. District Court Judge |

## I.    INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC," or "Commission," or "Plaintiff") filed the instant action against Defendants Kauai Coffee Company, Inc., now known as McBryde Resources, Inc. ("Kauai Coffee"), Alexander & Baldwin, Inc., now known as Alexander & Baldwin, LLC ("A&B"), and Massimo Zanetti Beverage USA, Inc. ("MZB") (collectively, the "Kauai Coffee Defendants" or "Defendants") on July 2, 2012 in the United States District Court for the District of Hawaii, entitled *EEOC v. Global Horizons, Inc., et al.*, Case Number 11-00257-LEK-RLP, to correct alleged unlawful employment practices (the "Action").  Specifically, the EEOC alleged that A&B, Kauai Coffee, and third-party Defendant Global Horizons, Inc. ("Global") subjected a class of Thai workers ("Claimants") to a pattern or practice of disparate treatment, and a hostile work environment on the basis of their Thai national origin and/or Asian race, retaliation and/or constructive discharge in violation of Title VII.  The EEOC further alleged that MZB is liable for Kauai Coffee's alleged unlawful practices as a successor because it is the corporate parent and managing member of Kauai Coffee Company, LLC ("Kauai LLC"), a company that agreed on December 21, 2010 to purchase certain assets from Kauai Coffee.  The Kauai Coffee Defendants deny any liability in this Action.  This Consent Decree ("Decree") and compliance

with the terms herein shall not be construed as an admission that Kauai Coffee Defendants and/or any of them are liable for any alleged violation of Title VII.

## II.    PURPOSES OF THIS DECREE

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC and the Kauai Coffee Defendants (the "Parties") have agreed that this Action against the Kauai Coffee Defendants should be finally resolved by entry of this Decree.  Kauai LLC is not a party to this Action, but agrees to be a party to this Decree to remain responsible for the enforcement of this Decree as it relates to the activities of Kauai LLC.  This Decree shall be binding on and enforceable against all Parties, their agents, successors, and assigns.  The EEOC, the Kauai Coffee Defendants, and Kauai LLC, as parties to this Decree agree that this Decree resolves any and all claims arising out of the Action as to the Kauai Coffee Defendants and Kauai LLC.

## III.    JURISDICTION

The United States District Court for the District of Hawaii (the "Court") has jurisdiction over the parties and the subject matter of this Action, pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, 1367 and 42 U.S.C. Section 2000(e)(5). The Court shall retain jurisdiction of this Action for the duration of this Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the terms and conditions specified herein.

## IV.   FINDINGS

Having examined the terms and provisions of this Decree and based on the pleadings, record, and stipulation of the Parties, the Court finds the following:

A.      The Court has jurisdiction over the Parties and the subject matter of this Action.  The Third Amended Complaint of this Action asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

B.      The terms and provisions of this Decree are adequate, fair, reasonable, equitable, and just, and adequately protect the interests of those Claimants eligible for relief in this Action and in the public interest.  The entry of this Decree will further the objectives of Title VII and will be in the best interest of the Parties and Claimants.

C.      This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any Party to this Decree and/or other person.

D.      Nothing in this Decree shall be deemed to create any rights on the part of any person or entity other than the EEOC to enforce this Decree.  The right to seek enforcement of this Decree is vested exclusively in the Parties.

E.      This Decree constitutes the complete and exclusive agreement between the Parties with respect to the matters referred to herein.  No waiver, modification, or amendment of any provision of this Decree shall be effective

unless made in writing.  The Parties have made no representations or inducements to compromise this Action, other than those recited or referenced in this Decree. In the event the Court does not approve this Decree, the Parties agree not to admit it in evidence in any subsequent proceeding in this Action.

## V.    RESOLUTION OF CLAIMS

A.    The Parties agree that this Decree resolves all claims alleged by the EEOC in its Third Amended Complaint of the Action that were made, or could have been made, by the EEOC in this Action against Kauai Coffee Defendants and/or Kauai LLC, in administrative charges that were filed and that formed the basis of the EEOC's Third Amended Complaint in the Action, or that could be filed against Kauai Coffee Defendants and/or Kauai LLC in the Action itself.

B.    Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce the terms of this Decree in accordance with its enforcement provisions.

C.    Nothing in this Decree shall be construed to limit or to reduce the Kauai Coffee Defendants' obligations to comply fully with Title VII.

D.    This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges of discrimination unrelated to this Action that may later arise in accordance with standard EEOC procedures.

## VI.   EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("Effective Date").

B.     This Decree shall remain in effect for two and one-half (2.5) years after the Effective Date (the "Duration of Decree").

## VII.   DEFINITIONS AND COMPLIANCE MONITORS

A.     "Farm Labor Contractor" (or "FLC") is any person who, pursuant to contract, recruits, solicits, hires, employs, furnishes, houses, or transports any worker who performs agricultural work at Defendants' Farming Operations.

B.     "Farming Operations" is defined to include any of Defendants' operations or locations used to raise or harvest any agricultural or horticultural commodity, including the raising, shearing, feeding, caring for, training, and management of livestock, animals and/or wildlife.

C.     Defendant Kauai Coffee shall designate Son-Jai Paik, Vice-President of Human Resources for A&B as the individual to confirm Kauai Coffee's compliance with the terms of this Decree ("Kauai Coffee's Compliance Monitor"). Kauai Coffee shall inform the EEOC of any changes of the Kauai Coffee Compliance Monitor at least thirty (30) business days prior to such change or designation.  Kauai Coffee shall also inform the EEOC within fifteen (15) business

days of the execution of any agreement by Kauai Coffee with any FLC during the Duration of Decree, for purposes of the FLC supplying labor to perform work for Kauai Coffee at any of its Farming Operations.  Within thirty (30) business days after such notification, Defendant Kauai Coffee shall notify the EEOC of its proposed choice for an Equal Employment Opportunity consultant who shall possess demonstrated experience in the area of employment discrimination and retaliation, to implement and monitor Defendant Kauai Coffee's compliance with Title VII and the provisions of this Decree (Kauai Coffee's "Outside Compliance Consultant").  The Outside Compliance Consultant chosen shall be subject to the EEOC's approval, which shall not be unreasonably withheld.  If the EEOC does not approve of the Outside Compliance Consultant, the EEOC shall provide Defendant Kauai Coffee with a list of at least three suggested candidates acceptable to the EEOC from which Defendant Kauai Coffee must choose and retain one within thirty (30) business days of receipt of the list.  Defendant Kauai Coffee shall bear all costs associated with the selection and retention of the Outside Compliance Consultant and the performance of his/her/its duties during the term of the Decree.

D.     Defendant A&B shall designate Son-Jai Paik, Vice-President of Human Resources for A&B as the individual to confirm A&B's compliance with the terms of this Decree ("A&B's Compliance Monitor").  A&B shall inform the

EEOC of any changes of the A&B Compliance Monitor at least thirty (30) business days prior to any such change or designation.  A&B shall also inform the EEOC within fifteen (15) business days of the execution of any agreement by A&B with any FLC during the Duration of Decree, for purposes of the FLC supplying labor to perform work for A&B at any of its Farming Operations. Within thirty (30) business days after such notification, Defendant A&B shall notify the EEOC of its proposed choice for an Equal Employment Opportunity consultant who shall possess demonstrated experience in the area of employment discrimination and retaliation, to implement and monitor Defendant A&B's compliance with Title VII and the provisions of this Decree (A&B's "Outside Compliance Consultant").  The Outside Compliance Consultant chosen shall be subject to the EEOC's approval, which shall not be unreasonably withheld.  If the EEOC does not approve of the Outside Compliance Consultant, the EEOC shall provide Defendant A&B with a list of at least three suggested candidates acceptable to the EEOC from which Defendant A&B must choose and retain one within thirty (30) business days of receipt of the list.  Defendant A&B shall bear all costs associated with the selection and retention of the Outside Compliance Consultant and the performance of his/her/its duties during the term of the Decree.

E.     Defendant MZB shall designate Greg Currier, Vice President for Human Resources for MZB as the individual to confirm MZB and Kauai LLC's

compliance with the terms of this Decree ("MZB's Compliance Monitor").  MZB shall inform the EEOC of any changes of the MZB Compliance Monitor at least thirty (30) business days prior to any such change or designation.  MZB shall also inform the EEOC within fifteen (15) business days of the execution of any agreement by Kauai LLC with any FLC during the Duration of Decree, for purposes of the FLC supplying labor to perform work for Kauai LLC.  Within thirty (30) business days after such notification, Defendant MZB shall notify the EEOC of its proposed choice for an Equal Employment Opportunity consultant who shall possess demonstrated experience in the area of employment discrimination and retaliation, to implement and monitor Defendant MZB's compliance with Title VII and the provisions of this Decree (MZB's "Outside Compliance Consultant").  The Outside Compliance Consultant chosen shall be subject to the EEOC's approval, which shall not be unreasonably withheld.  If the EEOC does not approve of the Outside Compliance Consultant, the EEOC shall provide Defendant MZB with a list of at least three suggested candidates acceptable to the EEOC from which Defendant must choose and retain one within thirty (30) business days of receipt of the list.  Defendant MZB shall bear all costs associated with the selection and retention of the Outside Compliance Consultant and the performance of his/her/its duties during the term of the Decree.

## VIII.  MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.   No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.     If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.     By mutual agreement of the Parties, this Decree may be amended or modified in the interest of justice and fairness in order to effectuate the provisions of this Decree.

## IX.    COMPLIANCE AND DECREE ENFORCEMENT

A.     The Parties expressly agree that if the Commission has reason to believe that any Kauai Coffee Defendant and/or Kauai LLC has failed to comply with any applicable provision of this Decree, the Commission may bring an action before this Court to enforce the Decree as to that Kauai Coffee Defendant and/or Kauai LLC.  Prior to initiating such action, the Commission shall notify the Kauai Coffee Defendant's and/or Kauai LLC's legal counsel in writing of the Decree

provisions alleged to have been violated, and the reasons why. Absent a reasonable and good faith showing that the delay will cause irreparable harm, the Kauai Coffee Defendant and/or Kauai LLC alleged to be non-compliant with this Decree shall have thirty (30) days to attempt to resolve or cure the breach.

B.     The Parties agree to cooperate with each other and to use their best efforts to resolve any dispute referenced in any EEOC written notice of alleged violation of this Decree sent by the EEOC pursuant to Section IX(A) of this Decree.

C.     After thirty (30) days have passed with no resolution or agreement to extend the time further, the Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over enforcement of the relief provided in this Decree. Should the Court determine that the Kauai Coffee Defendant(s) and/or Kauai LLC violated any provision of this Decree, in whole or in part, the Court may impose appropriate relief, including extending the Duration of Decree. This provision shall not apply if the breach involves a failure to pay money under this Decree. The Parties shall comply with the Court's briefing schedule pursuant to the Federal Rules of Civil Procedure, applicable Local Court Rules and/or Standing Orders of the assigned Judge.


## X.     CLAIMANT SPECIFIC RELIEF

Subject to the entry of this Decree, Kauai Coffee Defendants shall cause to be paid, either by one or more Kauai Coffee Defendants and/or their insurer, Four Hundred Twenty-Five Thousand Dollars And Zero Cents ($425,000.00) (the "Settlement Fund"), to be divided amongst the Claimants eligible for relief as determined at the sole discretion of the EEOC, and identified by the EEOC to Kauai Coffee Defendants (collectively, "the Eligible Claimants").

To be eligible for relief, each Eligible Claimant must first sign and return a Release Agreement to Kauai Coffee Defendants.  The EEOC shall provide a distribution list to Kauai Coffee Defendants designating the Eligible Claimant's full name, any information that is required to allow the paying entity to properly report the payments to appropriate government taxing authorities and the dollar amount to be distributed to that Eligible Claimant ("Distribution List").  Payment will not be made to any Eligible Claimant for whom all Distribution List information is not provided.  Kauai Coffee Defendants shall cause the checks to be mailed to the Eligible Claimants within ninety (90) days from the date the Distribution List, including all necessary distribution and tax reporting information and a signed Release Agreement with respect to each such Eligible Claimant are received by Kauai Coffee Defendants.  The 90 day period will start when all required information for all Eligible Claimants is provided to Kauai Coffee Defendants, and not before that time.  Kauai Coffee Defendants' payment obligations will be

satisfied upon the mailing of the checks and honoring them upon timely presentment.

Kauai Coffee Defendants or their insurer shall notify the EEOC of any check that is not negotiated within ninety (90) days of issuance.  Upon receipt of such notice, the EEOC shall have an additional ninety (90) days to cure and/or specify redistribution of the amount that has not been negotiated.  The EEOC shall advise Kauai Coffee Defendants if more than one hundred eighty (180) days are needed by the EEOC under reasonable circumstances to cure and/or specify redistribution of such amount and/or any portion thereof.  Kauai Coffee Defendants shall redistribute such remaining amount within twenty (20) days of receipt from the EEOC of a new Distribution List, which contains all required Distribution List information.  Kauai Coffee Defendants shall notify the EEOC of any checks that have not been negotiated within ninety (90) days after the redistribution described in the preceding sentence of this paragraph of this Decree.  Thereafter, all other terms notwithstanding, Kauai Coffee Defendants and/or their insurer, as well as their banks and other financial institutions, will have no obligation to make payment to, or to honor any check issued to and thereafter presented by, any Eligible Claimant if the Eligible Claimant's check is not negotiated within six months after it is re-issued in accordance with this paragraph of this Decree.

## XII.    GENERAL INJUNCTIVE RELIEF

A.   Anti-Discrimination and Anti-Harassment

The Kauai Coffee Defendants and Kauai LLC are enjoined from:

1.     engaging in discrimination and/or harassment of any employee or worker on the basis of national origin and/or race;

2.     engaging in or being a party to any action, policy, or practice that is intended or is known to Kauai Coffee Defendants and/or Kauai LLC to have the effect of discriminating, harassing or intimidating any employee on the basis of national origin and/or race; and/or,

3.     creating, facilitating, or permitting the existence of a work environment that is hostile to employees on the basis of national origin and/or race.

B.   Retaliation

The Kauai Coffee Defendants and Kauai LLC are hereby enjoined from engaging in, implementing, or permitting any action, policy or practice with the purpose of retaliating against any current or former employee because he or she has in the past, or during the Duration of Decree:

1.     opposed any practice made unlawful under Title VII;

2.     filed a charge of discrimination alleging such practice;

3.     testified or participated in any manner in any investigation (including without limitation, any internal investigation) or proceeding in connection with this Action and/or relating to any claim of a Title VII violation;

4.     was identified as a possible witness or Claimant in this Action;

5.     asserted any rights under this Decree; or

6.     sought and/or received any relief in accordance with this Decree.

C.    <u>Farm Labor Contractor Agreements</u>

For all contracts (each, a "Contract") entered into between Kauai Coffee Defendants, Kauai LLC and any FLC during the Duration of Decree, Kauai Coffee Defendants and Kauai LLC agree to the following, for the Duration of Decree:

1.    Prior to entering into a Contract with any FLC during the Duration of this Decree, Kauai Coffee Defendants and Kauai LLC shall require the FLC to confirm in writing that it has the following policies or practices in place:

a. The FLC complies with all federal, state, and local laws related to employment;

b. The FLC publishes Equal Employment Opportunity ("EEO"), anti-discrimination, anti-harassment, anti-retaliation policies and a reporting process to persons performing work for that Kauai Coffee Defendant and/or Kauai LLC;

c. The FLC has instituted a procedure and reporting system for the FLC's workers to report any complaints of

discrimination, including but not limited to any complaint regarding failure to pay wages, pay delays, and/or failure to pay full pay when due, retaliation and/or harassment;

d. The FLC has instituted a process for investigating complaints that permits the FLC's workers to make the complaints in their native language;

e. If the FLC receives any complaints of discrimination during the Duration of Decree related to the FLC's alleged violation of its EEO, non-discrimination or non-harassment policies, the FLC will comply with its procedure and reporting system for such complaints;

f. The FLC has published a telephone number for its workers to report any complaints occurring at Kauai Coffee Defendants' and/or Kauai LLC's worksites;

g. The FLC agrees to immediately provide to the applicable Kauai Coffee Defendant and/or Kauai LLC upon request all records of investigation and disposition of discrimination and/or retaliation complaints;

h. The FLC agrees to maintain payroll records for work performed for Kauai Coffee Defendants and/or Kauai LLC,

and provide those records upon request, including but not limited to paycheck stubs, tax documents, 1099 forms, W-2 forms, cancelled checks, employee lists, and/or Notice of Action forms pertaining to guest workers which specify the workers' authorized duration of employment with the FLC;

i.  The FLC agrees through a written contract provision that each payment request by the FLC to the Kauai Coffee Defendants and/or Kauai LLC will be deemed a certification by the FLC that the FLC's workers performing labor at the Kauai Coffee Defendants' and/or Kauai LLC's farms have been paid (or will be paid) in full and received all required benefits for current and prior periods of work at those farms;

j.  That if the FLC provides housing and/or transportation to its workers pursuant to its application for labor certification (if the FLC applies for labor certification), that the housing and transportation meets all legal requirements;

k.  The FLC will allow site visits by Kauai Coffee Defendants and/or Kauai LLC for purposes of enforcing the Contract and ensuring compliance with the provisions of this Section XII.C.1.;

l.  The FLC agrees through a written contract provision that the FLC shall notify the Kauai Coffee Defendants and/or Kauai LLC within ten (10) days when a FLC worker ceases working for the FLC and/or the circumstances related thereto;

m.  The FLC providing workers under the H-2A program is in compliance with the H-2A visa requirements, including but not limited to housing, food, water, recruitment fees, travel reimbursements, guaranteed payments,  safe transportation, and/or workplace safety;

n.  The FLC's workers receive training each year and/or season, prior to performing work for Kauai Coffee Defendants and/or Kauai LLC, regarding their respective rights and responsibilities pertaining to Title VII including but not limited to training for supervisors and managers on receiving and responding to complaints of discrimination, harassment, and/or retaliation; and

o.  The FLC holds all licenses and/or meets all legal requirements to provide workers as an FLC.

2.   If a complaint is lodged with Kauai Coffee Defendants and/or Kauai LLC by a worker of an FLC, it shall be referred to the FLC for investigation and resolution and the FLC shall inform Kauai Coffee Defendants and/or Kauai LLC of the results of the FLC's investigation.

3.   If a complaint is lodged about employees of Kauai Coffee Defendants and/or Kauai LLC, Kauai Coffee Defendants and/or Kauai LLC shall investigate promptly and resolve the matter according to their EEO, anti-discrimination, anti-harassment, and anti-retaliation policies.

D.   <u>Audits of Farm Labor Contractors</u>

For the Duration of Decree, Kauai Coffee Defendants and/or Kauai LLC shall conduct audits of each FLC they contract with pursuant to the terms of Section XII.C., if they are working with any, to assess their compliance with Title VII ("Audits") and to cause each FLC to develop corrective and/or preventative measures should the Audits suggest areas for improvement in Title VII compliance as follows:

1.   Kauai Coffee Defendants and Kauai LLC shall conduct an Audit once each season at each location where an FLC provides workers for Kauai Coffee Defendants and/or Kauai LLC.

2.      The Audits shall include site visits, review of documents, and interviews of third parties and/or Kauai Coffee Defendants' and/or Kauai LLC's employees regarding the FLC's Title VII compliance;

3.      The subject areas of the Audit shall at a minimum examine whether the FLC is complying with Section XII.C of this Decree;

4.      A report of the Audit ("Audit Report") shall delineate the methodology for the Audit, the results of the Audit, and any remedial and/or corrective measures implemented by the affected FLC, Kauai Coffee Defendants and/or Kauai LLC to ensure compliance with Title VII; and

5.      All underlying documents created for the Audit as well as the Audit Report itself shall be maintained during the Duration of Decree and produced to the EEOC in compliance with the Recordkeeping and Reporting requirements of this Decree set forth in Section XIII.

Should the EEOC require any underlying documents to prove compliance with this Section XII.D., Kauai Coffee Defendants or Kauai LLC, as the case may be, shall be given written notice.  In response, Kauai Coffee Defendants and/or Kauai LLC shall provide the following within ninety (90) days:  (1) confirm with the EEOC that the Audit was completed; (2) provide a copy of the Audit Report and recommendations; and, (3) provide the underlying documents for the Audits, including statements, notes, and documents relied upon for the Audit Report.

This provision is subject to the cure provisions set forth in Section IX of this Decree.   The EEOC agrees that, as part of the cure provisions, the EEOC shall engage Kauai Coffee Defendants and/or Kauai LLC in good faith discussions which may include an in-person meeting and/or utilization of a mutually agreed-to mediator, at Kauai Coffee Defendants' and/or Kauai LLC's cost, to mediate any disputes concerning the Audits.

     E.    <u>Compliance Monitor</u>

As of the Effective Date, the Compliance Monitors for Kauai Coffee Defendants and Kauai LLC as identified in Section VII or such other person approved by the EEOC as having demonstrated experience in the area of employment discrimination, harassment, and retaliation issues, and the H-2A requirements, shall confirm compliance with the terms of this Decree.

To the extent that the Kauai Coffee Defendants and/or Kauai LLC receive complaints that an FLC worker has been discriminated against by employees of Kauai Coffee Defendants and/or Kauai LLC, based on legally protected classes under Title VII, such complaints shall be investigated by Kauai Coffee Defendants and/or Kauai LLC.  The complainant shall be informed of the complaint process and that Kauai Coffee Defendants and/or Kauai LLC shall take immediate and appropriate corrective and preventative actions if it determines that harassment, discrimination or retaliation by a Kauai Coffee Defendant and/or Kauai LLC

employee, relating to any FLC worker, occurred.  Kauai Coffee Defendants and/or

Kauai LLC shall investigate complaints and report to the EEOC any complaints

directed at Kauai Coffee Defendants and/or Kauai LLC employees by FLC

workers, and the results of such the investigations.

      F.      <u>Publication And Distribution of Anti-Harassment, Anti-</u>

                <u>Discrimination, and Anti-Retaliation Policies and Procedures</u>

Within ninety (90) days of the Effective Date, Kauai Coffee Defendants and

Kauai LLC will confirm that they have published, or will publish, anti-harassment

and anti-discrimination policies that prohibit violation of Title VII, which include

the following provisions in substantive part (although, the policies need not be

verbatim of the language in this Decree):

      1.      A description of prohibited conduct in violation of Title VII,

including discrimination and/or harassment on the basis of national origin and/or

race;

      2.      A provision communicating that the company prohibits

retaliation against employees who make complaints of harassment, discrimination,

or retaliation, or provide information related to such complaints

3.　　A clearly described complaint process that provides accessible and confidential avenues of complaint with contact information by title, the address, and telephone number to whom employees may report alleged discrimination, harassment, and/or retaliation, including a written statement that employees may report the alleged discriminatory behavior to designated persons outside their chain of management and/or the EEOC and/any state or local agency that enforces laws prohibiting discrimination, harassment, and/or retaliation;

4.　　A provision describing the complaint process which does not require that the complaint be made in writing and that the complaint process will provide a prompt, thorough and impartial investigation with a statement that complaints of harassment, discrimination, and retaliation will be treated as confidential to the extent possible for completing an effective investigation;

5.　　A provision communicating that immediate and appropriate corrective and preventative actions will be taken, if it is determined that harassment, discrimination, and/or retaliation occurred;

6.　　A process for the centralized collection of all complaints of discrimination, harassment, and/or retaliation to track for repeated violations of the policies against such conduct;

7.　　The retention of all records pertaining to all complaints of discrimination, harassment, and/or retaliation arising during the Duration of Decree

and the investigation of such complaints, and otherwise consistent with applicable record retention requirements; and

       8.    A description of the possible consequences, up to and including termination that will be imposed upon violation of the policies.

       G.    <u>Distribution and Application of Policies.</u>    Within sixty (60) days after completing the publication described above, Kauai Coffee Defendants' and Kauai LLC's policies shall be or have been distributed to all of their employees and to all FLC workers then utilized by the Kauai Coffee Defendants and/or Kauai LLC. All new or rehired employees of Kauai Coffee Defendants and/or Kauai LLC during the Duration of Decree shall receive a copy of these policies within ten (10) business days of being hired or rehired.

       During the Duration of Decree, Kauai Coffee Defendants and Kauai LLC shall maintain acknowledgments from Kauai Coffee Defendants and/or Kauai LLC employees who receive the anti-discrimination policy and return the signed acknowledgment. Within thirty (30) days after counsel for Kauai Coffee Defendants and/or Kauai LLC receives a request from the EEOC for copies of any such acknowledgments, they shall be produced to the EEOC.

       H.  <u>Complaint Procedure</u>

       Within ninety (90) days after the Effective Date, the Kauai Coffee Defendants and Kauai LLC shall also publish their internal complaint

procedure(s) to provide for the filing, investigation and, if appropriate, remedying of complaints of national origin or race-based harassment, discrimination, and retaliation.   The internal complaint procedure(s) shall incorporate the following elements:

1.   Describe the steps associated with the complaint process;

2.   Offer alternative avenues or persons for reporting;

3.   Provide for prompt commencement and thorough investigation by an individual trained to conduct such investigations and who is not the subject of the complaint;

4.   Confidentiality of the complaint and investigation to the extent possible from being disclosed to those who do not have a need to know the information;

5.   A notice that employees or applicants complaining of discrimination may use the Kauai Coffee Defendants' and/or Kauai LLC's internal complaint procedure;

6.   A statement that it is unacceptable to retaliate against anyone for using the internal complaint procedure, for assisting in the investigation of a complaint, or for otherwise assisting in the utilization of the complaint procedure;

7.     A statement that substantiation of an allegation of discrimination or retaliation against a manager or other associate may result in appropriate discipline, up to and including termination;

8.     The internal complaint procedure will permit, but not require, an employee to initiate the complaint process by submitting the complaint in writing; and

9.     A statement that the internal complaint procedure is not intended to supplant the right of any employee to file a charge or complaint of discrimination or retaliation under any available municipal, state, or federal law.

I.     Training

1.     Within six (6) months after the Effective Date, all full-time human resource personnel and other managerial personnel responsible for employees or FLC workers at Farm Operations owned or operated by Kauai Coffee Defendants and/or Kauai LLC that have worked, or may work during the Duration of Decree with FLC workers shall be required to attend a comprehensive live training program covering the subjects described in subpart 2 below.  The training shall be mandatory and occur once a year for the Duration of Decree.  Each training session shall be scheduled on company time, for a period of no less than two hours.  Any required Kauai Coffee Defendants and/or Kauai LLC employee who

failed to attend a scheduled training shall be trained within ninety (90) days of the live training set forth above.

2.     The training shall include coverage of the subjects of equal employment opportunity rights and responsibilities, discrimination, harassment, retaliation, and applicable policies and procedures for reporting and handling complaints of discrimination, harassment, and retaliation.

3.     The training for managerial personnel shall include supplemental information on their responsibilities for recognizing and addressing complaints of discrimination, harassment, and/or retaliation.

4.     The training for human resource personnel shall include supplemental information about how to properly handle and investigate complaints of discrimination, harassment, and/or retaliation in a neutral manner, how to take preventive and corrective measures against discrimination and/or retaliation, and how to recognize and prevent discrimination and/or retaliation.

5.     Specifically, human resource personnel shall be trained in monitoring work areas and investigations in compliance with applicable policies and procedures against discrimination, harassment, and/or retaliation.

6.     All employees required to attend such training(s) shall verify their attendance in writing.  A log shall be maintained to track attendance at each training.

J.    Posting

Within ten (10) business days after the Effective Date, Kauai Coffee Defendants and Kauai LLC shall post a notice (attached hereto as "Exhibit A") in a clearly visible location frequented by its employees and workers.  The notice shall be posted in English and Thai and/or other language of a Kauai Coffee Defendant's and/or Kauai LLC's employees and workers.  The notice shall remain posted for the Duration of Decree.

## XIII. RECORD KEEPING AND REPORTING

Within ninety (90) days after the Effective Date, Kauai Coffee Defendants and Kauai LLC shall establish a record-keeping procedure that provides for the centralized tracking of discrimination and retaliation complaints and the monitoring of such complaints to prevent retaliation.  The records to be maintained shall include:

A.    Recordkeeping of Discrimination and Retaliation Complaints

1.    All documents generated in connection with any complaint, investigation into, or resolution of every complaint of harassment, discrimination, or retaliation, for the Duration of Decree and the identities of the parties involved that is reported to the human resources department of Kauai Coffee and Kauai LLC.  Kauai Coffee and/or Kauai LLC shall verify that their supervisors are informed of their responsibilities to promptly inform

their human resources departments of complaints they receive about discrimination, retaliation, or harassment. This includes any disciplinary actions taken against an employee and any findings, to the extent such disciplinary action or findings occurred;

2. All forms acknowledging employees' receipt of Kauai Coffee's and Kauai LLC's discrimination and anti-retaliation policy;

3. Documents tracking and analyzing complaints filed by employees of Kauai Coffee or Kauai LLC's employees against the same employee;

4. All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session;

5. All documents pertaining to FLCs as set forth above in Section XII.C and D.

B.   Reporting

In accordance with the schedule provided in Section XII.D.1 which provides for an Audit to be conducted each season with each FLC, Kauai Coffee Defendants and/or Kauai LLC shall submit to the EEOC an Audit Report within ten (10) days of the completion of each Audit which contains:

1.      A copy of any anti-harassment, anti-discrimination and anti-retaliation policies and procedures prepared and/or published by them pursuant to this Decree;

2.      Confirmation of completion of the training sessions;

3.      Confirmation of compliance of its obligations relating to FLCs in Section XII.C;

4.      Confirmation that the required Audits have occurred;

5.      A description of any complaints received from an FLC employee/worker relating to discrimination and/or retaliation, which shall include the names of the individual alleging discrimination, the alleged perpetrator, the nature of the complaint, a brief summary of the investigation, and the nature of the resolution;

6.      Confirmation that the toll free number referenced in Section XII.C.1.f has been published and/or posted;

7.      Overall compliance or non-compliance with the terms of the Decree set forth herein; and

8.      A copy of the Audits and underlying documents.

## XIV.  MISCELLANEOUS PROVISIONS

A.      <u>Successors In Interest</u>

During the Duration of Decree, the Kauai Coffee Defendants shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of the Kauai Coffee Defendants' facilities, or any other material change in corporate structure of Kauai LLC's structure, and shall simultaneously inform the EEOC of same.

B.    Notice

During the Duration of Decree, the Kauai Coffee Defendants and/or Kauai LLC, and their successors shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

Unless otherwise stated, all notices, reports and correspondence required under this Decree to be given to the EEOC shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

C.    Costs of Administration and Implementation of Consent Decree

Each party shall bear its own costs of suit and attorneys' fees.  The Kauai Coffee Defendants shall bear all costs associated with their administration and implementation of their obligations under this Decree.  All costs associated with

executing the Decree and compliance with the Decree shall be paid by the Kauai

Coffee Defendants and/or Kauai LLC.

D.     Counterparts and Facsimile Signatures

This Decree may be signed in counterparts.  A facsimile signature shall have

the same force and effect of an original signature.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

The Parties agree to entry of this Decree and judgment subject to final approval by the Court.  All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: June 3 , 2014    By: /s/ Anna Y. Park

Anna Y. Park
Regional Attorney for
U.S. EEOC

Dated: 5/29 , 2014    By: Gerald J. Mart ().

Attorney for Defendants
Kauai Coffee Company, Inc.,
Alexander & Baldwin, Inc., Massimo
Zanetti Beverage USA, Inc.; and
Kauai Coffee Company, LLC

Dated: _____, 2014    By: _____

Representative of Defendant
Kauai Coffee Company, Inc., and
Alexander & Baldwin, Inc.,

Dated: 5/29 , 2014    By: _____

Representative of Defendant
Massimo Zanetti Beverage USA, Inc.

Dated: 5/29 , 2014    By: _____

Representative of Kauai Coffee
Company, LLC (as a party to this
Decree)

33

The Parties agree to entry of this Decree and judgment subject to final approval by the Court.  All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: _____, 2014          By: _____
                                        Anna Y. Park
                                        Regional Attorney for
                                        U.S. EEOC

Dated: _____, 2014          By: _____
                                        Attorney for Defendants
                                        Kauai Coffee Company, Inc., (nka
                                        McBryde Resources, Inc.) Alexander
                                        & Baldwin, Inc., (nka Alexander &
                                        Baldwin, LLC), Massimo Zanetti
                                        Beverage USA, Inc.; and
                                        Kauai Coffee Company, LLC

Dated: _____, 2014          By: _____
                                        Representative of Defendant
                                        Kauai Coffee Company, Inc., (nka
                                        McBryde Resources, Inc.) and
                                        Alexander & Baldwin, Inc. (nka
                                        Alexander & Baldwin, LLC)

Dated: _____, 2014          By: _____
                                        Representative of Defendant
                                        Massimo Zanetti Beverage USA, Inc.

33

Exhibit A:  EMPLOYEE NOTICE



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA  90012
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Los Angeles Status Line:  (866) 408-8075
Los Angeles Direct Dial:  (213) 894-1096
TTY (213) 894-1121
FAX (213) 894-1118

# EMPLOYEE NOTICE

This Notice is posted pursuant to a Consent Decree entered into by and among Kauai Coffee Company, Inc., now known as McBryde Resources, Inc., Alexander & Baldwin, Inc., now known as Alexander & Baldwin, LLC, and Massimo Zanetti Beverage USA, Inc., and the U.S. Equal Employment Opportunity Commission as part of the settlement of a lawsuit entitled *EEOC v. Global Horizons, Inc., et al*., Case Number 11-00257 LEK-RLP, filed in the United States District Court for the District of Hawaii, in which the Commission alleged discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

Federal law requires that employers not discriminate against or subject to a hostile work environment any employee because of that individual's race, color, religion, sex, national origin, age (40 or older) or disability.

Kauai Coffee Company, Inc., now known as McBryde Resources, Inc., Alexander & Baldwin, Inc., now known as Alexander & Baldwin, LLC, Massimo Zanetti Beverage USA, Inc., and Kauai Coffee Company, LLC will comply with such federal law in all respects, and will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right to report allegations of employment discrimination in the workplace.  An employee may contact his or her local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination or harassment.  To locate the nearest field office, contact:

**EEOC Los Angeles District Office**            **EEOC Honolulu Local Office**
255 E. Temple Street, 4th Floor                     300 Ala Moana Blvd., Room 7-127
Los Angeles, CA  90012                                 Honolulu, HI  96850-0051
Los Angeles Direct Dial:  (213) 894-1096    Telephone: (808)541-3118
TTY (213) 894-1121                                       Facsimile:  (808) 541-3390
FAX (213) 894-1118

This Notice will remain posted for two and one-half (2.5) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____.

35

**ORDER**

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.  The Court hereby retains jurisdiction over this Consent Decree until its termination in accordance with the terms thereof.

IT IS SO ORDERED.

Date: _____          _____
                                 The Honorable Leslie E. Kobayashi
                                 U.S. District Court Judge