IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>       Plaintiff,<br><br>  vs.<br><br>GLOBAL HORIZONS, INC., DBA GLOBAL HORIZONS MANPOWER, INC.; CAPTAIN COOK COFFEE COMPANY LTD.; DEL MONTE FRESH PRODUCE (HAWAII), INC.; KAUAI COFFEE COMPANY, INC.; KELENA FARMS, INC.,; MAC FARMS OF HAWAII, LLC NKA MF NUT CO., LLC; MAUI PINEAPPLE COMPANY, LTD. AKA MAUI PINEAPPLE FARMS; ALEXANDER & BALDWIN, INC.; MASSIMO ZANETTI BEVERAGE USA, INC.; AND DOES 1-15, INCLUSIVE,<br><br>       Defendants. | CIVIL 11-00257 LEK |

**ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B) AND DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS PENDING <u>INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)</u>**

Before the Court are Defendant Global Horizons, Inc. d/b/a Global Horizons Manpower Inc.'s ("Global Horizons") Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B) ("Motion") and Motion for Stay of Proceedings Pending Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B) ("Stay Motion"), filed on April 3, 2014. [Dkt. nos. 686, 687.] Plaintiff Equal Employment Opportunity Commission ("the EEOC" or

"Plaintiff") filed a memorandum in opposition to each motion on May 19, 2014. [Dkt. nos. 696, 697.] The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, Global Horizons's Motion is HEREBY DENIED for the reasons set forth below, and Global Horizons's Stay Motion is HEREBY DENIED AS MOOT.

**BACKGROUND**

The relevant background is set forth in this Court's February 28, 2014 order that, *inter alia*, denied Global Horizons's November 1, 2013 Motion for Summary Judgment ("2/28/14 Order"). [Dkt. nos. 599 (motion), 682 (2/28/14 Order).[1]] Trial is scheduled for November 18, 2014. [Amended Rule 16 Scheduling Order, filed 1/24/14 (dkt. no. 673), at 1.] Additionally, on March 19, 2014, this Court filed its order granting the EEOC's Motion for Partial Summary Judgment on the EEOC's Pattern or Practice Claim of Hostile Work Environment Against Defendant Global Horizons, Inc., Motion for Partial Summary Judgment on the EEOC's Pattern or Practice Claim of Disparate Treatment Against Global Horizons, Inc., and Motion for Partial Summary Judgment on

---

[1] The 2/28/14 Order is also available at 2014 WL 800597.

the EEOC's Pattern or Practice Claim of Retaliation Against Global Horizons, Inc. [Dkt. no. 685.[2]]

## **STANDARD**

Global Horizons seeks leave to file an interlocutory appeal from the 2/28/14 Order pursuant to 28 U.S.C. § 1292(b), which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

(Emphasis in original.)

This district court has described the standard applicable to § 1292(b) as follows:

> A movant seeking an interlocutory appeal has a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand

---

[2] The order filed on March 19, 2014 is also available at 2014 WL 118009.

3

v. Livesay, 437 U.S. 463, 475 (1978); see also
James v. Price Stern Sloan, Inc., 283 F.3d 1064,
1067 n.6 (9th Cir. 2002) ("Section 1292(b) is a
departure from the normal rule that only final
judgments are appealable, and therefore must be
construed narrowly."); Pac. Union Conference of
Seventh-Day Adventists v. Marshall, 434 U.S. 1305,
1309 (1977) ("The policy against piecemeal
interlocutory review other than as provided for by
statutorily authorized appeals is a strong one."
(citations omitted)). Indeed, § 1292(b) is used
"only in exceptional situations in which allowing
an interlocutory appeal would avoid protracted and
expensive litigation." In re Cement Antitrust
Litig., 673 F.2d 1020, 1026 (9th Cir. 1982)
(citing U.S. Rubber Co. v. Wright, 359 F.2d 784,
785 (9th Cir. 1966) (per curiam)). . . .

Leite v. Crane Co., Civil No. 11-00636 JMS/RLP, 2012 WL 1982535, at *2 (D. Hawai`i May 31, 2012). "A court has substantial discretion whether to grant a party's motion for certification." Pitts v. Sequeira, Civil No. 11-00281 LEK/RLP, 2014 WL 346523, at *2 (D. Hawai`i Jan. 29, 2014) (citing Adobe Sys., Inc. v. Hoops Enter., 2012 WL 1710951, *1 (N.D. Cal. 2012)).

## DISCUSSION

### A. Controlling Question of Law

As to the requirement that a proposed interlocutory appeal raise a controlling question of law, the district court in Leite stated:

> As to whether an issue is "controlling," "all
> that must be shown in order . . . is that
> resolution of the issue on appeal could materially
> affect the outcome of litigation in the district
> court." In re Cement, 673 F.2d at 1026 (citing
> U.S. Rubber Co., 359 F.2d at 785). Questions of
> law appropriate for interlocutory appeal include
> "the determination of who are necessary and proper

> parties, whether a court to which a cause has been
> transferred has jurisdiction, or whether state or
> federal law should be applied." Id.
>
> As to whether an interlocutory appeal raises
> a "question of law," the Ninth Circuit has not
> precisely defined this term, but "several other
> courts have concluded a 'question of law' under
> § 1292(b) means a 'pure question of law' rather
> than a mixed question of law and fact or the
> application of law to a particular set of facts."
> Chehalem Physical Therapy, Inc. v. Coventry Health
> Care, Inc., 2010 WL 952273, at *3 (D. Or. Mar. 10,
> 2010) (collecting cases); see also McFarlin v.
> Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th
> Cir. 2004) (stating that "§ 1292(b) appeals were
> intended, and should be reserved, for situations
> in which the court of appeals can rule on a pure,
> controlling question of law without having to
> delve beyond the surface of the record in order to
> determine the facts"); Ahrenholz v. Bd. of Trs. of
> Univ. of Ill., 219 F.3d 674, 677 (7th Cir. 2000)
> ("The idea [behind § 1292] was that if a case
> turned on a pure question of law, something the
> court of appeals could decide quickly and cleanly
> without having to study the record, the court
> should be enabled to do so without having to wait
> till the end of the case."); Keystone Tobacco Co.
> v. U.S. Tobacco Co., 217 F.R.D. 235, 239 (D.D.C.
> 2003) (When "the crux of an issue decided by the
> court is fact-dependent, the court has not decided
> a 'controlling question of law' justifying
> immediate appeal.").

2012 WL 1982535, at *5 (alterations in Leite).

Global Horizons's proposed interlocutory appeal will challenge this Court's ruling that the EEOC's claims are not barred by laches. Global Horizons argues that a controlling question of law exists because the issue of whether laches applies to this suit by the EEOC does not require resolution of factual issues. It claims that, because the EEOC unreasonably

5

delayed bringing this action, Global Horizons lacks the resources, personnel, witnesses, and documentation to defend itself adequately.

The EEOC responds by asserting that Global Horizons's proposed question of law for interlocutory appeal is fatally flawed because this Court has already ruled that Global Horizons was not prejudiced by the passage of time alone and that the EEOC did not engage in unreasonable delay. The EEOC contends that Global Horizons's "repeated and failed motions," in which it asserts a laches defense, rely on the irrelevant fact that Global Horizons is a defunct corporation, rather than the efforts Global Horizons took to preserve records when it received notice of the EEOC's Charges of Discrimination in April 2006. [Mem. in Opp. to Motion at 5.]

This Court concludes that Global Horizons has not proposed a controlling question of law. The proposed issue for interlocutory appeal is not a pure question of law. Specifically, Global Horizons is seeking to challenge whether the EEOC's claims are barred by laches due to the EEOC's alleged "tardiness in filing," which, according to Global Horizons, resulted in its lack of "resources, personnel, witnesses and documentation." [Motion at 3.] Both the question of whether there was unreasonable delay and the question of whether Global Horizons was prejudiced involve questions of fact.

In addition, the Court notes that United States District Judge David Alan Ezra also declined to find the EEOC's claims barred by laches.³ In an order filed on November 8, 2012 ("11/8/12 Order"), Judge Ezra determined that, although five years lapsed between the date the EEOC filed a charge against Global Horizons and the date the EEOC instituted this suit, "[t]he passage of five years does not by itself establish unreasonable delay." 904 F. Supp. 2d 1074, 1095 (D. Hawai`i 2012) (citations omitted). Global Horizons seeks leave to file an interlocutory appeal challenging the rejection of its laches defense; it could have filed such an appeal after the 11/8/12 Order. Instead, Global Horizons waited until April 3, 2014 to file its Motion.

This Court therefore finds that Global Horizons's proposed interlocutory appeal does not present a controlling question of law.

**B.** **<u>Substantial Ground for a Difference of Opinion</u>**

As to the second requirement that there be substantial ground for a difference of opinion regarding the controlling question of law, the Ninth Circuit has stated:

> To determine if a "substantial ground for difference of opinion" exists under § 1292(b), courts must examine to what extent the controlling law is unclear. Courts traditionally will find

---

³ The case was reassigned to this Court on November 15, 2012. [Dkt. no. 418.]

> that a substantial ground for difference of
> opinion exists where "the circuits are in dispute
> on the question and the court of appeals of the
> circuit has not spoken on the point, if
> complicated questions arise under foreign law, or
> if novel and difficult questions of first
> impression are presented." 3 Federal Procedure,
> Lawyers Edition § 3:212 (2010) (footnotes
> omitted). However, "just because a court is the
> first to rule on a particular question or just
> because counsel contends that one precedent rather
> than another is controlling does not mean there is
> such a substantial difference of opinion as will
> support an interlocutory appeal." Id. (footnotes
> omitted).

Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010). Put another way,

> A substantial ground for difference of opinion
> exists where reasonable jurists might disagree on
> an issue's resolution, not merely where they have
> already disagreed. Stated another way, when novel
> legal issues are presented, on which fair-minded
> jurists might reach contradictory conclusions, a
> novel issue may be certified for interlocutory
> appeal without first awaiting development of
> contradictory precedent.

Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011) (footnote omitted). "A party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference'; the proponent of an appeal must make some greater showing." Kowalski v. Anova Food, LLC, 958 F. Supp. 2d 1147, 1154 (D. Hawai`i 2013) (citation omitted).

Global Horizons argues that a substantial ground for difference of opinion exists because, even though "[t]he EEOC is not subject to any statute of limitations restriction on its

8

ability 'to file suit in a federal court,'" there have been cases in which the Ninth Circuit has dismissed an action filed by the EEOC due to an inexcusable or unreasonable delay. [Motion at 4 (citing EEOC v. Alioto Fish Co., Ltd., 623 F.2d 86, 88 (9th Cir. 1980) (dismissing an action filed 20 months after conciliation efforts ended and 62 months after the employee first filed a charge against the company) (citing with approval EEOC v. Liberty Loan Corp., 584 F.2d 853, 857-58 (8th Cir. 1978) (dismissal after 52 months under the court's equitable powers)); Boone v. Mech. Specialties Co., 609 F.2d 956, 957, 959 (9th Cir. 1979) (finding unreasonable delay where a Title VII action was brought 79 months after the original charge had been filed)).]

As this Court has previously recognized, however, the great weight of controlling legal authority does not support a presumption of unreasonable delay or substantial prejudice based alone on the passage of time. See, e.g., Bratton v. Bethlehem Steel Corp., 649 F.2d 658, 667 n.8 (9th Cir. 1980) ("Whatever may be an appropriate use of presumptions in laches cases not involving Title VII, we believe that prejudice should not lightly be presumed from delay in Title VII cases."); Liberty Loan Corp., 584 F.2d at 857 ("We are unwilling to rule that any set length of delay is per se unreasonable, but rather look to the facts of each case to determine reasonableness."); U.S. EEOC v. Lakemont Homes Inc., 718 F. Supp. 2d 1251, 1256 (D. Nev. 2010) ("In an

9

EEOC enforcement action, the absence of inflexible time limitations does not generally 'subject [defendants] to the surprise and prejudice that can result from the prosecution of stale claims.'" (alteration in Lakemont Homes) (quoting Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 372, 97 S. Ct. 2447 (1977)); EEOC v. Peterson, Howell & Heather, Inc., 702 F. Supp. 1213, 1222 (D. Md. 1989) ("This Court, consistent with other courts, refuses to find any specific period of delay by the EEOC unreasonable *per se*." (citing Liberty Loan Corp., 584 F.2d at 857; EEOC v. Martin Processing, Inc., 533 F. Supp. 227, 229 (W.D. Va. 1982))). In fact, the EEOC argues and this Court agrees, many courts have held that the EEOC did not engage in unreasonable delay, even though it filed suit more than five years after the filing of the charge. See, e.g., EEOC v. Great Atl. & Pac. Tea Co., 735 F.2d 69, 81-84 (3d Cir. 1984) (approximately seven years); EEOC v. Jacksonville Shipyards, Inc., 690 F. Supp. 995, 999-1000 (M.D. Fla. 1988) (nearly six years and ten months); EEOC v. N. Cent. Airlines, 475 F. Supp. 667, 671 (D. Minn. 1979) (approximately six years).

The EEOC also points out that this Court has now held on two separate occasions that the passage of five years from the filing of the charge to the filing of the civil action does not by itself establish delay as a matter of law. It further argues that Global Horizons's reliance on Alioto Fish Co. and Boone for

10

presumptions of unreasonable delay and substantial prejudice based alone on the passage of time is "grossly misplaced" because the burden of proof remains on Global Horizons to establish both elements of the laches defense: inexcusable or unreasonable delay and prejudice caused by such delay. [Mem. in Opp. to Motion at 9.] This Court agrees.

In Alioto Fish Co., unlike the instant case, the EEOC offered its backlog of cases as the reason for its delay in filing suit, which the Ninth Circuit rejected: "[t]he agency's workload has been rejected as an excuse for unreasonable delay." 623 F.2d at 88 (citing EEOC v. Liberty Loan Corp., 584 F.2d at 857 n.6). Moreover, in Boone, unlike here, the plaintiff, Boone, was aware that he could receive a right-to-sue letter from the EEOC and bring a civil action at an earlier time, but he chose not to do so. Boone rejected all of the EEOC's offers of right-to-sue letters. When Boone finally brought his civil action, many of the defendant's employees who may have had information relating to Boone's discharge were no longer available. 609 F.2d at 957-58. The Ninth Circuit held that, in the absence of any factual issues, "the district court correctly found that Boone's delay in bringing suit was unreasonable." Id. at 959. It also held that the district court did not err in finding prejudice because the administrative charge Boone filed "had been lying dormant for several years," and the defendant was under no "type

of affirmative duty to avoid or mitigate the prejudice which occurred with the passage of time." Id. at 959-60.

In the instant case, as the party raising the laches defense, Global Horizons bears the burden of proving both elements, and this Court has already found that Global Horizons has "failed to establish either of the required elements of the laches defense." 2/28/14 Order, 2014 WL 800597, at *7.

This Court therefore finds that there is no substantial ground for a difference of opinion regarding the question of law that Global Horizons seeks to raise in the interlocutory appeal.

C. **Materially Advance the Termination of the Litigation**

As to the third requirement that a proposed interlocutory appeal will materially advance the ultimate termination of the litigation, the district court in Leite stated:

> The requirement that an interlocutory appeal materially advance the ultimate termination of the litigation is directed to the very purpose of § 1292(b) — to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later [in order to] save the courts and the litigants unnecessary trouble and expense." United States v. Adam Bros. Farming, Inc., 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004); see also In re Cement Antitrust Litig., 673 F.2d at 1026 (stating that § 1292(b) is used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation").
>
> And most critical here, an interlocutory appeal is appropriate where resolution of the issue would materially advance the termination of

> not only the present case, but also other cases pending before the court. See Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990) ("[T]he impact that an appeal will have on other cases is a factor that we may take into account in deciding whether to accept an appeal that has been properly certified by the district court.").

2012 WL 1982535, at *6-7 (alterations in Leite) (some citations omitted).

Global Horizons argues that certification of an interlocutory appeal would materially advance the ultimate termination of the litigation because an appeal would clarify the proper legal standard for the proposed question, avoid expenditure of judicial resources and parties' expenses, and aid in achieving procedural economy. This Court disagrees.

It is beyond dispute that Global Horizons's proposed interlocutory appeal will not facilitate the timely disposition of this action. As the EEOC points out in its Opposition, trial is set for November 18, 2014, and Global Horizons is still an essential party-defendant, particularly with respect to the EEOC's remaining claims for monetary damages and injunctive and equitable relief. If the Court were to grant Global Horizons's Motion at this juncture of the litigation, it would delay, rather than materially advance, the ultimate termination of this action.

Having found that Global Horizons has not established any of the requirements for an interlocutory appeal, this Court FINDS that Global Horizons should not be allowed to file the

proposed interlocutory appeal in the instant case.

Because the Court DENIES Global Horizons's Motion, the Court further DENIES Global Horizons's Stay Motion as moot.

### CONCLUSION

On the basis of the foregoing, Global Horizons's Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B), filed April 3, 2014, is HEREBY DENIED, and Global Horizons's Motion for Stay of Proceedings Pending Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(B), also filed April 3, 2014, is HEREBY DENIED AS MOOT.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 30, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EEOC VS. GLOBAL HORIZONS, INC., ET AL; CIVIL 11-00257 LEK-RLP; ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B) AND DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS PENDING INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)**