IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>GLOBAL HORIZONS, INC., DBA GLOBAL HORIZONS MANPOWER, INC.; CAPTAIN COOK COFFEE COMPANY LTD.; DEL MONTE FRESH PRODUCE (HAWAII), INC.; KAUAI COFFEE COMPANY, INC.; KELENA FARMS, INC.,; MAC FARMS OF HAWAII, LLC NKA MF NUT CO., LLC; MAUI PINEAPPLE COMPANY, LTD. AKA MAUI PINEAPPLE FARMS; ALEXANDER & BALDWIN, INC.; MASSIMO ZANETTI BEVERAGE USA, INC.; AND DOES 1-15, INCLUSIVE,<br><br>    Defendants. | CIVIL 11-00257 LEK |

**ORDER FOLLOWING HEARING ON ORDER TO SHOW CAUSE**

On June 4, 2014, this Court issued its Order Denying the EEOC's Requests for Approval of Consent Decrees and Order to Show Cause ("Order to Show Cause"). [Dkt. no. 704.] This Court ordered counsel for Plaintiff the United States Equal Employment Opportunity Commission ("the EEOC") to file a response showing good cause why this Court should not impose sanctions upon counsel for failing to follow the applicable Local Rules and this Court's oral instructions regarding the Consent Decrees and proposed orders regarding Defendants Mac Farms of Hawaii, LLC,

now known as MF Nut Co., LLC ("MF Nut"), Kelena Farms, Inc. ("Kelena Farms"), Captain Cook Coffee Company, Ltd. ("Captain Cook Coffee"), and Kauai Coffee Company, Inc. ("Kauai Coffee"). On June 5, 2014, the EEOC filed its response to the Order to Show Cause ("Response"). [Dkt. no. 705.]

This matter came on for hearing on August 19, 2014. Appearing at the hearing were Sue Noh, Esq., on behalf of the EEOC, and Barbara Petrus, Esq., on behalf of MF Nut.

### BACKGROUND

At some point prior to June 3, 2014, the EEOC reached settlement agreements with MF Nut, Kelena Farms, Captain Cook Coffee, and Kauai Coffee. Counsel for the EEOC and counsel for each of these defendants signed the respective Consent Decrees. Anna Park, Esq., signed each of the Consent Decrees on behalf of the EEOC. Each of her signatures is dated June 3, 2014. Each Consent Decree includes a proposed order for this Court to sign, approving of the Consent Decree and ordering compliance therewith.

A staff member called this Court's office on behalf of counsel for the EEOC to inquire about the process for filing the Consent Decrees. This Court's staff expressly instructed counsel's staff **not to file** the Consent Decrees and proposed orders. This Court instructed counsel's staff: 1) to submit the Consent Decrees and proposed orders to

kobayashi_orders@hid.uscourts.gov for review; and 2) if this Court approved the Consent Decrees and signed the associated orders, this Court would file the Consent Decrees and orders. Counsel's staff stated that they needed the Consent Decrees to be filed by a certain date because the EEOC had scheduled a press conference to discuss the settlements.

Instead of submitting the Consent Decrees and proposed order to kobayashi_orders@hid.uscourts.gov, as instructed by this Court, counsel for the EEOC filed the four Consent Decrees on June 3, 2014. [Dkt. nos. 700-03.[1]] Each filing is titled "Consent Decree," and the docket entry for each filing is "Settlement Agreement/Consent Decree." The order attached to each Consent Decree is unsigned. On June 4, 2014, after this Court issued the Order to Show Cause, the EEOC sent the Consent Decrees and proposed orders to kobayashi_orders@hid.uscourts.gov for this Court's review. This Court has not approved the Consent Decrees and proposed orders, pending the outcome of the proceedings related to the Order to Show Cause.

**DISCUSSION**

Local Rule 100.9.1 addresses the submission of proposed orders. It states: "Proposed orders are to be submitted separately from the underlying application, request, or motion

---

[1] This Court's Order to Show Cause deemed the Consent Decrees filed on June 3, 2014 withdrawn.

and shall be submitted by e-mail in a format compatible with Word or Word Perfect, unless directed by the court to be submitted differently." The EEOC's filing of the Consent Decrees with the unsigned orders on June 3, 2014 violated both Local Rule 100.9.1 and this Court's oral instructions to counsel's staff member.

The EEOC argues that this Court should not impose sanctions because: 1) counsel had a good faith belief that the magistrate judge ordered the parties to file their Consent Decrees by June 3, 2014; see EO, filed 5/22/14 (dkt. no. 699); 2) the EEOC's counsel followed the same procedure with the consent decree and proposed order regarding Defendant Del Monte Fresh Produce (Hawaii), also known as Del Monte Fresh Produce (Hawaii) ("Del Monte"), and this Court later approved that consent decree; see dkt. nos. 643, 651; 3) the EEOC followed the same procedure with consent decrees in prior actions in this district; and 4) counsel was not aware that this procedure violated any court rules. None of these arguments are persuasive.

First, the magistrate judge's May 22, 2014 EO granted "an extension until June 3, 2014, to finalize **the terms** of the proposed consent decrees." [Dkt. no. 699 (emphasis added).] The EO said nothing about June 3, 2014 being a **filing** deadline. Further, to the extent that counsel thought that the EO was ambiguous, counsel could have sought clarification from the

4

magistrate judge.

This Court is not persuaded by counsel's argument that they were not aware that the practice of filing a consent decree prior to court approval of the consent decree violated court rules. As licensed attorneys practicing in this district, the EEOC's counsel are responsible for familiarizing themselves with the applicable rules.

As to counsel's argument regarding the Del Monte consent decree, that situation is distinguishable. When the EEOC filed the Del Monte proposed consent decree on November 18, 2013, it was titled "[Proposed] Consent Decree." [Dkt. no. 643 at 1 (brackets in original).] The docket entry for that filing is "Settlement Agreement Del Monte [Proposed] Consent Decree." Thus, it was clear from the EEOC's publicly available filing that the Del Monte proposed consent decree was not a final, court-approved document. The Del Monte consent decree became final when this Court signed the attached order and filed the documents. In contrast, each of the four Consent Decrees currently at issue was titled "Consent Decree," and the docket entry for each was "Settlement Agreement/Consent Decree." These descriptions gave the misleading impression that the filings were final, court-approved documents.

Finally, regardless of the EEOC's prior filing of the Del Monte proposed consent decree and prior submissions in other

cases, this Court's staff expressly instructed counsel's office not to file the Consent Decrees and proposed orders currently at issue. The EEOC's counsel disregarded that instruction, apparently so that EEOC officials could announce, during a previously scheduled press conference, that consent decrees had been "filed" in this case.

While this Court recognizes that the EEOC uses press conferences to inform the public about litigation that the EEOC is involved in and to educate the public about unlawful discrimination practices, the EEOC should not have held a press conference regarding the settlements with MF Nut, Kelena Farms, Captain Cook Coffee, and Kauai Coffee until **this Court** signed the orders attached to the Consent Decrees and filed the documents. This would likely have occurred in a timely manner, *i.e.* no more than seven to ten days, after the EEOC submitted the Consent Decrees and proposed orders to kobayashi_orders@hid.uscourts.gov. The EEOC could have held its press conference at that time. Further, the EEOC's actions ignored the possibility that this Court could reject one or more of the Consent Decrees. The EEOC's disregard of the applicable rules and this Court's express instructions is unacceptable and will not be tolerated.

At the hearing on the Order to Show Cause, Ms. Noh acknowledged that she was responsible for the filing of the Consent Decrees and proposed orders. Ms. Noh represented that it

was Ms. Park who informed the EEOC's upper management that the Consent Decrees had been filed and that management could proceed with the scheduled press conference.  This Court therefore FINDS that both Ms. Noh and Ms. Park are responsible for the violation of the applicable court rules and this Court's oral instructions.

Local Rule 83.4 states, in pertinent part:

> (a)  For good cause shown and after an opportunity to be heard, any member of the bar of this court may be disbarred, suspended from practice for a definite time, reprimanded, or subjected to such other discipline as the court may deem proper.
>
> (b)  The court may at any time appoint three members of the bar of this court as a Committee on Discipline.  Such Committee may be dissolved by the court at any time.  Said Committee shall have power to and shall conduct investigations relating to the discipline of members of the bar of this court, either on its own motion or pursuant to a reference by the court.  The court may refer the matter to the disciplinary body of any court before which the attorney has been admitted to practice.

This Court FINDS that there is good cause to discipline both Ms. Noh and Ms. Park.  Ms. Noh and Ms. Park are both licensed to practice law in the State of California.  This Court will file a disciplinary complaint against each of them with the State Bar of California.

Finally, this Court informs the EEOC that it will not consider its request to approve the four Consent Decrees unless the EEOC holds a press conference retracting its statements at the June press conference regarding the improperly filed Consent

7

Decrees.  The EEOC must submit proof of the retraction press conference by filing either: 1) a declaration by an EEOC official with personal knowledge describing the date, time, and place of the conference and a summary of the statements that the EEOC made; or 2) a press release issued by the EEOC containing the same information.  The EEOC's filing is due by no later than **August 29, 2014**.  This Court CAUTIONS the EEOC that, if it fails to comply with the **August 29, 2014** deadline, this Court may: deny the requests to approve the Consent Decrees; and reset all unresolved claims for trial.

## CONCLUSION

On the basis of the foregoing, this Court FINDS that there is good cause to discipline the EEOC's counsel, Sue Noh, Esq., and Anna Park, Esq., for violating the Local Rules and this Court's oral instructions.  This Court will file a disciplinary complaint against Ms. Noh and Ms. Park with the State Bar of California.  Further, this Court will not consider the EEOC's pending request to approve the four Consent Decrees unless the EEOC holds a press conference in compliance with the terms of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 20, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**E.E.O.C. VS. GLOBAL HORIZONS, INC., ET AL.; CIVIL NO. 11-00257 LEK-RLP; ORDER FOLLOWING HEARING ON ORDER TO SHOW CAUSE**