1

```
 1                   IN THE UNITED STATES DISTRICT COURT

 2                        FOR THE DISTRICT OF HAWAII

 3
     EQUAL EMPLOYMENT                ) CIVIL NO. 11-00257LEK-RLP
 4   OPPORTUNITY COMMISSION,         )
                                     ) Honolulu, Hawaii
 5             Plaintiff,            ) August 19, 2014
                                     ) 10:04 A.M.
 6        vs.                        )
                                     ) Order to Show Cause Why
 7   GLOBAL HORIZONS INC., et        ) Sanctions Should Not Be
     al.,                            ) Imposed Against Plaintiff's
 8                                   ) Counsel
               Defendants.           )
 9   _____X

10
                          TRANSCRIPT OF PROCEEDINGS
11              BEFORE THE HONORABLE LESLIE E. KOBAYASHI
                      UNITED STATES DISTRICT JUDGE
12
     APPEARANCES:
13
     For the Plaintiff:         Sue J. Noh
14                              US Equal Employment Opportunity
                                Commission Los Angeles
15                              Los Angeles District Office
                                Roybal Federal Building
16                              255 East Temple Street 4th Flr
                                Los Angeles, CA 90012
17
     For the Defendant M.F.     Barbara A. Petrus
18   Nut:                       Goodsill Anderson Quinn & Stifel
                                LLLP
19                              First Hawaiian Center
                                999 Bishop St Ste 1600
20                              Honolulu, HI 96813

21
     Official Court             Cynthia Ott, RMR, CRR
22   Reporter:                  United States District Court
                                P.O. Box 50131
23                              Honolulu, Hawaii  96850

24
     Proceedings recorded by machine shorthand, transcript produced
25   with computer-aided transcription (CAT).
```

```
 1   TUESDAY, AUGUST 19, 2014                              10:03 A.M.
 2             THE CLERK:  Civil 11-00257LEK-RLP, Equal Employment
 3   Opportunity Commission versus Global Horizons Incorporated, et
 4   al.  This case has been called for an order to show cause as to
 5   why sanctions should not be imposed against plaintiff's
 6   counsel.
 7             Counsel, please make your appearances for the record.
 8   Please speak into a microphone.
 9             MS. NOH:  Good morning, Your Honor.  Sue Noh for
10   plaintiff, EEOC.
11             THE COURT:  Good morning.
12             MS. PETRUS:  Good morning, Your Honor.  Barbara Petrus
13   for defendant, M.F. Nut.
14             THE COURT:  Good morning.  So we're here on the order
15   to show cause.  The court issued its entering order, and in
16   response, Ms. Noh, you filed your response on June 5, 2014.
17             MS. NOH:  Yes, Your Honor.
18             THE COURT:  Do you understand why you're here today?
19             MS. NOH:  Yes, Your Honor.  We inadvertently and
20   without meaning any disrespect to the court or in any way not
21   following the rules, we actually did that and became --
22             THE COURT:  And you held a press conference, didn't
23   you?
24             MS. NOH:  Yes, Your Honor.
25             THE COURT:  Yes.  Whose decision was it to hold the
```

1  press conference?
2           MS. NOH:  That decision is made by the Commission, the
3  district director, and the regional attorney.
4           THE COURT:  When was that decision made?
5           MS. NOH:  The decision to hold the press conference is
6  made prior to the filing.
7           THE COURT:  Prior to the filing of what?
8           MS. NOH:  Of the decree.
9           THE COURT: All right.  And you never filed the
10 decree.  You weren't given permission to file the decree.
11          MS. NOH:  Yes, Your Honor.  We're now aware of that.
12          THE COURT:  All right.  And what was your specific
13 role in making the decision as to when the press conference
14 would be held?
15          MS. NOH:  I don't have a specific decision or role in
16 that.  That's decided by upper management.  And although I am
17 lead counsel, I try to stay out of matters related to the press
18 while a case is pending.
19          THE COURT:  So who notified them that the -- that the
20 filing had been done?
21          MS. NOH:  Our paralegal, Your Honor.  And also --
22          THE COURT:  This is the same paralegal who, when we
23 questioned them why, informed my staff that was, well, they
24 couldn't wait because they had to have the press conference.
25 Because we inquired why it was filed when it was supposed to be

```
 1   submitted to proposed orders, because it wasn't an order and it
 2   still isn't an order in this case.  This case has not been
 3   dismissed.  I have not approved the settlement.
 4            MS. NOH:  Yes, Your Honor.  We are aware of that.  At
 5   the time we thought that the decree could be filed and we
 6   thought that we should file it because of the continuance given
 7   on the finalization of the consent -- the proposed consent
 8   decrees with the parties for whom we did file.  Prior to that
 9   when we filed the Del Monte decree, we followed the same
10   procedure and thought that we were in compliance with the
11   court's orders, but, unfortunately, that was not the case.
12            THE COURT:  All right.  So what I need to know is who
13   was involved in informing anyone in upper management that they
14   could go ahead and have a press conference?
15            MS. NOH:  Well, typically, they look for the filing of
16   the decree and the CM/ECF notice and that -- the regional
17   attorney is one of the people who are listed on that, receives
18   notice of the filing.
19            THE COURT:  And who is that regional attorney for this
20   case?
21            MS. NOH:  Ms. Anna Park.
22            THE COURT:  All right.  So she would have had that
23   information and passed that on to the Commission to make the
24   decision when the press conference would be held?
25            MS. NOH:  Yes.
```

1           THE COURT:  The reason why I need to know this is, is
2  that it's my position that whoever is involved besides yourself
3  should not be permitted to practice in this district.  And I
4  intend to file ethical complaints against both you and whoever
5  else is involved with wherever you are licensed to practice
6  law.  So these are the reasons for my questioning.
7           So it's you and Anna Park who are involved then in the
8  filing of the consent decree and notifying the Commission that
9  it was okay to go ahead and have a press conference?
10          MS. NOH:  Yes, Your Honor.  However, I wasn't aware
11 that the court was not -- was not permitting the filing of the
12 decree at the time that that information was passed along,
13 and --
14          THE COURT:  But you're responsible for the filing?
15          MS. NOH:  Yes, Your Honor, I am.
16          THE COURT:  And you knew that there was going to be a
17 press conference once it was filed?
18          MS. NOH:  Yes, I did, Your Honor.
19          THE COURT:  That's the standard practice in your
20 office?
21          MS. NOH:  Yes, Your Honor.
22          THE COURT:  All right.  Who else besides you and Anna
23 Park?
24          MS. NOH:  As far as involved in the press conference?
25 I wasn't involved in the press conference.

```
 1              THE COURT:  No.  In the filing as opposed to
 2   submitting proposed orders, that's the issue.  It's the filing.
 3              MS. NOH:  It would be me, Your Honor.
 4              THE COURT:  So you and Anna Park are responsible?
 5              MS. NOH:  I'm more responsible than Ms. Park, Your
 6   Honor.
 7              THE COURT:  But Ms. Park would have been on notice
 8   because she's on the electronic filing?
 9              MS. NOH:  Yes, she is.
10              THE COURT:  And she in turn would have notified the
11   Commission?
12              MS. NOH:  Yes.
13              THE COURT:  And both of you are licensed in
14   California?
15              MS. NOH:  Yes, we are.
16              THE COURT:  Any other jurisdictions that you're
17   licensed in?
18              MS. NOH:  No, Your Honor.
19              THE COURT:  All right.  Do you see any reason why I
20   should not be making an ethical complaint against both you and
21   Ms. Park?
22              MS. NOH:  Your Honor, this wasn't done in any way to
23   violate the court's orders or --
24              THE COURT:  There's no intentionality.  It's not
25   required.  You're required to know what the rules are.
```

1            MS. NOH:  Yes, but, Your Honor, in this case we did
2    the same thing as to the Del Monte case, so we believed that we
3    were acting appropriately.  And because it is a consent decree,
4    for the reasons laid out in the response that I filed --
5            THE COURT:  When does it become a consent decree, a
6    legally enforceable consent decree?
7            MS. NOH:  Upon the court's approval, Your Honor.
8            THE COURT:  Right.  And I'm not going to approve it,
9    not until you folks have a press conference stating what you've
10   done and the fact that I'm going to file an ethical complaint
11   against you and Ms. Park, I will not sign the consent decree.
12           This is outrageous.  It's arrogant.  It's unethical.
13   And it's just flabbergasts me at the outrageous behavior of
14   your office.  I will not sign this consent decree.  You need to
15   retract that press release.  You better tell the Commission
16   that, all right?  I'll give you 10 days to do that.
17           Otherwise, we're putting everything back on for trial.
18           MS. NOH:  Are there any -- may we do it in writing or
19   does Your Honor want a press conference?
20           THE COURT:  A press conference.  That's what you had
21   before this became final.  If you're going to have a press
22   conference without having the consent decree become a legal
23   document, then this is what's going to happen with regard to
24   your office's flagrant behavior.  It doesn't make sense for me
25   to impose some kind of monetary fine or have you fall on your

1    sword with regard to the timing of it.
2            If your office is so blinded and single-minded in
3    wanting to have a press conference before something becomes
4    finalized, then this is the only sanction that I can think of.
5    Is there anything else you'd like to add?
6            MS. NOH:  Well, Your Honor, I did want the court to
7    know that in conducting the press conference, we were very
8    clear about the fact that the decree becomes final once the
9    court approves it and that this is what we had submitted for
10   the court's approval.
11           So if that helps at all, as far as the status of where
12   things were at that point in time when the press conference was
13   held, I wanted -- hopefully, that that helps somewhat in the
14   court's assessment of the nature of the Commission's behavior.
15           Additionally, when the L.A. -- numerous other offices
16   of the EEOC does the same thing.  It's not done to
17   personally -- it's not done for anything other than serving the
18   public interest in bringing to light the types of
19   discrimination that the Commission seeks to fight.  And it's
20   for that public educational purpose that we conduct these press
21   conferences to further the eradication of discrimination.
22           THE COURT:  Well, I think that's all well and fine,
23   but why don't you wait until it's finalized?  It's going to
24   take a week, three days, I mean, you can ask the court's
25   permission or request that it be finalized and signed.

Case 1:11-cv-00257-LEK-RLP   Document 715   Filed 08/20/14   Page 9 of 12     PageID #: 16070

9

```
 1            MS. NOH:  Again, Your Honor, that's something that in
 2   hindsight we definitely should have done.  We should have
 3   inquired with the court further, the timing of everything and
 4   how it happened.  Unfortunately, that's not what happened.  And
 5   I do apologize to the court for this error, but, again, I just
 6   wanted to reiterate the Commission's full and utter respect for
 7   the court as well as it's full intention to pursue the public
 8   interest and not do this for any other reason.
 9            THE COURT:  Well, that's all well and fine, but I
10   think your actions belie your statements.  Clearly, the
11   Commission doesn't care what is going to happen with regard to
12   proceeding in the courts.  They have their own agenda and they
13   have their own kangaroo court, and that's why they have the
14   press conference before the consent decree is approved.
15            And we settle class actions all the time.  And there's
16   lots of times, not often, but lots of times that district
17   judges do not approve class action settlements and the
18   settlements don't go through.  And for that same reason, you
19   folks should wait until the court signs the consent decree.
20            MS. NOH:  Understood, Your Honor.
21            THE COURT:  All right.  Ms. Petrus, is there anything
22   you'd like to add?
23            MS. PETRUS:  Yes, Your Honor.  If I just may, I fully
24   understand the court's concern as well as the court's dilemma
25   in fashioning an appropriate remedy in this instance.  I would
```

1  urge the court though to reconsider not signing the consent
2  decree.
3         I understand why that may be distasteful to the court,
4  but, unfortunately, I think there's injured parties.  And in my
5  particular instance, my client would be injured if the consent
6  decree was not entered and the trial days were put back on
7  calendar.
8         We tentatively settled this case in January of 2013.
9  It's been over a year-and-a-half.  We have tried to work
10 patiently through resolution.  I have a client that's winding
11 down their operations.  They're trying to comply with the law
12 and ultimately comply with this consent decree.  They're
13 actually going to use our office as a means of distributing the
14 monies, although, needless to say, tax reporting and the like
15 there would still need to be done at my client's level.
16        It's really prejudicial to my client to not go
17 forward.  And certainly if the court has concerns with the
18 substance of the decree, we would work to address those.  And
19 fully, again, as I say, I understand the court's concerns here,
20 but I think some, for lack of a better word, innocent parties
21 would be hurt by the remedy that the court has suggested.
22 Thank you.
23        THE COURT:  All right.  Well, if they hold a press
24 conference, then I'll consider signing the consent decree.
25        MS. PETRUS:  Thank you, Your Honor.

1         THE COURT: But they need to, you know, take full
2  responsibility for what they've done.
3         MS. PETRUS: Understood.
4         THE COURT: All right. So I'll give you 10 days to do
5  that. Once I have notice that that's been held and that
6  information has been disclosed, now, whether the press
7  publishes it or not, you have no control, all right. But I
8  expect a press release, and I want evidence of that within 10
9  days.
10        THE CLERK: Your Honor, 10 days would be August 28th.
11        THE COURT: All right. Thank you. Anything further
12 from either of you?
13        MS. PETRUS: No, Your Honor.
14        MS. NOH: No, Your Honor.
15        THE COURT: Then we're in recess.
16   (The proceedings concluded at 10:17 a.m., August 19, 2014.)
17
18
19
20
21
22
23
24
25

```
 1                    COURT REPORTER'S CERTIFICATE

 2

 3          I, CYNTHIA R. OTT, Official Court Reporter, United

 4   States District Court, District of Hawaii, Honolulu, Hawaii, do

 5   hereby certify that pursuant to 28 U.S.C. §753 the foregoing is

 6   a true, complete and correct transcript of the stenographically

 7   reported proceedings had in connection with the above-entitled

 8   matter and that the transcript page format is in conformance

 9   with the regulations of the Judicial Conference of the United

10   States.

11
            DATED at Honolulu, Hawaii, August 20, 2014.
12

13

14                          /s/ CYNTHIA R. OTT
                         CYNTHIA R. OTT, RMR, CRR
15

16

17

18

19

20

21

22

23

24

25
```